UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DAVID L. TOPPIN, )<br>)<br>Defendant. ) | CRIMINAL NO. 11CR40023FDS<br><br>VIOLATIONS:<br>18 U.S.C. § 7201   (Tax Evasion) |

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this Indictment:

1. Defendant DAVID L. TOPPIN ("TOPPIN") resided in Massachusetts.

2. TOPPIN was the president and sole owner of Pelletizer Group, Inc., located in Massachusetts.

3. TOPPIN was the sole owner of an Amway distributorship called Toppin Enterprises, located in Massachusetts.

### Assessment of Income Taxes for 1997-1999

4. TOPPIN did not file federal income tax returns for tax years 1997, 1998, and 1999 when those returns were due by April 15 of 1998, 1999, and 2000 respectively, nor did TOPPIN seek an extension of the filing deadline.

5. As of April 15, 1998, TOPPIN owed federal income taxes for 1997. As of April 15, 1999, TOPPIN owed federal income taxes for 1998. As of April 15, 2000, TOPPIN owed federal income taxes for 1999.

6. On or about December 14, 2006, TOPPIN filed delinquent federal income tax returns reflecting adjusted gross income of $266,332 in 1997, $402,563 in 1998, and $58,806 in 1999. The returns reflected that TOPPIN owed $86,909 in taxes for 1997, $139,208 for 1998, and $1,082 for 1999. TOPPIN has never paid any of this money.

### Evasion of Payment of Taxes for 1997-1999

7. In or about April 1998, TOPPIN received a completed 1997 federal income tax return prepared for TOPPIN and his wife by P.S., a professional tax preparer and Certified Public Accountant. The return represented that in 1997 TOPPIN and his wife earned adjusted gross income of $274,166, and owed federal income taxes of $78,676. On or about May 11, 1998, TOPPIN signed the return and submitted it to a mortgage lender in support of a loan application. TOPPIN never filed the signed return with the Internal Revenue Service ("IRS"). On the mortgage application TOPPIN represented that his net worth was $2,437,639.12.

8. In or about April 1998, TOPPIN asked P.S. to look into offshore trusts, a common device for concealing income and assets from tax authorities. P.S. declined to do so.

9. In or about 2002, TOPPIN caused real estate to be transferred from his name alone to his wife's name alone. Specifically, prior to July 24, 2002, TOPPIN and his wife lived at 483 Phinney's Lane in Centerville, Massachusetts, which TOPPIN owned in his name alone. On or about July 24, 2002, TOPPIN transferred the property to himself and his wife, to hold as tenants by the entirety, for $1.00. That same day, TOPPIN and his wife sold the house for $1,200,000. TOPPIN used some of the proceeds from the sale to pay off his mortgage. On or about August 12, 2002, most of the remaining proceeds from the sale were used to buy TOPPIN's new primary residence, located at 465 Salisbury Street in Holden, Massachusetts, for $540,000. TOPPIN caused the Holden property to be purchased in his wife's name alone.

10. In or about 2002-2003, TOPPIN closed, or caused to be closed, checking accounts held jointly by TOPPIN and his wife, and opened, or caused to be opened, new checking accounts held in his wife's name alone, which TOPPIN then used for some or all of the same purposes for which the joint accounts had been used.

11. Specifically, in 2002 and 2003, TOPPIN closed, or caused to be closed, four checking accounts that TOPPIN and his wife held jointly at Rockland Trust. Also in 2002 and 2003, TOPPIN opened, or caused to be opened, four checking accounts at Clinton Savings Bank, which were then used, between 2002 and 2009, for many of the same purposes for which the Rockland Trust accounts had been used. Only one of the Clinton Savings Bank accounts was held jointly by TOPPIN and his wife; the other three were opened in TOPPIN's wife's name only.

12. In 2002-2009 the balance in the only joint account held by TOPPIN and his wife at Clinton Savings Bank never exceeded $12,653.44. However, the balance in one of the Clinton Savings Bank accounts held in TOPPIN's wife's name alone was as high as $266,699.12.

13. On many occasions between on or about November 18, 2002 and on or about December 31, 2007, TOPPIN signed checks from the three Clinton Savings Bank accounts held in his wife's name alone, for a variety of household and personal expenses as well as expenses related to Toppin Enterprises.

14. On many occasions between on or about October 31, 2002 and on or about December 31, 2007, TOPPIN endorsed checks that he received, payable to himself, and deposited those checks into Clinton Savings Bank accounts held in his wife's name alone. These included a CompassBank check for $100,000 made payable to TOPPIN only, which TOPPIN endorsed over to his wife and deposited on or about October 30, 2002.

15. On or about December 20, 2004, TOPPIN made false and/or misleading statements to the IRS about the extent of his assets and income, when he signed a Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals) under penalty of perjury and filed it with the IRS. For example, on the form TOPPIN represented that he did not operate a business, when in fact he operated both Pelletizer Group, Inc. and Toppin Enterprises. He also represented that his monthly income was only $4,666. In actuality, in 2004 TOPPIN earned net monthly profit of $6,822 from Pelletizer Group, Inc. and net monthly profit of $377 from Toppin Enterprises, for a monthly total of $7,199.

16. On various dates between 2002 and 2007, TOPPIN paid other creditors, including for vacations and credit card bills, but did not pay the IRS.

## COUNT ONE
### (Tax Evasion – 26 U.S.C. § 7201)

17. The Grand Jury realleges and incorporates by reference paragraphs 1-16 of this Indictment and further charges that:

18. Beginning in or about April 1998 and continuing until on or about December 31, 2007, at Holden in the District of Massachusetts and elsewhere,

**DAVID L. TOPPIN,**

defendant herein, did willfully attempt to evade and defeat the payment of a substantial amount of income tax due and owing by him to the United States of America for each of calendar years 1997, 1998, and 1999 by failing to make an income tax return on or before April 15 of each following year, as required by law, to any proper officer of the Internal Revenue Service; by failing to pay to the Internal Revenue Service the income taxes owed for those years; by concealing and attempting to conceal from all proper officers of the Internal Revenue Service his true and correct assets and income; and by making false and misleading statements to officers of the Internal Revenue Service about his assets and income.

All in violation of Title 26, United States Code, Section 7201.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
CHRISTINE J. WICHERS
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS, June _/_, 2011

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK