UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____  )
                                 )
UNITED STATES OF AMERICA         )
                                 )      Criminal No. 11-40023-FDS
      v.                         )
                                 )
DAVID L. TOPPIN,                 )
                                 )
      Defendant.                 )
_____  )

**GOVERNMENT'S OPPOSITION/RESPONSE TO
DOCKET NOS. 6 THROUGH 12, AND 22**

The United States hereby responds to the following docket entries filed by the defendant,

David Toppin:  Nos. 6, 7, 8, 9, 10, 11, 12, and 22.

**BACKGROUND**

Toppin was indicted on June 1, 2011 on one count of tax evasion in violation of 26

U.S.C. § 7201.  The grand jury found probable cause that Toppin willfully attempted to evade

and defeat the payment of federal income taxes for 1997-1999 by failing to file timely returns; by

failing to pay federal income taxes due for those years; by concealing and trying to conceal his

true and correct assets and income from the IRS; and by making false and misleading statements

to the IRS about his assets and income.  See Doc. No. 1 at 5.  Toppin is currently representing

himself.

Toppin was arraigned on July 13, 2011.  Because Toppin refused to enter a plea,

Magistrate Judge Hillman entered a plea of not guilty on his behalf, as required by Fed. R. Crim.

P. 11(a)(4).

In four separate FedEx packages sent to Toppin's home address (465 Salisbury Street, Holden, MA 01520), the U.S. Attorney's Office in Boston produced nine disks containing fact discovery materials. Toppin refused to accept any of the packages, which were returned to the U.S. Attorney's Office. (Toppin has similarly refused to accept any U.S. mail sent to his home by the U.S. Attorney's Office – or this Court. See Doc. No. 9 at 49-50.) During a status conference where this issue was discussed, Magistrate Judge Hillman ordered the government to send the disks to the federal courthouse in Worcester. The government complied, sending all nine disks, plus the four cover letters enclosed with them, in a single envelope addressed to Magistrate Judge Hillman's courtroom clerk. At the last status conference, held on October 11, 2011, Magistrate Judge Hillman told Toppin that the Court had possession of the envelope containing the government's discovery and asked Toppin whether he wished to pick up the envelope. He declined.

The next status conference in scheduled to take place before this Court on October 21, 2011.

## ARGUMENT

The substance of Toppin's filings at Docket Entry Nos. 6-12 and 22 is described below. These filings are replete with classic tax defier nonsense and absurd arguments. In fact, to discuss and respond in detail to such frivolous arguments is "usually *not* expedient." Wnuck v. Comm'r of Internal Revenue, 136 T.C. No. 24, 2011 WL 2135394, at *1 (U.S. Tax Court May 31, 2011) .

Nevertheless, where possible, the government has attempted to determine whether Toppin has raised any discernable legal objection and has responded thereto. For the reasons

stated below, all of Toppin's filings should be denied to the extent they constitute motions, and the non-motions should be stricken.

> **Doc. No. 6:  Motion to Avoid Mistrial for Upcoming Trial by Treason; - Lack of Standing and Constructive Subject Matter Jurisdiction; - Twenty Fourth Amendment Denies Grounds for Charges – to Be Imposed Upon the Alleged Defendant, David Lynwood Toppin**

In this motion, Toppin argues that there is an absence of jurisdiction, venue, and standing. Doc. No. 6 at 2.  In support of this position, he claims that:  (a) Congress committed treason when it enacted the Internal Revenue Code in 1954; (b) the United States District Court for the District of Massachusetts, and all other federal district courts, lack jurisdiction over all criminal (and civil) cases because the framers of the Constitution intended every trial to be overseen by a jury alone, without a judge in the courtroom; and (c) the Twenty-Fourth Amendment[1] to the "proposed" Constitution "Denies the Grounds for the Charges made against" Toppin.  Id. at 5-8, 11-13, 14-15.

This motion is patently absurd.  None of these arguments raises even a colorable basis to challenge jurisdiction, venue, or standing.  This Court has "original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."  18 U.S.C. § 3231; see also United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008) (a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law); United States v. Root, 585 F.3d 145, 156 (3d Cir. 2009) (venue for a tax evasion prosecution lies in the federal judicial district where the offense was begun, continued, or completed).

---

[1] "The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax.  The Congress shall have power to enforce this article by appropriate legislation."

**Doc. No. 7:  Motion to Obey the Constitution for the United States Above All Other Laws Applicable Thereto**

It is unclear exactly what Toppin is arguing in this motion and supporting affidavit.  An expansive reading of the pleading indicates that he may be arguing that the Court lacks personal jurisdiction over him because he does not live within the District of Massachusetts (or any other U.S. judicial district.)

