FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS** *2012 JAN -4  P 1: 15*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | U.S. DISTRICT COURT<br>DISTRICT OF MASS. |
|  | ) |  |
| Plaintiff | ) | CRIMINAL NO. |
|  | ) | 4:11-CR-40023-FDS |
| v. | ) |  |
|  | ) | RE: ALLEGED VIOLATIONS OF |
| David L. Toppin, | ) | 26 U.S.C. § 7201    (Tax Evasion) |
|  | ) | Verified Motion to Dismiss |
| Accused/Demandant/Affiant | ) |  |
|  | ) |  |

## VERIFIED MOTION TO DISMISS
## INTRODUCTION

COMES NOW, David L. Toppin (hereinafter "Accused"), one of the people of
Massachusetts, in this court of record [1], appearing specially and not generally, and states that
David L Toppin accepts the oath of office of all judge(s) and officers of the court pursuant to
Article VI, Section 3 of the United States Constitution, which states in the relevant part that all
"... judicial Officers, ... shall be bound by Oath or Affirmation, to support this Constitution."
The Accused submits an attached Memorandum of Law and Judicial Notice in support of his
Motion to Dismiss.

## POINT I
## LACK OF SUBJECT-MATTER JURISDICTION

Accused, as the moving party, bears the burden of identifying those portions of the
pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which he

---

[1] Title 28, Part 1, Chapter 5, § 132 (a).

believes demonstrate the absence of a genuine issue of material fact.[2] Subject-matter jurisdiction

in this proceeding fails for the following reason:

Jurisdiction to prosecute is presumed by Plaintiff under 18 U.S.C. § 3231. A review of

the jurisdictional authority claimed by § 3231 will show that no such authority to prosecute

exists under § 3231 in the instant case. Section 3231 reads in its current entirety as follows:

18 USC Sec. 3231

TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART II - CRIMINAL PROCEDURE
CHAPTER 211 - JURISDICTION AND VENUE
Sec. 3231. District courts

-STATUTE-

The district courts of the United States shall have original jurisdiction, exclusive of the courts of
the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the
several States under the laws thereof.

-SOURCE-

(June 25, 1948, ch. 645, 62 Stat. 826.)

HISTORICAL AND REVISION NOTES

Based on section 588d of title 12, U.S.C., 1940 ed., Banks and Banking; title 18, U.S.C., 1940
ed., Secs. 546, 547 (Mar. 4, 1909, ch. 321, Secs. 326, 340, 35 Stat. 1151, 1153; Mar. 3, 1911,
ch. 231, Sec. 291, 36 Stat. 1167; May 18, 1934, ch. 304, Sec. 4, 48 Stat. 783).

This section was formed by combining sections 546 and 547 of title 18, U.S.C., 1940 ed., with
section 588d of title 12, U.S.C., Banks and Banking, with no change of substance.

The language of said section 588d of title 12, U.S.C., 1940 ed., which related to bank robbery,
or killing or kidnapping as an incident thereto (see section 2113, of this title), and which read
"Jurisdiction over any offense defined by sections 588b and 588c of this title shall not be
reserved exclusively to courts of the United States" was omitted as adequately covered by this
section.

SENATE REVISION AMENDMENT

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d
1256, 1259-60 (11th Cir. 2004).

The text of this section was changed by Senate amendment. See Senate Report No. 1620, amendment No. 10, 80th Cong.

The historical notes of 18 U.S.C. § 3231 show that this statute originated from the 1940 U.S. Code under 18 U.S.C. §§ 546 & 547. Sections 546 & 547 of the 1940 Code read in their entirety as follows:

### § 546. (Criminal Code, section 340.) Jurisdiction of district courts.

The crimes and offenses defined in this title shall be cognizable in the district courts of the United States, as prescribed in section 41 of Title 28. (Mar. 4, 1909, ch. 321, § 340, 345 Stat. 1153; Mar. 3, 1911, ch. 231, § 291, 36 Stat. 1167.)

REFERENCE IN TEXT

The words, "this title," as used in this section refer to the Criminal Code, act Mar. 4, 1909, ch. 321, 35 Stat. 1088. The sections of said act embodied in this code are indicated by parenthetical references in the section catchlines. For full distribution of said act, see tables.

CROSS REFERENCE

United States commissioners, jurisdiction to try petty offenses, see section 576 of this title.

**************************

### § 547. (Criminal Code, section 326.) Jurisdiction of State courts.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof. (Mar. 4, 1909, ch. 321, § 326, 35 Stat. 1151.

DERIVATION

R. S. § 5328, which was revised from act Mar. 3, 1825, ch. 65, 4 Stat. 122, and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

REFERENCE IN TEXT

The words, "this title" as used in this section refer to the Criminal Code, act Mar. 4, 1909, ch. 321, 35 Stat. 1088. The sections of said act embodied in this code are indicated by parenthetical references in the section catchlines. For full distribution of said act, see tables.

The phrase "this title" as found in 18 U.S.C. § 546 & 547 are based on the Act of Mar. 4, 1909 commencing at 35 Stat. 1088, with both sections referring to chapter 321, which commences at 35 Stat. 1151. The violations listed within chapter 321 are regarded as criminal

offenses within the GENERAL AND SPECIAL PROVISIONS *under Title 18 only*. Section 340
of chapter 321 reads in its entirety as follows:

**Sec. 340**. The crimes and offenses *defined in this Title* shall be cognizable in the circuit
and district courts of the United States, as prescribed in sections five hundred and sixty-three
and six hundred and twenty-nine of the Revised States. (emphasis added)

Plaintiff implies to the Court that jurisdiction to prosecute this cause of action exists under
18 U.S.C. § 3231. The Title 18 criminal violations listed "in this title" are only those listed
within the Act(s) of Congress and, consequently, can only be prosecuted if one is charged with a
crime under Title 18. The charges listed in the indictment claim a criminal violation under 26
U.S.C. § 7201, under which Plaintiff has shown no jurisdictional authority to prosecute.
Plaintiff's alleged authority to prosecute is under Title 18, which in the present instance is
inapplicable.

There are no "Income Tax Violations" defined in the Criminal Code (Title 18), therefore
it is obvious that the grant of criminal jurisdiction does not include "income tax violations." See
*U.S. v. Hudson*, 11 U.S. 32, 34 (7 Cranch. 32) (1812) [3], which states in the relevant part:

"The legislative authority of the Union must first make an act a crime, affix a punishment to it,
and declare the court that shall have jurisdiction of the offense."

Plaintiff has submitted no facts or evidence in the record to support the establishment of
subject matter jurisdiction for this action, therefore the indictment against the Accused must be
dismissed.