This so-called "sovereign citizen" argument has been consistently rejected by the courts. See United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases.  They are no longer merely frivolous; they are frivolous squared."); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts"); United States v. Gerads, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposing $1,500 sanction for frivolous appeal that included the argument that defendants were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); United States v. Silevan, 985 F.2d 962, 970 (8th Cir. 1993) (rejecting as "plainly frivolous" defendant's argument that he was not a "federal citizen"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting as "imaginative" argument that defendant could not be punished under the tax laws of the United States because he was a citizen of the "Republic" of Idaho, claiming "asylum" in the "Republic" of Colorado); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting as frivolous argument that court lacked personal jurisdiction over defendant who claimed "non-citizen," "non-resident," "freeman" status); United States v. Sloan,

939 F.2d 499, 500-01 (7th Cir. 1991) (rejecting "strange argument" that defendant was not subject to jurisdiction of the laws of the United States because he was "a freeborn, natural individual, a citizen of the State of Indiana, and a 'master' – not 'servant' – of his government"); United States v. Price, 798 F.2d 111, 113 (5th Cir. 1986) (holding that citizens of Texas are subject to the provisions of the Internal Revenue Code).

> **Doc. No. 8:  Introduction of Exculpatory Evidence on Behalf of the Accused and Inculpatory Evidence Discovered Against the Accuser, with Right to Further Introduce Illustrating Connecting Magnetic Data (DVDs) to Explain Significant Prevailing Content, Revealing Frauds by Alleged Plaintiff**

In this filing Toppin asserts that (a) he "no longer [has] a Constitutional Right to the Assistance of Counsel of her [sic] own choosing, but of Force of Counsel instead, in Violation of the Sixth Amendment of the Constitution," Doc. No. 8 at 2; (b) his arraignment was unlawful and "moot" because an arraignment "does not exist as either a constitutional right or mandate," Doc. No. 8-1 at 2, 24, 27; (c) a plea of guilty is a "confession" of fact, not law, and only an impartial jury, not a judge, may "investigate" a confession of fact, id. at 5-6, 8; and (d) the Court violated his Fifth Amendment rights by entering a guilty plea on his behalf, id. at 9.  This motion should be denied for the reasons set forth below.

(a)  *No right to counsel of choice.*  Although a defendant's right to counsel or to self-representation is well established, it is equally well established that certain qualifications on these rights are constitutionally permissible – specifically, a defendant's right to be represented by a particular lawyer.  See Wheat v. United States, 486 U.S. 153, 159 n.3 (1988); United States v. Goad, 44 F.3d 580, 590 (7th Cir. 1995); Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993); Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985).

(b)     *Toppin's arraignment was lawful.*  He asserts no authority for his challenge to a court's "standing" to oversee an arraignment.  The argument that arraignments must be overseen by a jury is completely without basis or merit.

(c)     *The not guilty plea entered on Toppin's behalf was properly entered by Magistrate Judge Hillman after Toppin refused to plead one way or the other.*  Toppin concedes that Federal Rule of Criminal Procedure 11(a)(4) requires a court to enter a plea of not guilty if the defendant refuses to enter a plea.  Doc. 8-1 at 12-13.  Although Toppin maintains that Rule 11(a)(4) was promulgated pursuant to a "wicked scheme," id. at 14-15, it is undisputed that the Federal Rules of Criminal Procedure are promulgated by the U.S. Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. §§ 2072-2074.  See United States v. Walsh, 75 F.3d 1, 6 n.1 (1st Cir. 1996).  Toppin has offered no argument, much less any evidence, to support a theory that the Supreme Court violated the Rules Enabling Act when it promulgated Rule 11(a)(4).

(d)     *The Court did not enter a guilty plea on Toppin's behalf.*  This argument is frivolous, as Magistrate Judge Hillman entered a plea of not guilty after Toppin refused to enter any plea.

### Doc. No. 9:  Notice of Writ of Ponendis in Assisis to Suffolk County Sheriff, and Instructions to Said County Sheriff, Having All Lawful Authority Over All Unlawful Acts Committed Within Said County (County Sheriff to Voir Dire Impartial Jury)

In this document, Toppin again insists that the Court does not have jurisdiction to hear his case.  As noted above, this Court has "original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

Toppin's assertion that he is "a devout Christian follower of a devout Christian minister," and that, therefore, atheists, Buddhists, Muslims, Sufis, Catholics, members of the Greek Orthodox Church, and "persons believing that the teachings of all Christian faiths are

6

wrong" must be excluded from the jury hearing this case, Doc. 9 at 7-9, is premature at best.