## POINT II
## LACK OF *IN PERSONAM* JURISDICTION

---

[3] *U.S. v. Hudson* has been cited for almost two centuries in other cases: *Ex Parte Grossman*, 267 U.S. 87
(1925), *U.S. v. Hairston*, 437 F. Supp. 33 (1977), *U.S. v. Williams*, 691 F. Supp. 36 (1988), and *U.S. v. Gabrion*, 517 F.3d 839 (2008).

Congress provides a statutory definition to supersede, not enlarge, the common or

ordinary dictionary definition of a word, which apply to all legal points referenced within this

motion, to wit:

"When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning. *Stenberg v. Carhart*, 530 U.S. 914, 942, 120 S.Ct. 2597, 2615 (2000).

"It is axiomatic that the statutory definition of the term excludes unstated meanings of that term" *Meese v. Keene*, 481 U. S. 465, 484-485 (1987).

"As a rule, `a definition which declares what a term "means" ... excludes any meaning that is not stated' " *Colautti v. Franklin*, 439 U. S. at 392-393, n. 10.

"Of course, statutory definitions of terms used therein prevail over colloquial meanings." *Western Union Telegraph Co. v. Lenroot*, 323 U. S. 490, 502 (1945).

"[A] definition by the average man or even by the ordinary dictionary with its studied enumeration of subtle shades of meaning is not a substitute for the definition set before us by the lawmakers with instructions to apply it to the exclusion of all others."); see also 2A N. Singer, Sutherland on Statutes and Statutory Construction §47.07, p. 152, and n. 10 (5th ed. 1992) (collecting cases)." *Fox v. Standard Oil Co. of N. J.*, 294 U. S. 87, 95-96, 55 S.Ct. 333, 336 (1935).

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U. S. 469, 475 (1992).

"Administrative interpretation of a statute contrary to the statute's plain language is not entitled to deference" *Demarest v. Manspeaker*, 498 U. S. 184, 190 (1991).

"The starting point for our interpretation of a statute is always its language." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739, 109 S. Ct. 2166, 2172 (1989).

"The preeminent canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says there." *BedRoc Limited, LLC v. United States*, 541 U.S. 176, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004).

"courts must presume that a legislature says in a statute what it means and means in a statute what it says there. *See, e.g., United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241-242 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102-103 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last: "judicial inquiry is complete." *Rubin v. United States*, 449 U.S. 424, 430 (1981); *see also Ron Pair Enterprises, supra*, at 241." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992).

Justice BRADLEY in Boyd v. U.S., 116 U.S. 616, 635, said: "Illegitimate and unconstitutional practices get their first footing . . . by silent approaches and slight deviations from legal modes of procedure ... It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon. Their motto should be *obsta principiis*" [resist the beginnings]. [cited in KURTZ v. PITTSBURGH ET AL., 346 Pa. 362 (1943).

The Accused is charged with one count of Tax Evasion under 26 U.S.C. § 7201, which states in the relevant part:

**TITLE 26 - INTERNAL REVENUE CODE**
**Subtitle F - Procedure and Administration**
**CHAPTER 75 - CRIMES, OTHER OFFENSES, AND FORFEITURES**
**Subchapter A - Crimes**
**PART I - GENERAL PROVISIONS**

Sec. 7201. Attempt to evade or defeat tax

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

The grand jury indicted the Accused on one count for an "Attempt to evade or defeat tax." This statute, 26 U.S.C. § 7201, states that "Any *person* who willfully ... " It is important to locate the definition of "person" to see if this statute applies to the Accused. If the Accused does not fit the definition of "person," then the indictment must be dismissed. "Person" is defined in 26 U.S.C. § 7343 and states in the relevant part:

"The term 'person' as used in this chapter [CHAPTER 75 - CRIMES, OTHER OFFENSES, AND FORFEITURES] includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

The term "person" is also used in 26 U.S.C. § 6671(b).[4] The definition is identical to that

in 26 U.S.C. § 7343. 26 U.S.C. § 6671(b) applies to civil cases while 26 U.S.C. § 7343 applies to

criminal cases.

> 26 U.S.C. § 6671(b) is discussed by the District Court for the Southern District of New York in
> the case of *United States v. Burger*, 717 F.Supp. 245 (S.D. N.Y. 1989). That Court said, "The
> term 'person', as used in this subchapter, includes an officer or employee of a corporation ...
> who as such officer [or] employee ... is under a duty to perform the act in respect of which the
> violation occurs."

> "Duty" under § 6671(b) has a much more focused meaning than the generalized duty of all
> taxpayers to pay taxes and is expressly limited to the duty that attaches to the position an
> employee holds within the corporation."

Since the language in the two statutes is identical, it is obvious that Congress intended the

term "person" in both statutes to have the same meaning. Had Congress intended the term

"person" to mean something else, Congress would have used different language. It is abundantly

clear, from a reading of the case [*United States v. Burger*] and a simple reading of 26 U.S.C. §

7343, that a "person" is someone who has a duty to perform in connection with an organized

enterprise.

> "When the plain wording of the statute is clear, that is the end of the matter." (citing BedRoc,
> Ltd. v. United States, 541 U.S. 176, 183, Page 7 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004));
> Manning v. United States, 546 F.3d 430, 433 (7th Cir. 2008) ("Courts must apply a statute as
> written when the language is plain and unambiguous.") (citing Dodd v. United States, 545 U.S.
> 353, 359, 125). From *Gonzalez v. U.S.,* (N.D.Ill. 10-4-2011), Case No. 11-cv-4390, October 4,
> 2011.

United States Supreme Court and Circuit Court precedents regarding the definition of

"person" in 26 U.S.C. § 6671(b) state as follows:

> " ... "person" was necessary to insure that the penalty provided by that section would be read as
> applicable only to failure to pay taxes which require collection, that is, third-party taxes, and not
> failure to pay "any tax imposed by this title," SLODOV v. UNITED STATES, 436 U.S. 238
> (1978)

---

[4] See also: *Slodov v. United States*, 98 S.Ct. 1778, 436 U.S. 238 (1978), *Jean v. United States*, 396 F.3d
449 (2005).

To act willfully under § 6672, one "must have some knowledge of failure or risk of failure to remit the employment taxes." Cooper, 60 F.3d at 1532; see Lubetzky, 393 F.3d at 80; Stuart, 337 F.3d at 36. [cited in JEAN v. U.S., 396 F.3d 449 (1st Cir. 2005)]

Further, Title 26 U.S.C. § 7201 applies solely to statutory penalties imposed for non-compliance with 26 U.S.C. §§ 5684, 6420, 6421 & 6427. These statutes state in the relevant parts:

Subtitle E - Alcohol, Tobacco, and Certain Other Excise Taxes
CHAPTER 51 - DISTILLED SPIRITS, WINES, AND BEER
Sec. 5684. **Penalties relating to the payment and collection of liquor taxes**
(c) Cross references
(5) For penalty for attempt to evade or defeat any tax imposed by this title, see section 7201.

Subtitle F - Procedure and Administration
CHAPTER 65 - ABATEMENTS, CREDITS, AND REFUNDS
Sec. 6420. **Gasoline used on farms**
(i) Cross references
(3) For fraud penalties, etc., see chapter 75 (section 7201 and following, relating to crimes, other offenses, and forfeitures).

Sec. 6421. **Gasoline used for certain nonhighway purposes, used by local transit systems, or sold for certain exempt purposes**
CHAPTER 65 - ABATEMENTS, CREDITS, AND REFUNDS
(j) Cross references
(2) For fraud penalties, etc., see chapter 75 (section 7201 and following, relating to crimes, other offenses, and forfeitures).

Sec. 6427. **Fuels not used for taxable purposes**
CHAPTER 65 - ABATEMENTS, CREDITS, AND REFUNDS
(p) Cross references
(2) For fraud penalties, etc., see chapter 75 (section 7201 and following, relating to crimes, other offenses, and forfeitures).

The Accused was not charged with violations of 26 U.S.C. §§ 5684, 6420, 6421 & 6427, nor does Accused deal in the payment and collection of alcohol, tobacco, and certain other excise taxes, or in abatements, credits and refunds concerning gasoline used on farms, gasoline used for certain nonhighway purposes, gasoline used by local transit systems, gasoline sold for certain exempt purposes, or in fuels not used for taxable purposes. It is therefore abundantly clear that the Accused is not liable for any of the aforementioned taxes. The penalty for non-compliance with 26 U.S.C. §§ 5684, 6420, 6421 & 6427 is imposed by 26 U.S.C. § 7201.

Nowhere in the indictment has the Plaintiff alleged any facts that the Accused is an individual with a duty to perform in connection with any organized enterprise for which these alleged penalties may apply. Since the Accused is not ***the*** appropriately designated "person" within the definition of the term, and is therefore not the "person" ***upon whom the tax is imposed***, 26 U.S.C. § 7201 does not apply against the Accused.

Plaintiff has submitted no facts or evidence in the record to support the establishment of *in personam* jurisdiction over the Accused. Further, Plaintiff has submitted no facts or evidence in the record to support the allegation that 26 USC § 7201 specifically applies to the Accused. For these reasons, the Accused moves this Court to dismiss the indictment.

## POINT III
## NO KNOWN LEGAL DUTY

The accepted definition of "legal duty" from Wharton has been followed for decades by the courts in their decisions, to wit:

A **legal duty** is that which the **law requires to be done** or forborne **to a determinate** person, or to the public at large, and is **correlative** to a **right vested** in such **determinate** person, or the public at large" Wharton on Neg. § 24. *[Emphasis added]*

See also *Pennsylvania Co. v. Frana*, 13 Ill.App. 91, 97 (App. Ct. Ill 1883); *Randlette v. Judkins*, 52 Am.Rep. 747, 748 (Sup. Ct. Maine 1885); *Emry v. Roanoke Nav. & Water Pwr. Co.*, 16 S.E. 18, 18 (Sup. Ct. N.C. 1892); *Goodlander Mill Co. V. Standard Oil Co.*, 63 F. 400 (7th Cir. 1894); *Western Maryland R.Co. v. Kehoe*, 35 A. 90, 94 (Ct of App. Maryland 1896); *Smith v. Clarke Hardware Co.*, 28 S.E. 73, 74 (Sup. Ct Georgia 1897); *Cleveland, C., & St. L. Ry. Co. v. Ballentine*, 84 F. 935, 937 (7th Cir. 1898); *Standard Oil Co. v. Murray*, 119 F. 572, 575 (7th Cir. 1902); *Kershaw Motor Co. v. Southern Ry. Co.*, 134 S.E. 377, 379 (Sup. Ct. S.C. 1926); *Toadvine v. Cincinnati, N.O. & T.P. Ry. Co.*, 20 F.Supp. 226, 227 (D.C. E.D. Kentucky 1937); *Dabbs. V. Tennessee Valley Authority*, 250 S.W.2d 67, 69-70 (Sup. Ct. Tenn. 1952); *People v. McGreal*, 278 N.E.2d 504, 510 (App. Ct. Ill. 1972); *Thompson v. Occidental Life Ins. Co. of California*, 567 P.2d 62, 69-70 (Ct. of App. N.M. 1977); *Posteher v. Pana Community Unit Schood Dist. No. 8*, 421 N.E.2d 1049, 1052 (App. Ct. Ill. 1981); *AFG Industries, Inc. v. Holston Elec. Co-op*, 556 F.Supp 33, 34 (D.C. E.D. Tenn. 1982); *Green v. Investors Home Mortg. Corp.*, 13 Va. Cir. 181, 185 (Cir. Ct. Virginia 1988); *State v. Scott*, 781 S.W.2d 64, 67 (Sup. Ct. Missouri 1990); *Dooley v. Everett*, 805 S.W.2d 380, 384 (Ct. of App. Tenn. 1991); *Odette's, Inc. v. Com., Dept. of Conservation and Natural Resources, Bureau of State Parks*, 699 A.2d 775, 780 (Comm. Ct. Penn. 1997).

***Correlative*** – "Having a mutual or reciprocal relation, in such sense that the existence of one necessarily implies the existence of the other. *Father* and *son* are correlative terms, as are *claim* and *duty*." Blacks Law Dictionary, 6th Ed., p. 334 (1991).

***Determinate*** – "That which is ***ascertained***; what is particularly designated. Blacks Law Dictionary, 6th Ed., p. 450 (1991).

***Ascertain*** – To fix; to render certain or definite; to estimate and determine; to clear of doubt or obscurity. To insure as a certainty. To find out by investigation. *U.S. Carver*, 260 U.S. 482, 489 (1923). Sometimes it means to "assess"' or to "hear, try and determine." Blacks Law Dictionary, 6th Ed., p. 114 (1991).

As held in *Emry v. Roanoke Nav. & Water Pwr. Co.*, 16 S.E. 18, 18 (Sup. Ct. N.C. 1892), to wit:

> "The duty itself arises out of various relationships of life, and varies in obligation under different circumstances. In one case the duty is high and imperative; in another it is of imperfect obligation. Thus it may be dependent on a mere license to enter upon land, or the bare obligation to avoid inflicting a willful injury upon a trespasser; while, upon the other hand, it may be a duty to care for the safety of a specially invited guest or of a passenger for hire." 16 Amer. & Eng. Enc. Law. 412, and the numerous cases cited.

As pronounced in *Western Maryland R. Co. v. Kehoe*, 35 A. 90, 94 (Ct of App. Maryland 1896), to wit:

> This breach can consist either in the failure to do that which ought to be done, or in doing that which ought not be done. Heaven v. Pender, 11 Q. B. Div. 506. But the duty on the one side is only the correlative of the right on the other side, and hence the duty to act or to refrain from acting cannot be extended beyond the right to have the act done or refrained from. Beyond the limits or scope, therefore, of a particular right, as that right is defined, there is no corresponding legal duty due; and, ***if there be no duty due, there can be no breach***, and consequently no negligence. Kahl v. Love, 37 N. J. Law, 5.

As pronounced in *Thompson v. Occidental Life Ins. Co. of California*, 567 P.2d 62, 69-70 (Ct. of App. N.M. 1977), to wit:

> A "legal duty" is defined in 28 C.J.S. "Duty" at 597 (1941) as follows:

*628 **70 The **term implies the existence of some relation of duty, public or private, special or general, either by contract or as an implication of public policy; and has been** defined as an **obligation arising from contract of the parties** or the <u>operation of law</u>; that which the law requires to be done or forborne to a determinate person or to the public at large, and is correlative to a right vested in such determinate person or in the public.

**It has also been said that a legal duty implies the existence of some legal relation**. Early v. Houser & Houser, 28 Ga.App. 24, 109 S.E. 914 (1921). At p. 628. *[Emphasis added]*

*"Operation of law"* – This term expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, with the act or co-operation of the party himself. Blacks Law Dictionary, 6th Ed., p. 1092 (1991).

*"Rule of law"* – A legal principle, of general application, sanctioned by the recognition of authorities, and usually expressed in the form of a maxim or logical proposition. Called a "rule," because in doubtful or unforeseen cases it is a guide or norm for their decision. The rule of law, sometimes called "the supremacy of law", provides that decisions should be made by the application of known principles or laws without the intervention of discretion in their application. Blacks Law Dictionary, 6th Ed., p. 1332 (1991).

### Legal Duty is a Question of Law

"The existence of a known legal duty owed by a taxpayer is a question of law for the court," and this was held in *U.S. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*, 212 F.3d 86 ( 2nd Cir. 2000). See also *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983).

It would be very confusing to the jury to have opposing opinions of the law admitted into evidence involving a factual question for them to decide and if the tax law is uncertain, the Indictment should be dismissed. This is a question of law for the Court. This is the pronouncement in the adjudged case of *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983), to wit:

"... **it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide.** ... Indeed, as that dissent points

out, the inevitable logic of the majority's decision in Garber is that if **the tax law is uncertain, the indictment should be dismissed. ... Questions of law are for the court.** ... United States v. Bronston, 658 F.2d 920, 930 (2d Cir.1981), cert. denied, --- U.S. ----, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982); Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977)." *[Emphasis added]*

"It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." as pronounced in *Marx & Co. v. Diners Club, Inc.*, 550 F.2d 505, 509-510 (2nd Cir. 1977), *cert denied,* 434 U.S. 861 (1977). And further, *ibid* at 510 "(Construction (of a contract) is always a matter of law for the Court."). See also *U.S. v. Lanni*, 466 F.2d 1102, 1110 (3rd Cir. 1972). "It is settled that when the law is vague or highly debatable, a defendant – -actually or imputedly – lacks the requisite intent to violate it." as held in *U.S. v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974).

See also *U.S. v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985), to wit:

"Criminal prosecution for the **violation of an unclear duty itself violates the clear constitutional duty of the government to warn citizens whether particular conduct is legal or illegal.** *See generally* Note, Criminal Liability for Evasion of an Uncertain Tax, 81 Col.L.Rev. 1348 (1981). As *Critzer* indicates, this same requirement arises from the rule of 26 U.S.C. § 7206 that only a "willful" tax evasion is criminal. Willful conduct under § 7206, which the Supreme Court described in *United States v. Pomponio* as **"voluntary intentional violation of a known duty,"** 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), **requires that the duty involved must be knowable.** *See also James v. United States,* 366 U.S. 213, 221-222, 81 S.Ct. 1052, 1056-1057, 6 L.Ed.2d 246 (1961)." *[Emphasis added]*

"It is perfectly clear, therefore, that if the word "duty," as employed in the [jury] instruction, meant legal duty, then it left a question of law to the determination of the jury, and that was an error." as held in *Pennsylvania Co. v. Frana*, 13 Ill.App. 91, 97 (App. Ct. Ill 1883).

## Ignorance of the Law is Not an Excuse

In the pronouncement in *Cheek v. United States*, 498 U.S. 192, 199 (1991), ignorance of the law is not an excuse and the law must be definite and knowable, to wit:

"**The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system.** ... See, e.g., United States v. Smith, 5 Wheat. 153, 182, 5 L.Ed. 57 (1820) (Livingston, J., dissenting); Barlow v. United States, 7 Pet. 404, 411, 8 L.Ed. 728 (1833); Reynolds v. United States, 98 U.S. 145, 167, 25

L.Ed. 244 (1879); Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 68, 30 S.Ct. 663, 666, 54 L.Ed. 930 (1910); Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); Liparota v. United States, 471 U.S. 419, 441, 105 S.Ct. 2084, 2096, 85 L.Ed.2d 434 (1985) (WHITE, J., dissenting); O. Holmes, The Common Law 47-48 (1881)."

In the adjudged case of *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, (1971) it was pronounced that:

"The principle that ignorance of law is no defense applies whether the law be a statute or a *duly promulgated and published regulation*." *[Emphasis added]*

**The Law Must be Knowable and This Includes a Statute and Published Regulation**

In the adjudged decision of *Cheek v. United States*, 498 U.S. 192, 199, 201-202 (1991), it was held *that willfulness is not disjunctive that there must exist a law that is definite and knowable by the defendant; and, willfulness is not disjunctive that this definite and knowable existing law imposes a legal duty to file by either statute or (substantive) regulation upon the defendant; and, willfulness is not disjunctive with the definite and knowable existing law that imposes the legal duty to file must be known by the defendant; and, willfulness is not disjunctive that the defendant voluntarily and intentionally violated that known legal duty imposed by the definite and knowable existing law.*

Therefore to make willfulness a crime by the defendant, all of the essential elements are as follows, to wit:

*1. There must exist a definite and knowable law; and,*

*2. This definite and knowable law must impose a legal duty to file by statute or (substantive) regulation; and,*

*3. This legal duty to file imposed by the definite and knowable law by statute or (substantive) regulation must be known by the defendant; and,*

*4. The defendant must have voluntarily and knowingly violated this known legal duty imposed by the definite and knowable existing law by statute or (substantive)*

***regulation.***

This was held in the adjudged decision in *Cheek v. United States*, 498 U.S. 192, 199, 201-

202 (1991), to wit:

> "Based on the notion that **the law is definite and knowable, the common law presumed that every person knew the law.** ... This common-law rule has been applied by the Court in numerous cases construing criminal statutes. ... See, e.g., *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971); *Hamling v. United States*, 418 U.S. 87, 119-124, 94 S.Ct. 2887, 2808-2911, 41 L.Ed.2d 590 (1974); *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952)." At p. 199. *[Emphasis added]*

* * *

> **Willfulness,** as construed by our prior decisions in criminal tax cases, requires the Government to **prove that the law imposed a duty on the defendant**, that the **defendant knew of this duty,** and that he **voluntarily and intentionally violated that duty.** We deal first with the case where the issue is whether the defendant knew of the duty purportedly imposed by the provision of the **statute or regulation** he is accused of violating, a case in which there is no claim that the provision *202 at issue is invalid. In such a case, if the Government **proves actual knowledge of the pertinent legal duty,** the prosecution, without more, **has satisfied the knowledge component of the willfulness requirement.** But **carrying this burden requires negating a defendant's claim of ignorance of the law** or **a claim that because of a misunderstanding of the law,** he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so **\*\*611** because **one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist.** In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant **was aware of the duty at issue,** which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable."

> "In this case, if Cheek asserted that he truly believed that the Internal Revenue Code did not purport to treat wages as income, and the jury believed him, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such a belief. Of course, in deciding whether to credit Cheek's good-faith belief claim, the jury would be free to consider any admissible evidence from any source showing that Cheek was **aware of his duty to file a return** and **to treat wages as income, including evidence showing his awareness** of the **relevant provisions of the Code or regulations,** of **court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service,** or **of any contents of the personal income tax return forms and accompanying instructions** that made it plain that wages should be returned as income." At pp. 201-202. *[Emphasis added]*

### To Avoid Snaring People – The Government Must Prove Willfulness

In the pronouncement of *United States v. Bok*, 156 F.3d 157, 165 (2nd Cir. 1998) citing

two cases of the Supreme Court of the United States, to avoid snaring people by the tax code due

to incompetence, willfulness requires the government prove "a voluntary, intentional violation of

a known legal duty", to wit:

> Both Sec. 7201 and Sec. 7206(1) **require that the government prove that the defendant
> acted willfully.** ... And the Supreme Court has made clear that **in order to avoid snaring
> people** in the tangled net of the tax code solely due to their incompetence, willfulness under the
> tax laws **requires " 'a voluntary, intentional violation of a known legal duty.' "** *Cheek v.
> United States*, 498 U.S. 192, 200-01, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (quoting *United
> States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973)); see also *Klausner*,
> 80 F.3d at 62-63. *[Emphasis added]*

### Technical Terms to be Defined

Legal words used in their technical sense are referred to as "words of art."[5] Terms that

may not be comprehended readily by unprofessional persons or may be misapplied by them,

should be defined or explained to give the jury a correct idea of their meaning. This was

pronounced in *State v. Jackson*, 369 S.W.2d 199, 205 (Sup. Ct. Missouri 1963), to wit:

> '[W]here technical or other terms are used, and their meaning may not be comprehended readily
> by unprofessional persons, and it appears, from the whole case made, that the jury may possibly
> misapply them, they may or should be defined or explained in such a way as to give to the jury
> a correct idea of their meaning.' 23A C.J.S. Crim. Law § 1191, pp. 484-485. See also State v.
> Chevlin, Mo., 284 S.W.2d 563, 567[11, 12]; City of St. Louis v. James Braudis Coal Co.,
> Mo.App., 137 S.W.2d 668, 670, 672-673.

### Self-Preservation When in Danger

The natural instinct of self-preservation will ordinarily lead and be adopted by men of

ordinary care and prudence if a situation suggests danger of harm, being also a question for the

jury. This is held in the adjudged decision of *Weber v. The N.Y. Central & Hudson R.R. Co.*, 58

N.Y. 451, 456 (Ct of App. N.Y. 1874), to wit:

> "The natural instinct of self-preservation ordinarily will lead to the employment of all the
> precautions which the situation suggests to an individual in danger of harm, and whether they
> are such as would occur to and be adopted by men of ordinary care and prudence must
> necessarily, in most cases, be a question for the jury."

---

[5] *Art, words of.* – "Words used in a technical sense; *words scientifically fit to carry the sense assigned
them*. Blacks Law Dictionary, 6th Ed., p. 114 (1991).

See also *Wichita Y W.R. Co. v. Davis*, 16 P. 78, 81-82 (Sup. Ct. Kan. 1887); *Percey v. Fitchburg R.Co.*, 27 N.Y.S. 1040, 1044 (Sup. Ct. 3rd Dep. N.Y. 1894); *Eastland v. Clarke*, 59 N.E. 202 , 204 (Ct. of App. N.Y. 1901); *Walsh v. Central N.Y. Telephone & Telegraph Co.*, 77 N.Y.S. 798, 799-801 (Sup. Ct. App. Div. 4th Dept. N.Y. 1902); *Hill v. Union Electirc Light & Power Co.*, 169 S.W. 345, 356 (Sup. Ct. Missouri 1914); *Jonas v. S. Covington & C. St. Ry. Co.*, 172 S.W. 131, 132 (Ct. of App. Kentucky 1915); *Maguire v. Barrett*, 119 N.E. 79, 80 (Ct of App. N.Y. 1918).

If there is a conflict in the evidence of the circumstances upon which the question depends to establish what a man of ordinary prudence and care do under the circumstances proved, this is a question for the jury; and, this was the holding in the adjudged decision of *Bernhard v. Rensselaer & S.R. Co.*, 23 How. Pr. 166, 168 (Sup. Ct. N.Y. County, N.Y. 1861) to wit:

> "If there is any conflict in the evidence going to establish any of the circumstances upon which the question depends, **it must be left to the jury**. If there are inferences to be drawn from the proof which are **not certain and incontrovertible, they are for the jury. If it is necessary to determine, as in \*82 most cases it is, what a man of ordinary prudence and care would be likely to do under the circumstances proved, this, involving, as it generally must, more or less coujecture, can only be settled by a jury."** *[Emphasis added]*

See also *Edsall v. Vandemark*, 39 Barb. 589 (Sup. Ct. N.Y. County, N.Y. 1863); *Ernst v. Hudson River R.Co.*, 32 How. PR. 61, (Ct. of App. N.Y. 1866); *Burke v. Broadway & S.Ave. R.Co.*, 34 How. Pr. 239 (Sup. Ct. N.Y. County, N.Y. 1867);

If there is a conflict in the evidence of the circumstances upon which the question depends to establish what a man of ordinary prudence and care would do under the circumstances proved, this is a question for the jury. Our law is framed upon the theory that the citizen can rely with more security on the concurrent judgment of twelve jurors than on the majority of divided bench. "The correctness of judicial opinions on mere questions of fact may

well be distrusted when we find them confessedly opposed to the common sense of mankind."

*Infra Burke.* This was with precision and perspicacity articulated in the adjudged decision of

*Ernst v. Hudson River R.Co.*, 32 How. PR. 61, (Ct. of App. N.Y. 1866) as held in *Burke v.*

*Broadway & S.Ave. R.Co.*, 34 How. Pr. 239 (Sup. Ct. N.Y. County, N.Y. 1867), to wit:

" ... and by Judge SELDEN, in that of *Bernhardt v. The Rensselaer and Saratoga R. R. Co.* It was said by the latter, with the precision and perspicuity which mark all his judicial opinions, that, "although, as a general rule, questions of negligence belong exclusively to the jury, cases may no doubt arise in which the proof of negligence would be so clear and irresistible, that the court would be justified in assuming, without submitting the question to the jury, that negligence was established. At the same time, it is obvious, considering the nature of the question, that such instances must be rare. **If there is any conflict in the evidence going to establish any of the circumstances upon which the question depends, it must be left to the jury. If there are inferences to be drawn from the proof which are not certain and incontrovertible, they are for the jury. If it is necessary to determine, as in most cases it is, what a man of ordinary care and prudence would be *likely to do* under the circumstances proved; this, involving, as it generally must, more or less of conjecture, can only be settled by a jury."** (**23 *How.*, 168.**)

"The struggle of defendants to inaugurate a different rule, and to induce the courts to resort to artificial refinements for the protection of wrong-doers, is, perhaps, excusable in those who are impatient of legislative restraint. **There is an unfortunate and growing tendency to regard human life as of secondary importance in comparison with the objects of commercial and corporate enterprise.** The aid of the courts is invoked to annul by indirection the force of general laws. Suits and appeals multiply in the constantly increasing ratio of reckless injuries, which nothing could tend more to encourage than this theory of immunity from civil damages, on the assumption, as matter of law, that a party over whom an engine is driven is culpable for not keeping out of the way, and that the question, whether he was really guilty of negligence, is not one of fact for a jury."

"If it be true, as is sometimes intimated, even from the bench, that false verdicts are occasionally rendered on questions like this, the remedy is to set them aside and not to usurp the prerogative of the jury. **Even among the cases which have been held so plain as to justify a nonsuit, there have been few in which the judges have not themselves disagreed; and the inquiry naturally occurs to the mind whether we are less liable than jurors to err on questions of pure fact pertaining to the ordinary affairs of life. Our law is framed upon the theory that, on such questions, the citizen can rely with more security on the concurrent judgment of twelve jurors than on the majority vote of a divided bench. Unanimity is not required in our decisions on questions of law. It is otherwise with jurors charged with the duty of determining issues of fact; and such issues should not be withheld from the usual arbiters, unless the evidence leads so clearly to one result that there is no room for honest difference between intelligent and upright men. A nonsuit should always be granted where the proof is so clear as to warrant the assumption, in good faith, that if the question were submitted to the jury they would find that the culpable negligence of the plaintiff contributed to the injury."** *[Emphasis added]*

*Ibid* in *Ernst,* to wit:

"But we have had occasion recently to hear nonsuits of this kind justified on the novel ground that unless the fact be determined in one way by the judge, it will be sure to be determined the other by the jury. **The correctness of judicial opinions on mere questions of fact may well be distrusted when we find them confessedly opposed to the common sense of mankind."** *[Emphasis added]*

### Fraud, Collusion or Acts Dangerous to the Lives of Others

The duty of liability need not arise out of any contract or direct privity between parties,

but out of the duty which the law imposes to avoid acts that in their nature are dangerous to the

lives of others. *Where there is fraud or collusion, the party will be liable, even though there is*

*no privity of contract.* This has been held in the adjudged decision of *Savings Bank v. Ward*, 100

U.S. 195, 204-206 (1879), to wit:

"... , the rule being that the liability in such a case arises not out of any contract or direct privity between the wrong-doer and the person injured, **but out of the duty which the law imposes on him to avoid acts in their nature dangerous to the lives of others**..."

\* \* \*

**Where there is fraud or collusion, the party will be held liable, even though there is no privity of contract**; but \*206 where there is neither fraud or collusion nor privity of contract, the party will not be held liable, **unless the act is one imminently dangerous to the lives of others**, or **is an act per formed in pursuance of some legal duty**. Langridge v. Levy, 2 Mee. & W. 519, 530. *[Emphasis added]*

See also *Waters-Pierce Oil Co. v. Beselms*, 212 U.S. 159, 178 (1909); *Nelson v. Casey*,

279 F. 100, 101-102 (9th Cir. [AK] 1922); *Frank v. Bloom*, 634 F.2d 1245, 1257 (10th Cir. 1980).

The failure to allege a known legal duty that the defendant has violated does not present a

"case" over which the court can exercise jurisdiction, is not in accord with Due Process

requirements of the Fifth Amendment, and is not in accord with the mandate of the Sixth

Amendment "to be informed of the nature and cause of the accusation" of a crime.

Plaintiff has submitted no facts or evidence in the record to support the existence of a

known legal duty which the Accused was required, and subsequently failed, to perform. For this

reason, the Accused moves this Court to dismiss the indictment.

## POINT IV
## LACK OF VENUE JURISDICTION

This case also hinges, in parts, on several exigently violative acts committed under color

of law, practice of federal grand jury, or U.S. attorneys office acting in conjunction therewith;

the current part which is most imminent, and other parts which establish a pattern on the part of

Plaintiff to withhold exculpatory evidence from the Grand Jury members. Said exculpatory

evidence is crucial to justice and the rights of the Grand Jury itself to know those things withheld

from them, both parts being interconnected or interwoven in such a way as that the parts must be

seen in the whole as well as individually.

The current part containing issues and violations which are the most dangerous and

destructive is now set forth below, and shown as follows.

This case arose as a result of the evidence that Accused, a private citizen of the State of

Massachusetts, was being unlawfully investigated for some unlawful reason, by one or more

United States actors, in violation of his fundamental and Constitutional rights not to be so. In so

doing, said actors concurred violations of the following case ruling by the United States Supreme

Court in *Hale v. Henkel,* 201 U.S. 43, at 89 (1906):

"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on
his private business in his own way. His power to contract is unlimited. He owes no duty to the
State or to his neighbors to divulge his business, or to open his doors to an investigation, so far
as it may tend to incriminate him. He owes no duty to the State, since he receives nothing
therefrom, beyond the protection of his life and property.

"His rights are such as existed by the Law of the Land [common law] long antecedent to the
organization of the State, and can only be taken from him by due process of law, and in
accordance with the Constitution.

"He owes nothing to the public so long as he does not trespass upon their rights."

*Hale v. Henkel* has been cited over 1,600 times in State and Federal case decisions since

1906 and has never been overturned.

This case must hinge on honesty. The Accused requires and expects that the members of the Grand Jury, in their individual capacity, to hold no less an honest standard of regard for the truth also, no matter what such truth may turn out to actually be.

Plaintiff is a Citizen of the State of Massachusetts, who has, at no time, lived, resided, had domicile, or engaged in any business that was not limited by way of its existence to a State of the Several States of the United States-nation, of which the State of Massachusetts is one.

Accused arises herein and is to be regarded as fact finder. As fact finder, Accused has the right to the respect of all findings of fact as would be regarded by the court for any counsel or attorney at bar as might appear at any time before the Court, and wherein any inferences may be reasonably drawn from such facts to establish a basis for conclusions of law, Accused as fact finder has the right to be so regarded likewise by the Court, accordingly. The fraud(s) unwittingly committed, and to yet be unwittingly committed, against Accused by Plaintiff as determined by fact finder is/(are) hereafter set forth in more intricate and comprehensive detail, being shown and set forth as follows.

In the United States Constitution, there exists a particular part that establishes a separation of criminal jurisdiction powers which separates criminal jurisdiction between the States and the United States. That part of the Constitution is Article III, Section 2, Clause 3, which states:

"The Trial of all crimes shall be by Jury and such Trial shall be held in the State [6] where the said Crimes shall have been committed – but when not committed within any State, [then] the Trial shall be at such Place or Places as the Congress may by law have direct**ed**." (past tense)

In relation to the foregoing Article III, Section 2, Clause 3, a critical question must be asked by the federal Grand Jury of the Prosecution, there being four great questions under which the

---

[6] **Note.** A federal courthouse does not legally exist – in any State.

critical question must be asked. They are:

**Question 1.** If a government is prohibited, as a matter of law, from determining "when" a trial may be held, can it determine "where" it may be held?

**Answer**. The evident, inescapable answer to this question is "**No**."

<u>Noting</u>: Upon this earth all things exist in time. A place cannot be described to exist if no ability exists to describe it when it exists.

**Question 2.** If a government is prohibited, as a matter of law, from determining "when" and "where" a trial may be held, can it determine "how" it may be held?

**Answer**. The evident, inescapable answer to this question is "**No**."

<u>Noting</u>: If one cannot know where a place is, one cannot know if one is there on time (when), nor can it be known how the procedures are to take place when one cannot know where or when a place exists.

**Question 3.** If a government is prohibited, as a matter of law, from determining "when," "where," *and* "how" a trial may be held, can it "hold" a trial?

**Answer**. The evident, inescapable answer to this question is "**No**."

**Noting**; This is self-evident and should need no further explanation than "**NO**."

**Question 4.** If a government, as a matter of law, cannot "hold" a trial, would it have the right to pass a law, which if broken, would require a trial that it can't "hold"?

**Answer**. The evident, inescapable answer to this question is "**No**."

<u>Noting</u>: To claim that a government had a right under this question would be to claim *malum prohibitum* (an offense that is not morally wrong, but wrong *only* because a statute has been passed making it so) as a right – or that is, to pass a law just to pass a law, with no moral right to do so.

By a careful reading of Article III, Section 2, Clause 3, we find that this legal discovery destroys Title 18 of the U.S. Code – the implied criminal enforcement part of U.S. Code – any criminal enforcement part of Titles 26 & 27 and all other criminal code titles of the U.S. Code – for all persons residing or existing in any of the 50 states!

Continuing with one more question:

**Question 5.** If a government, as a matter of law, has no right to *pass* a law or laws that would require a trial that could not be *legally* held due to such prohibition, would it have the right to create or maintain *any* department or agency to impose its laws that it has no right to pass, for that very reason, in the first place?

**Answer.** The evident, inescapable answer to this question is "**No.**"

The foregoing establishes that, not only is Title 18, *etc.*, of United States Code – to a very large degree – a jurisdiction fraud **(see 4 USC §72[7] and attached memorandum of law)** perpetrated by the United States Congress and the Department of Justice itself, but so are the acts and activities of most, if not all, of the Agencies and Departments of the United States government themselves, where a law has been enacted which makes disobedience of such law by a State Citizen an alleged criminal offense at the federal level.

A careful reading of the latter part of Article III, Section 2, Clause 3 reveals that Congress only has the authority to pass laws setting the place (venue) for a trial when the alleged crimes would not have occurred in any State.

It becomes, and is, obvious, therefore, that Congress has exceeded, even if long ago, its jurisdiction limitation authority, or has committed ultra vires[8] acts. Within a Federal Courthouse, no State property officially exists, therefore, any trial held in a federal courthouse is not a trial held in a/any State.

Article III, Section 2, Clause 3 of the U.S. Constitution, as has now been discovered, was, and is, the Founding Fathers' own separation of powers for criminal jurisdiction, which existed prior to the establishment of the Tenth Amendment.

Critical information and questions, relative to the duties of each member of any Federal Grand Jury, lie hereafter.

---

[7] "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law."

[8] **ultra vires**. adj. Unauthorized; beyond the scope of power allowed or granted by a corporate charter or by law. ... Also termed extra vires. Black's Law Dictionary, 8th Edition, p. 4731 (2004).

Because of what has now been discovered, this knowledge must be disseminated to every citizen possible, to any and every person who is either now, or may at any time in the future, be called or prospectively called to serve on a Federal Grand Jury.

Many current or former federal grand jury members may possibly be at risk for lawsuit when they did not bother to ask "where" the crime took place, on either federal property or State property, and then determine their (the federal grand jury's) true Article III, Section 2, Clause 3 jurisdiction from that point. By failing to ask or claiming ignorance may not be a defense against lawsuit.

Further, it is the future federal grand jury members who hold the greatest liability now, for as this information, *infra*, is disseminated out to the people on a nationwide scale, federal grand jury members, each and every member thereof, will have a greater legal expectancy of having known about its limitation of Article III, Section 2, Clause 3 jurisdiction, and the legal requirement for staying precisely within those limitations. There is absolutely no legal immunity provided to the same whatsoever for such unlawful indictments.

Nor could Congress pass any law granting the same without committing a frank admission as to the jurisdiction fraud long before being committed by the Congress itself. This leaves federal grand jury members entirely vulnerable to lawsuit for exceeding their authority to indict, where no required question as to the matter of jurisdiction was ever asked by them.

It is vital, even critical, that every citizen possible be informed about Article III, Section 2, Clause 3 of the Constitution, the Supreme Law of our land, even supreme over all Federal Courts and Grand Juries themselves.

For upon understanding the truth about which Government, State or Federal, has the right, and the inherent mandate, to try all crimes that belong to it, each and every Grand Jury

member has the mandatory duty, on pains of penalty of being subject to lawsuit for exceeding their jurisdictional authority, of asking one simple question before proceeding to consider a case for any indictment purpose. That one vital question that must, mandatorially, with intelligent and informed understanding, be asked in each and every case, first, is: "Where did the alleged crime occur?"

To help the Grand Jury Members determine precisely, exactly and specifically where the alleged crime did occur, they must learn to apply **The Legal Difference Between a Crime of Commission and a Crime of Omission Test** provided with this lawsuit action. This knowledge will help the Grand Jury determine, in part, where the *alleged* crime actually occurred. To help the Grand Jury determine on a final basis where the alleged crime occurred, they must also apply the **State Border Test** – also provided. Then, the Grand Jury will know exactly and precisely where the alleged crime occurred, and who has the actual or true jurisdiction in the matter.

For upon understanding the real truth, which has been covered up or hidden from the people, about which government (State or Federal) has the right, and the inherent mandate – to try all crimes that belong to it, each and every Grand Jury Member has the mandatory duty, on pains of penalty of being made subject to lawsuit for exceeding their jurisdictional authority, of asking one simple question before proceeding to consider a case for any indictment purpose, which, again, is: "Where did the alleged crime occur?"

If it is found that the crime alleged by the United States Department of Justice took place in any State, or on any State property, and not on property clearly owned by the United States, then the response to their own asked question must be: "We have no jurisdiction over this case."

But before this occurs, the Grand Jury, each member of it, must also insist that it be asked of the prosecution (before the question just asked) the following question: "Was the alleged

crime a Crime of Commission or a Crime of Omission?" For understanding as to why this question is so important, look to **The Legal Difference Between A Crime of Commission and a Crime of Omission Test**, accompanying hereto.

In direct association with the aforementioned Test, to have yet a further understanding of this question, look then to **The Legal Rights of a State At Its Borders Test** and **The Regulate Test** accompanying herewith, then ask the question.

It is upon this basis that Grand Jury Members will be able to determine – for themselves – where the crime alleged actually took place. This is a critical understanding as to where the alleged crime, if any, took place, in order to determine if the Federal Grand Jury has any jurisdiction over that same at all. This vital discovery must be entered into Federal Grand Jury records and delivered to all Federal Grand Jury members immediately.

With the understanding of whether the crime alleged was a Crime of Commission or a Crime of Omission, and apply the **Legal Difference Test** thereof to determine where the alleged crime actually occurred. Then consider the grand jury's true jurisdiction in the case under Article III, Section 2, Clause 3.

Information on how to discern between the jurisdiction of a Commission Crime or an Omission Crime, plus **The Legal Rights of States At Their Borders Test,** plus the requirement for the United States under the Constitution's Commerce Clause, is next.

**Determining Specially, Exactly and Precisely Where the [Alleged] Crime Took Place**

The opposite of a "commission" is an "omission," or that is to say, the opposite of an "action" is a "non-action." Both action and non-action, separately, constitutes or makes up a "process," one positive (+), the other negative (-).

The legal difference between a Crime of Commission and a Crime of Omission exists as

an exact opposite from one another as to place of occurrence for jurisdiction purposes, and is as follows:

A Crime of Commission takes place at the point where the offense is, or at the place where the offended is.

The place where a Crime of Commission takes place is where the offended is, not where the offender is, and that is the precise place where jurisdiction must exist for any proposed prosecution purposes.

A Crime of Omission is just the opposite, and takes place where the offender *is*, or the only place where there is any actual substance to be tried by the trial court itself.

Where a Crime of Omission takes place is where the offender is, not where the offended is, and that is the precise place where jurisdiction must exist for any proposed prosecution purposes.

Which jurisdiction, when known, must prompt the question, "Where did the crime occur?" And the response must be: "We have no jurisdiction over this case."

Plaintiff has submitted no facts or evidence in the record to ascertain the locale of the alleged crime in order to properly maintain federal venue. For this reason, the Accused moves this Court to dismiss the indictment.

## SUMMARY

Plaintiff has not established the jurisdictional authority of the United States District Court through its indictment. There are no facts or evidence in the record which show:

1) that subject-matter jurisdiction as alleged under 18 U.S.C. § 3231 is applicable to a Title 26 criminal prosecution;

2) that Plaintiff has established any *in personam* jurisdiction over the Accused;

3) that the Accused failed to perform a known legal duty that specifically applies to the Accused, and

4) that the Federal Grand Jury properly determined the precise location, and therefore venue, of the alleged crime prior to issuing the indictment against the Accused.

For these reasons, the Accused respectfully moves that this Court grant this Motion to Dismiss as Plaintiff has failed to state a claim upon which relief can be granted.

Dated this 3rd day of January, 2012.

ALL RIGHTS RESERVED

David L. Toppin
465 Salisbury Street
Holden, Massachusetts
United States America

**Jurat**

State of Massachusetts          }
                                }  ss.
County of Worcester             }

On this day, David L. Toppin appeared before me, the undersigned notary public. After I administered an oath to David, upon his oath, David said that he read and prepared the Complaint and that the facts stated in it are within his personal knowledge and are true, correct and not misleading.

Sworn and subscribed before me this 3rd day of January, 2012, without the United States.

( X ) Personally known to me or (  ) produced identification.

Notary Public

KAREN F. MATTUS
Notary Public
Commonwealth of Massachusetts
SEAL My Commission Expires June 2, 2017

## CERTIFICATE OF SERVICE

I, David Lynwood Toppin, hereby declare and state that I have filed a true and correct copy of the above document with the Clerk of the Court for United States District Court and have mailed a copy hereof, postage prepaid thereon, to the U.S. Attorney's Office on January 3rd, 2012.

Sarah Allison Thornton
Clerk of Court
United States District Court
District of Massachusetts
595 Main Street
Worcester, Massachusetts 01608
(508) 929-9900

Christine J. Wichers
Office of the Alleged U.S. Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210

David L. Toppin
465 Salisbury Street
Holden, Massachusetts
United States America
Without the United States