Likewise, Toppin's specific demands about jury instructions, id. at 13-17, are premature.

> **Doc. No. 10:  Notification for Clause 14 Denial of Government's Rules to Private Person Due to Fundamental Right of Ignorance, Said Right Extended to Any Attorney, Whether or Not at Bar, If Providing or Proposing to Provide "Assistance – (Not *Force*) – of Counsel"**

In this document, Toppin argues that the Federal Rules of Criminal Procedure were

promulgated unlawfully because only Congress, not the Supreme Court, may promulgate court

rules.  Doc. No. 10 at 2-6.  As noted above, the Federal Rules of Criminal Procedure are lawfully

promulgated by the U.S. Supreme Court pursuant to the Rules Enabling Act.  The same is true of

the Federal Rules of Evidence.  See Willy v. Coastal Corp., 503 U.S. 131, 134 (1992).

Toppin also argues that he has the right to remain ignorant of the Federal Rules of

Criminal Procedure, and that the Rules would bind him only if he were represented by a licensed

attorney.  Id. at 16-21.  This is incorrect.  While Toppin has the right to represent himself in this

criminal action, see United States v. Gomez-Rosario, 418 F.3d 90, 95 (1st Cir. 2005), as a *pro se*

litigant he must still comply with the Federal Rules of Criminal Procedure, the Federal Rules of

Evidence, and basic rules of courtroom protocol and procedure.  Id. at 101; United States v.

Bisong, 645 F.3d 384, 394-95 (D.C. Cir. 2011).

Finally, Toppin contends that no attorney who is a member of a bar association has

"Lawful and Legal Standing" in any federal courtroom.  Doc. No. 10 at 21-26.  This argument is

frivolous and should be summarily rejected.

> **Doc. No.  11:  Demand for Trial by Impartial Jury & Stay of Proceedings Pending Challenge for Lack of Standing in Conjunction with Lack of Constructive Subject Matter Jurisdiction**

In this document, Toppin correctly notes that he has a right to trial by an impartial jury,

but incorrectly argues that no judge may be in the courtroom during the trial unless invited by the

jury.  Doc. No. 11 at 16, 18.  Toppin argues that a judge lacks "standing" to oversee his trial.  Id. at 55.  This argument is without any merit and should be summarily rejected.

**Doc. No. 12.   Submission of Impartial Jury Instructions to the Honorable Sheriff of Suffolk County, and to the Clerk of the [Alleged] District Court for the [Alleged] District of Massachusetts as Shown Above**

In this filing, Toppin submits proposed jury instructions.  This filing is premature and should be stricken without prejudice to Toppin's right to refile it at the appropriate time, as provided in Fed. R. Crim. P. 30(a).

**Doc. No 22:   Clarification of U.S. Attorneys' Lack of Jurisdiction Against Demandant Toppin's Actual Legal Location; a U.S. Constitution's Amendment's First Impression Rights Challenge Issued as Per This Case**

In this filing, Toppin has photographed a leaf on the front stoop of his house in Holden, Massachusetts, and declared that, if, within five business days, this Court does not issue an order requiring the removal of the leaf, then, "by official tacit affirmation," the Court will have acknowledged that the leaf does not lie in a U.S. judicial district and, hence, this Court lacks jurisdiction over this criminal action.  Doc. No. 22 at 2, 8-9.  This argument is beyond bizarre and frivolous and should be summarily rejected.

Toppin also argues that all court rules – presumably including the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the District of Massachusetts Local Rules – violate the Fifth Amendment because that amendment does not contain the word "rules." Therefore, he maintains, all such rules are invalid.  Id. at 3-8.  Toppin asserts no legal authority for this absurd argument.  The motion should be summarily denied.

**CONCLUSION**

With regard to Doc. Nos. 6-12 and 22, any filing which can be interpreted as a request for relief should be denied and the other filings stricken.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:      */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
SANDRA S. BOWER
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
christine.wichers@usdoj.gov
sandra.bower@usdoj.gov

Dated:  October 17, 2011

**Certificate of Service**

Because the defendant refuses to accept U.S. mail or FedEx packages sent by the United States Attorney's Office to his home address (465 Salisbury Street, Holden, MA 01520), this document will be served on the defendant by email (dave@pelletizer.com), on October 17, 2011.

*/s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney