## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| Plaintiff ) | CRIMINAL NO. |
| ) | 4:11-CR-40023-FDS |
| v. ) | |
| ) | MOTION TO DISMISS THE |
| DAVID L TOPPIN, ) | INDICTMENT FOR FAILURE |
| ) | TO CHARGE AN OFFENSE |
| Defendant in error ) | |
| ) | Special Appearance |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS THE INDICTMENT
## FOR FAILURE TO CHARGE AN OFFENSE

Upon review of the Indictment filed June 1, 2011 (Docket No. #1) in accordance with FRCrP 12 (b)(2), the Defendant in error ("Defendant") moves this court to dismiss the Indictment for failure to charge an offense. " *It is well settled that* (even) *the entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense and the defendant may raise such failure at ANY time* (even by habeas corpus or by coram nobis)." *U.S. v White*, 258 F.3d 374, 379 (5th Cir 2001); *Bowen v Johnston*, 306 U.S. 19, 24; *Machibroda v U.S.*, 368 U.S. 487; *Kaufman v U.S.*, 394 U.S. 217, 222; *Moore v Dempsey*, 261 U.S. 86; *Patton v U.S.*, 281 U.S. 276. Emphasis in original, quotes and citations omitted. A jurisdictional defect can never be waived. *Freytag v CIR*, 501 U.S. 868, 896.

*"However late this objection* (for want of jurisdiction) *has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has*

*jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it." State of Rhode Island v State of Massachusetts*, 37 U.S. 657, 718 (1838). citations omitted; *U.S. v Osiemi*, 980 F.2d 344 -- Without jurisdiction, all orders are void (not merely voidable) and fines, penalties, restitution, etc., are refundable.

In ruling on a question of jurisdiction, the Supreme Court declared: *"The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution." Cohens v Virginia*, 19 U.S. 264, 404 (1821).

The party asserting the federal court has jurisdiction has the burden of proving it. *FW/PBS v Dallas*, 493 U.S. 215.

The Defendant has been indicted for an alleged violation related to tax evasion regarding taxes supposedly lawfully due to the federal government. Where in the indictment is he charged with these crimes and been confronted with the statutory lawful duties that he has been accused of violating?

It is observed paragraphs 4 and 5 of the indictment (Docket #1) are under the heading "Assessment of Income Taxes for 1997-1999." Par. 4 merely declares that "TOPPIN did not file ..." and Par. 5 merely declares that "TOPPIN owed federal income taxes ... " Under these two paragraphs (4 & 5) there is no "assessment" for taxes shown, therefore, there can be no failure or "evasion" to file a tax which has not been properly assessed. There are no facts or evidence in the court record to indicate a proper assessment of taxes for the calendar years 1997 to 1999 inclusive to establish a claim upon which relief can be granted against the alleged Defendant.

Nowhere is there any statutory authority offered in support for the legal conclusions that the Defendant has a requirement to pay any money to the federal government. It is beyond comprehension to believe the prosecution would rely upon nebulous conclusions of law such as this. This court is aware legal conclusions do not have standing even in <u>civil</u> cases. "Conclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th. Cir. 1993); *Ryan v Scoggin*, 245 F.2d 54; *Blackburn v Fisk Univ.*, 443 F.2d 121; *Pauling v McElroy*, 278 F.2d 252; *Atlanta Gas Light v Southern Natural Gas*, 338 F.Supp. 1039; *Columbia v Tatum*, 58 F.3d 1101; *Wag-Aero v U.S.*, 837 F.Supp. 1479, affm. 35 F.3d 569; *Sogevalor v Penn Central*, 771 F.Supp. 890, 893. Criminal cases are held to a much higher standard than civil actions *Speiser v Randall*, 357 U.S. 513, 525.

It is acknowledged that a criminal case requires the Defendant be proven to have violated a "known legal duty," citing *United States v. Pomponio*, 429 U.S. 10 and *Cheek v U.S.*, 498 U.S. 192. The prosecutor is clearly mistaken if it is contended that paragraphs 4, 5, or 6 identify any statutory duty imposed upon the Defendant. The Defendant does not have to search through Title 26 and assume some statute imposes a duty upon him; the government is required to confront the Defendant with the legal duty and to carry the burden of proof of a lawful duty. *Cole v Arkansas*, 333 U.S. 196. The burden of proof must be on the party levying the tax to comply with due process. *Speiser v Randall*, 357 U.S. 513, 529 (1958); *First Unitarian Church v Los Angeles*, 357 U.S. 545. It is the responsibility of government to prove the existence of a tax; a citizen is not required to prove the nonexistence of a tax. *Spreckles Sugar v McClain*, 192 U.S. 397. *"...the taxpayer must be liable for the tax. Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability."* *Terry v. Bothke*, 713 F.2d 1405, at 1414 (1983).

Self-serving conclusions of law do not suffice nor do they have any status in criminal prosecutions.

The violation of a "known legal duty" is synonymous with a "criminal offense." Clarification of what must be conveyed in a "known legal duty" can be observed in adjudication of void for vagueness cases Endless citations can be given where the court has related a *"penal statute* (must) *define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v Lawson*, 461 U.S. 352, 357 (emphasis added); *Grayned v Rockford*, 408 U.S. 104; *U.S. v Tidwell*, 191 F.3d 976; *U.S. v Harris*, 185 F.3d 999. The

*Kolender* court continues: "*Although the* (vagueness) *doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine is not actual notice, but the other principal element of the doctrine--- the requirement that a legislature establish minimal guidelines* ( i.e., criminal statutes) *to govern law enforcement. Where the legislature fails to provide such minimal guidelines, a **criminal statute** may permit a standardless sweep that allows policemen, prosecutors, and juries* (and the IRS) *to pursue their personal predilections* (which is not acceptable)." id 358, citations and internal quotes omitted, emphasis added. And again; "*It is impermissible to define a **criminal offense** so vaguely that an ordinary person is left guessing about what is prohibited and what is not.*" *Free Speech v Janet Reno*, 198 F.3d 1083, 1095. The cases repeatedly declare a statute must impose and clearly identify the required known legal duty In the instant case the prosecutor declines to convey the mystical statute known only in his imagination.

The courts have additionally declared that criminal provisions must be held to higher standards of clarity than economic provisions. *Woodis v West Arkansas Comm. College*, 160 F.3d 435. Where in the indictment do we find a statute --- in any degree of clarity --- identifying what action on the part of the Defendant compels him to forfeit the earnings from the sweat of his brow to the government or face incarceration? Or the requirement that calculations and payments of value pursuant to social security taxes, employment taxes, or income tax provisions are required of a citizen or risk a loss of liberty? Or where is the constitutional authorization for such fiscal demands? The search has been diligent but has been unsuccessful; there is none in the indictment. The required statute is not merely vague---it is not visible

Paragraphs 4 and 5 of the indictment do not identify any statutory duty imposed upon the Defendant.

Paragraphs 6 through 16 contain factual allegations about the Defendant's actions. They do not aver any statutory legal duty the Defendant has to the government.

On page 5 of the Indictment, it is averred in count 1, the Defendant did "willfully attempt to evade and defeat the payment of a substantial amount of income tax due and owing by him to the United States of America for each of calendar years 1997, 1998 and 1999 by failing to make an

income tax return on or before April 15 of each following year, as required by law, to any proper officer of the Internal Revenue Service; by failing to pay to the Internal Revenue Service the income taxes owed for those years; by concealing and attempting to conceal from all proper officers of the Internal Revenue Service his true and correct assets and income; and by making false and misleading statements to officers of the Internal Revenue Service about his assets and income. All in violation of Title 26, United States Code, Section 7201." Section 7201 does not mention income, make an assessment, impose any duty to file or require proof of income establishing a tax that may be owed by Defendant.

The listing of taxes claimed to be "due and owing" is again a legal conclusion. Conclusions of law such as these have no standing in civil or criminal process; they identify no legal duty. *NAAP v California Board*, 228 F.3d 1043; General Contractors v Water District, 159 F.3d 1178; *Parrino v FHP*, 146 F.3d 699; *Pareto v FDIC*, 139 F.3d 696; *In re Syntex Securities*, 95 F.3d 922; *In re Stac Electronics*, 89 F.3d 1399; *In re DeLorean Motor*, 991 F.2d 1236; *Brown v Hot, Sexy*, 68 F.3d 525; *Leed v Meltz*, 85 F.3d 51. *Scheid v Fanny Farmer Candy*, 859 F.2d 434, 436; *Lewis v ACB Business Services*, 135 F.3d 389, 406; *SmileCare Dental v Delta Dental*, 88 F.3d 780; *Car Carriers v Ford Motor*, 745 F.2d 1101; *In re Plywood Antitrust*, 655 F.2d 627. There is no statutory duty identified.

The prosecutor would have this court conclude that 26 U.S.C §7201 imposes the legal duty that was violated by the Defendant.

In *Townsend v U.S.*, 253 F.2d 461, charges were brought under §7202 and §7201 for violation of wagering and gambling taxes detailed in §4401 and §4411.

In *Reynolds v U.S.*, 288 F.2d 78 (1961), the court reviewed a habeas corpus denial for a sentence involving both §7201 and §7202. Mr. Reynolds had been convicted of not paying an excise tax on wagers for the selling of bolita tickets. Ref. *U.S. v Reynolds*, 213 F.Supp. 917.

It is manifestly obvious §7201 does not identify the "known legal duty" for the above listed convictions nor does it identify a duty required of the instant Defendant. As succinctly stated in *U.S. v Community TV*, 327 F.2d 797: "The taxing statute must describe the transaction, service, or object to be taxed" id. 800.

The history of sections 7201 through 7210 reveals the 1954 rewriting of the 1939 Code collected criminal punishments into Chapter 75 from several different sources to eliminate repetition. The 1939 provisions included §153 for tax exempt organizations, §340 for foreign personal holding companies, §894 and §937 for the estate tax, §1024 for the gift tax, §1718 for admissions and wagering taxes, §1821 for a stamp tax on stocks, bonds and playing cards, §2557 for opium and coca leaves, §2656 for white prosperous matches, §2707 for pistols and revolvers, §3604 on foreign corporations Accepting the similar origin of sections 7201 through 7210, it can be observed Chapter 75 provisions have been applied to numerous different taxes.

Numerous Defendants in contemporary tax cases prosecuted pursuant to §§ 7201, 7202, 7203, or 7206 have read the statutory "Any person required under this title …" and suggested to their court the legal requirement is outside of Chapter 75. The position has not been persuasive in their courts. It is conceded many appellate court opinions include a declaration that Defendants in various cases have violated §7201, or §7202, or §7203, or §7206 and the indictment is valid with that citation. It is submitted the statements are technically imprecise, legally inaccurate, inconsistent with Supreme Court adjudication, and in conflict with constitutional provisions.

Undoubtedly the words of the Supreme Court are more persuasive than those of the Defendant. In *Sansone v United States*, 380 U.S. 343, the court was reflecting on whether §7207 did, or did not, apply to income tax cases. The court identified the 1954 Congressional Record to have legislated specific application of Part I of Chapter 75. "Congress specifically stated that it placed all these provisions (of Part I) in the same part of the Code because it wished them to apply to taxes generally, including income taxes." id 348, citations omitted. By the words of the Supreme Court and Congress itself, the citation of Part 1 of Chapter 75 does not identify any specific tax duty the Defendant can violate.

In *Grosso v U.S.,* 390 U.S. 62, the Supreme Court addressed an issue of willful failure to pay a wagering tax (IRC §4401) and willful failure to pay a gambler's occupational license tax (IRC §4411). Willful failure is not mentioned in either of the two cited statutes. Willful failure came from §7203. *"Those liable for payment of that tax are required to submit each month Internal Revenue Service Form 730...failure to pay the excise tax and to file a return are separately punishable under 26 U.S.C §7203."* id 65. Notice should be taken that those "required" and

"liable" are identified within Chapter 35 (§4401 to §4424) while punishment is established by §7203. cf. *U.S. v Knox*, 396 U.S. 77.

*Marchetti v United States*, 390 U.S. 39, also involved an offense punishable by §7203 for violations of gambling tax statutes. "*The second indictment included two counts: the first alleged a willful failure to pay the occupational tax, and the second a willful failure to register, as required by 26 U.S.C. 4412, before engaging in the business of accepting wagers.*" id, 40-41. Note that the statutory requirement of a lawful duty is again "required" within the gambling tax statutes. "Willful failure," as a conditional requirement for imposition of a specific punishment, comes from §7203.

In *Ingram v U.S.*, 360 U.S. 672, the Supreme Court reviewed utilization of §7201 and §7203 to punish violation of §4401, §4411, and §4421 wagering tax provisions. id, Footnote #1. The court declared: "*Liability for the federal tax is imposed by §4401 and 4411 of the IRC...*" id 675. The "known legal duty" was within Chapter 35; it was not in Chapter 75.

Punishment via §§7201, 7203, and 7206 for violations relating to wagering taxes was also imposed in *U.S. v Sheer*, 278 F.2d 67; *Burks v U.S.*, 287 F.2d 117; *U.S. v Shaffer*, 291 F.2d 689; *U.S. v Minker*, 312 F.2d 632; *Bohn v U.S.*, 260 F.2d 773; *U.S. v Claney*, 276 F.2d 617; *U.S. v Stoffey*, 279 F.2d 924; *Application of Leahy*, 298 F.2d 233; *George v U.S.*, 346 F.2d 137; *U.S. v DiPrimio*, 209 F.Supp. 137; *U.S. v Nicholas*, 224 F.Supp. 310.

Liquor law violations were punished by §7201, §7203 or §7206 in prosecutions for untaxed distilled spirits in *Wilson v U.S.*, 320 F.2d 493; *U.S. v Cook*, 412 F.2d 293; *U.S. v One Ford*, 304 F.2d 419; *U.S. v Champion*, 387 F.2d 561; *Benefield v U.S.*, 370 F.2d 912; *U.S. v Davis*, 369 F.2d 775; *U.S. v Goss*, 353 F.2d 671; *Hyche v U.S.*, 286 F.2d 248; *Ingram v U.S.*, 241 F.2d 708; *Dowling v U.S.*, 249 F.2d 746; *Brown v U.S.*, 253 F.2d 587; *West v U.S.*, 259 F.2d 868; *O'Neal v U.S.*, 273 F.2d 549; *Tucker v U.S.*, 279 F.2d 62; *King v U.S.*, 282 F.2d 398; *Monnette v U.S.*, 299 F.2d 847; *Blumenfield v U.S.*, 306 F.2d 892; *U.S. v Denton*, 307 F.2d 336; *U.S. v One Pontiac*, 308 F.2d 893; *U.S. v Lemons*, 309 F.2d 168; *U.S. v Ivey*, 310 F.2d 229; *Davis v U.S.*, 385 F.2d 919; *U.S. v Rector*, 488 F.2d 1079.

Failure to file excise tax returns on wagers required by §4401 and §4411 were punished with §7201, §7203, or §7206 in *Tyler v U.S.*, 397 F.2d 565; *U.S. v Stavros*, 597 F.2d 108; *Edwards v U.S.*, 321 F.2d 324; *U.S. v Sams*, 340 F.2d 1014; *Scaglione v U.S.*, 396 F.2d 219; *U.S. v Magliano,* 336 F.2d 817; *Rutherford v U.S.*, 264 F.2d 180; *U.S. v Gaydos*, 310 F.2d 883; *U.S. v Sette*, 334 F.2d 267; *U.S. v Simon*, 241 F.2d 308; *Clay v U.S.*, 246 F.2d 298; *Merritt v U.S.*, 248 F.2d 19; *Field v U.S.*, 263 758; *Barnhill v U.S.*, 279 F.2d 105; *Rosen v U.S.*, 293 F.2d 938; *U.S. v Woodson*, 303 F.2d 49; *U.S. v Nicholson*, 303 F.2d 330; *U.S. v Brooks*, 303 F.2d 851; *U.S. v Marchointe*, 309 F.2d 435; *U.S. v Whiting*, 311 F.2d 191; *U.S. v Viale*, 312 F.2d 595; *U.S. v Grossman*, 315 F.2d 94; *U.S. v Wilson*, 214 F.Supp. 629.

Violations of corporate/employment tax requirements resulted in punishment by §7201, §7202, §7203, §7204 or §7210 in *Van Allen Co, v U.S.*, 422 U.S. 617; *Gundlach v U.S.*, 262 F.2d 72; *U.S. v Mollet*, 290 F.2d 273; *U.S. v Stevedores,* 310 F.2d 47; *Botta v Scanlon*, 314 F.2d 392; *Ryan v U.S.*, 314 F.2d 306; *U.S. v Becker*, 259 F.2d 869; *U.S. v Rothbart*, 723 F.2d 752; *Huges v U.S.*, 899 F.2d 1495; *U.S. v Gonzales,* 58 F.3d 506; *U.S. v Neal*, 93 F.3d 219 (6th. Cir 1996); *U.S. v Mounkes*, 204 F.3d 1024 (10th. Cir 2000).

Tax preparer violations were punished by §§ 7201, 7203, and 7206 in *U.S. v Mesheski*, 286 F.2d 345, and *U.S. v Barnes*, 313 F.2d 325.

Do the above cases evidence all potential uses of Chapter 75 punishments? Of course not. Section 4071 imposes a tax on manufacturing of tires, §4081 imposes a tax on gasoline and diesel fuel production, §4091 imposes a tax on manufacturing aviation fuel, §4121 imposes a tax on coal mining, §4161 imposes a tax on sporting goods, but the entire list would be very lengthy. The statutory provisions in §7201 through §7210 that apply to "Any person required under this title to…" authorizes punishment for violators of sections listed in this paragraph and other tax violations or there is otherwise no penalty for such offense---with a few specific exceptions. The criminal penalties of Chapter 75 for the above mentioned taxes may be seldom filed, but if there were no penalties, the manufacturers would surely cease paying the taxes.

The legal duties of a tax are located in the chapters detailing provisions of the tax, and the Defendant has not been confronted with any of those statutory legal duties. He has not been

charged with violating a law. There has been no crime averred. The terms of a statute control where the incidence of the tax falls. *U.S. v Lohman*, 74 F.3d 863, 866 (8th. Cir 1996). A Defendant cannot violate a punishment provision in Chapter 75. Chapter 75 details no action that would constitute a crime; it merely attempts to establish mental or physical predilection of the Defendant's actions that authorize a specific statutory punishment.

A citation from Chapter 75 does not identify a "known legal duty." Chapter 75 can be applied to "legal duties" related to alcohol violations, to wagering tax violations, to occupational license tax violations, to marijuana violations, to sugar law violations, to estate tax violation, to tax preparer violations, to corporate tax violations, and to admissions tax violations. A lawful duty is not averred by citing an allowable punishment.

Does the charge in count 1 present a different conclusion? The indictment, in count 1, claims the Defendant has violated Title "26 United States Code, Section 7201" and again makes declarations that income taxes are being pursued. Legal conclusions that the Defendant violated income taxes have no standing in criminal process; they identify no statutory duty.

In addition, without establishing a lawful requirement, the term 'false' or 'fraudulent' is without a standard of comparison. It is irrational to aver a false claim when an established lawful duty is not identified. With the government's adamant refusal to identify and expose a specific statutory tax requirement to contestation, the blank tax-forms could be evidence of fraud and extortion by the government. Is there any lawful tax that is due? If so, the prosecution has consistently refused to expose it to contestation. The burden of proof of showing a lawful tax due is upon the government.

In addressing an appeal from tax court, the circuit court declared: *"Fraud is intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing."* Estate of Trompeter v CIR, 279 F.3d 767, 773; quoting *Conforte v Comm'r*, 692 F.2d 587. The status of whether a tax is "owing" has been recognized by the prosecution as a major element in question Nowhere in the indictment has any statute been identified that imposes a lawful tax. Even in civil actions, the absence of an essential element being claimed by the petitioner is taken as evidence that the element is non-existent. *Scheid v Fanny Farmer*, 859 F.2d

434, 437; *O'Brien v DiGrazia*, 544 F.2d 543, 546 n.3. Since the government has refused to identify ANY statutory tax claimed to be due and owing, it follows that we should conclude the statute making a tax mandatory does not exist. Only a statutory tax imposes a duty upon a citizen, and no statutory duty is identified in the indictment. Could it be that the IRS is attempting to conceal fraud?

Prosecutors have claimed §7201 through §7210 have been violated by Defendants facing income tax charges for decades. The statutes are, in reality, authorization of power/punishment the IRS can utilize to coerce the payment of taxes. They have been confused with the authorized purpose for which the IRS was established; i.e., the collection of taxes. The difference between a power and an authorized purpose was eloquently distinguished in *Boyd v U.S.*, 116 U.S. 616. The difference between unrestrained power and use of power only for authorized purposes is the difference between tyranny and freedom.

*"Law is something more than mere will exerted as an act of power...Arbitrary power, enforcing its edicts to the injury of the persons and property of its subjects, is not law...the limitations imposed by our constitutional law upon the action of the governments...are essential to the preservation of public and private rights.. the enforcement of these limitations by judicial process is the device of self-governing communities to protect the rights of individuals and minorities... against the violence of public agents transcending the limits of lawful authority, even when acting in the name and wielding the force of the government." Hurtado v California*, 110 U.S. 516, 536 (1884).

Due process requires the prosecutor to affirmatively evidence their authority to tax " ... *jurisdiction of the Courts of the United States means a law providing in terms of revenue; that is to say, a law which is directly traceable to the power granted to Congress by Section 8, Article I, of the Constitution, 'to lay and collect taxes, duties, imposts, and excises.'" U.S. v Hill*, 123 U.S. 681, 686 (1887). *U.S. v Hill*, read simply, declares the court does not have jurisdiction unless the law cited in the indictment reflects a constitutional authorization. In the instant case, there is no law cited that claims to impose statutory responsibility on the Defendant, which is far less than the required averment of constitutional authorization

The Supreme Court nullified the conviction of a crime that was not charged in the indictment *"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. If, as the State Supreme Court held, petitioners were charged with a violation of 1* [and convicted of 2], *it is doubtful both that the information fairly informed them of that charge and that they sought to defend themselves against such a charge; it is certain that they were not tried for or found guilty of it. It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."* *Cole v Arkansas*, 333 U.S. 196, 201 (1947), citations omitted. *"A judgment rendered in violation of due process is void."* *National Bank v Wiley*, 195 U.S. 257 (1904); *Pennoyer v Neff*, 95 U.S. 714 (1878); *Hovey v Elliott*, 167 U.S. 409, 414-415.

The present situation is not of charging the Defendant under one statute and convicting him under another as in the *Cole* case; it is a situation of convicting him under an unidentified statute- --of *"a charge that was never made."* The IRS has not charged the Defendant with being legally responsible for any tax. The present situation is precisely the example envisioned by the court as a most egregious violation of due process. Defendant must be given adequate notice of the offense charged against him and for which he is to be tried. *Smith v O'Grady*, 312 U.S. 329 (1941). *"This Court has repeatedly stated that criminal statutes which fail to give due notice that an act has been made criminal before it is done are unconstitutional deprivations of due process of law."* *Jordan v De George*, 341 U.S. 223, 230 (1951). Here we are faced with a complete lack of any statute that gives notice of a lawful duty. And again: *"Conviction upon a charge not made would be sheer denial of due process."* *De Jonge v Oregon*, 299 U.S. 353, 362. (1937); *Dunn v U.S.*, 442 U.S. 100, 106-107.

Would the lack of a statute averring legal liability constitute harmless error? Again, let the Supreme Court address the issue. *"Deprivation of such a basic right* (to be tried only on charges presented in an indictment) *is far too serious to be treated as nothing more than a variance and then dismissed as harmless error."* *U.S. v Miller*, 471 U.S. 130, 140; *Stirone v U.S.*, 361 U.S. 212, 217.

Even in civil proceedings, the right to be confronted with the law imposing a legal responsibility is well established. The constitution commands "*that all available defenses may be presented to a competent tribunal before extraction of the tax and before the command of the state to pay it becomes final and irrevocable.*" *Nickey v Mississippi*, 292 U.S. 393, 396 (citations omitted). And again: The constitution requires a taxpayer must have "*an opportunity to question the validity or the amount of* (the tax) *either before that amount is determined, or in subsequent proceedings for its collection.*" *Winona v Minnesota*, 159 U.S. 526, 537 (citations omitted). These civil action standards are not diminished in criminal prosecutions. Is it not obvious that the opportunity to present a defense or to question the validity of a tax is never available if the conditions of why an individual might be legally responsible for the tax is never established ??

Perhaps the declaration in *U.S. v Hutcheson*, 312 U.S. 219 (1941) involving a labor dispute under the Sherman Act might be suggested to allow flexibility in--- or to even negate the necessity of--- identifying a statute violated by the accused: "*In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another statute.* (A statute other than the one cited) *may draw the sting of criminality from the allegations.*" id, 229. [This case was cited as supportive during the modification of FRCrP 7 (c) (3).]

It is noteworthy the Supreme Court has never relied upon this passage nor have they supported it in any subsequent case involving the sufficiency of an indictment. It is conspicuously absent from *U.S. v Miller*, 471 U.S. 130 (1985); *Dunn v U.S.*, 442 U.S. 100; *Hamling* v U.S., 418 U.S. 87 (1974); *Russell v U.S.*, 369 U.S. 749 (1962); and *Stirone v U.S.*, 361 U.S. 212 (1960).

The appellate courts that have referred to the *Hutcheson* case on this point have involved statutes averred in the indictment that was not the specific statute violated by the accused A consistent qualifier added in those cases was that the substitution did not "prejudice" the Defendant. *U.S. v Calabro*, 467 F.2d 973, 981 (2nd cir 1972); *U.S. v Kahn*, 472 F.2d 272, 284 (2nd cir 1973); *U.S. v Chestnut*, 533 F.2d 40, 45 (2nd cir 1976); *U.S. v Bethany*, 489 F.2d 91, 93 (5th cir 1974); *U.S. v Stone*, 954 F.2d 1187, 1191-1192 ( 6th Cir. 1992); *U.S. v Bonallo*, 858 F.2d 1427, 1431 (9th. Cir

1988); *U.S. v Chatham,* 677 F.2d 800, 803 (11th. Cir 1982). The "prejudicial" proviso was incorporated into Federal Rule of Criminal Procedure 7 many years ago

After considering the *Hutcheson* statement, one appellate court dismissed the indictment. "*Because the missing element in the present case was essential, its complete absence ...is a fatal defect...The first four elements...do not by themselves state ANY federal crime. The court thus had no jurisdiction to try* (Defendant) *under that count...and its judgment must be vacated*" *U.S. v Hooker*, 841 F.2d 1225, 1232 (4th cir 1988) emphasis in original. If the absence of a mere fact is sufficient reason to declare jurisdiction is void, the lack of a statute that the fact is to evidence was violated is a much more profound reason.

It is sometimes contended "elements" relate exclusively to facts and eliminates the requirement a law be averred in an indictment, or in an information. Elements historically included provisions of law. The Supreme Court has declared: "*Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged AND fairly informs a Defendant OF THE CHARGE which he must defend...*" *Hamling v U.S.,* 418 U.S. 87, 117 (1974), emphasis added. The charge---in addition to the elements--- must be presented in the indictment. A "charge" is an alleged violation of a statute. The supreme court imposed no qualification of prejudice.

Compare the above with FRCrP, 7 (c) (1): "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged..." The "essential facts" do not replace the requirement that a statutory legal duty must be averred; they are used to describe why the actions of the accused varied from the mandatory duty and constitute "the offense charged." Without identifying a mandatory duty imposed by statute, all facts are irrelevant; there is nothing to prove.

Endless recent appellate citations can be offered that include the statement "elements of the offense" or "elements of the charge" or "elements of the crime charged" are required for a valid indictment. Ref. *West's Federal Procedure Digest*, Indictment & Information, Key 60. A variance from a statutory duty, alleged elsewhere, is implicit within these statements. The elements are required in addition to the identification of a mandatory duty to prove the variance

from the known legal duty imposed by a statute. Elements are of no value if they do not describe how the action of the Defendant varied from a statutory required duty.

As a representative case, *U.S. v Vroman*, 975 F.2d 669 (9th. Cir 1992) relies upon *Hamling v U.S.*, 418 U.S. 87 (1974) to contend mere elements without the identification of a statutory duty is sufficient for a valid indictment. Hamling states: "Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged AND FAIRLY INFORMS A DEFENDANT OF THE CHARGE AGAINST WHICH HE MUST DEFEND… id 117, emphasis added. *Hamling* certainly does not negate the mandate that an indictment must clearly identify a "known legal duty"

The writers of FRCrP 7 (c)(3) provision eliminating the necessity of presenting a violated statutory citation in an indictment also relied upon *Williams v U.S.*, 168 U.S. 382 (1897). "*It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force…We must look to the indictment itself, and, IF IT PROPERLY CHARGES AN OFFENSE under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute.*" id 389, emphasis added. It must be noted there is no implication in *Williams* or in the *Hutcheson* case that an indictment without an alleged statutory violation could be considered valid.

But the discussion of *Hutcheson* and *Williams* is missing the entire point of this Motion to Dismiss. Those cases focused on an issue of whether the statute cited is different from the crime of which the Defendant was convicted---and whether the difference is "prejudicial" to the Defendant. The status of "prejudice" as an issue relevant to an indictment without any identified offense has already been declared a *non sequitur. Harris v U.S.*, 149 F.3d 1304, 1308; *Kelly v U.S.*, 29 F.3d 1107, 1113-1114; *Patton v U.S.*, 281 U.S. 276, 292.

The instant indictment does not aver/charge a violation of a known legal duty---a federal crime--- and does not present a case for adjudication; the challenge is jurisdictional.

Numerous opinions after trial have declared either IRC §§ 1, 61, 63, 6011(a), 6012, 6012(a), et seq., 6072(a), or 6151 or even the 16th. Amendment impose liability (a legal duty) for an income

tax. Ref. *U.S. v Moore*, 692 F.2d 95; *Ficalaro v CIR*, 751 F.2d 85; *Charczuk v CIR*, 771 F.2d 471; *Stelly v CIR*, 761 F.2d 1113; *U.S. v Pederson*, 784 F.2d 1462 (1986); *U.S. v Bowers*, 920 F.2d 220; *U.S. v Vroman*, 975 F.2d 669; *Coleman v CIR*, 791 F.2d 68. These declarations not only evidence the indictments did not include the statute the courts have concluded impose liability (without an opportunity to confront the premise in violation of the Sixth Amendment), but they additionally evidence the filling in of voids within the indictment after trial---a practice rejected by the supreme court. It must be noted those statutes are never cited in an indictment.

In condemning a nebulous indictment, the court declared: *"A cryptic form of indictment in cases of this kind requires the Defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point* [law] *and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof* [law] *by surmise or conjecture. The Court has had occasion before now to condemn just such a practice." Russell v United States*, 369 U.S. 749, 766. citations omitted.

The conclusion by the appellate courts that the above statutes were believed to impose liability constitute an acknowledgment that the issue of liability was never submitted to the court for contestation. *"The court in effect rendered judgment against him upon a matter that was not within the pleadings and was not in fact litigated To do this without his consent---and the record shows no consent---is contrary to fundamental principles of justice." Coe v Armour Fertilizer*, 237 U.S. 413, 426 (1915).

And again the court reversed a conviction: *"There was a discrepancy between the basis on which the jury rendered its verdict and that on which the Court of Appeals sustained petitioner's conviction...appellate courts are not free to revise the basis on which a Defendant is convicted simply because the same result would likely obtain on retrial...To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a Defendant's right to be heard on the specific charges of which he is accused." Dunn v U.S.,* 442 U.S. 100, 106 (1979); *Thornhill v Alabama*, 310 U.S. 88, 96. Naked facts do not present a charge, nor do conclusions of law, nor does the citation of a permissible punishment.

And what is the status of an indictment that does not aver a crime?? The constitution authorizes the federal courts to have jurisdiction of "cases." If an indictment does not aver a crime, there is no case. *"If an indictment does not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a Defendant for violation of the offense...Matters of jurisdiction may be raised at any time, because if a court lacks subject matter jurisdiction, it does not have power to hear the case."* U.S. v Adesida, 129 F.3d 846, 850 (6th. Cir 1997); *U.S. v Armstrong,* 951 F.2d 626, 628 (5th cir. 1992); *U.S. v Hughey,* 147 F.3d 423, 436 (5th. Cir 1998); *U.S. v Dabbs,* 134 F.3d 1071 (11th.Cir. 1998); *Thor v U.S.,* 554 F.2d 759, 762 (5th. Cir 1977).

*"If* (the Defendant) *was convicted of a charge the grand jury never made against him,* (it) *was fatal error."* Stirone v U.S., 361 U.S. 212, 217-219 (1960). *"Conviction upon a charge not made would be sheer denial of due process."* De Jonge v Oregon, 299 U.S. 353, 362. (1937); *Thornhill v Alabama,* 310 U.S. 88, 96 (1939).

*"Convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment... Deprivation of such a basic right* (to be tried only on charges presented in an indictment) *is far too serious to be treated as nothing more than a variance and then dismissed as harmless error."* U.S. v Miller, 471 U.S. 130, 136, 140 (1985); *Russell v U.S.,* 369 U.S. 749, 770-771.

*"We cannot affirm a criminal conviction on the basis of a theory not presented to the jury."* Chiarella v U.S., 445 U.S. 220, 236 (1980). *"To properly proceed with a prosecution, the government must allege conduct violative of a federal statute. An indictment must include all of the essential elements OF THE CRIME ALLEGED therein..."* U.S. v Palumbo Bros, 145 F.3d 850, 860 (7th. Cir 1998) emphasis added; *U.S. v Hooker,* 841 F.2d 1225,1232 (4th cir 1988). In addition to the elements, the crime must be alleged. Jurisdictional defects *"CANNOT be procedurally defaulted* ...(nor) *waived or conferred by the consent of the parties*...(nor must a Defendant) *show 'cause' to justify his failure to raise such a claim* (in trial court)." *Harris v U.S.,* 149 F.3d 1304, 1308 (11th. Cir 1998) emphasis in original.

The Supreme Court's addressing the sufficiency of an indictment is relevant: *"If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it*

ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed...(this court's unanimous opinion has been) *that a court cannot permit a Defendant to be tried on charges that are not made in the indictment against him.*" *U.S. v Miller*, 471 U.S. 130, 142-143 (1985) internal citations omitted

The requirement of a charge is maintained as recently as 1998. "*An indictment must set forth **each element** OF THE CRIME IT CHARGES.*" *Almendarez v U.S.*, 523 U.S. 224, 228 (1998). emphasis added. Note the charge is a separate entity from the elements set forth. Even the IRS is required to conform their prosecutions to actions that are clearly defined in the statutes or face dismissal of indictments. *U.S. v Carroll*, 345 U.S. 457 (1953).

"*The Sixth Amendment requires that an indictment (1) enumerate each prima facie element of the charged offense; (2) fairly inform the Defendant of the charges filed against him...The purpose of the indictment is to provide the Defendant with notice of the offense with which he is charged.*" *Almendarez v U.S.*, 523 U.S. 224, 228 (1998); *Hamling v U.S.*, 418 U.S. 87, 117; U.S. v Miller, 471 U.S. 130, 136; *U.S. v Wicks*, 187 F.3d 426 (4th. Cir 1999); *U.S. v Gaytan*, 74 F.3d 545, 551-552 (5th. Cir. 1996); *U.S. v Cavalier*, 17 F.3d 90 (5th. Cir 1994); *Separate v Rees*, 909 F.2d 1234 (9th. Cir 1989); *U.S. v Scott*, 993 F.2d 1520 (11th. Cir 1993). Notification of legal responsibility is "*the first essential of due process of law.*" *Connally v General Construction Co.*, 269 U.S. 385, 391 (1926). Conformance with that requirements has clearly not been made.

"*The starting place for any determination of whether the charged conduct is proscribed by a criminal statute is a reading of the language of the charging instrument and the statute itself...*(and if there is) *lack of adequate notice of the crime alleged...*(then) *it is so defective that by any reasonable construction, it fails to charge the offense for which the Defendant is convicted* (and it must be set aside)." *U.S. v White*, 258 F.3d 374, 381 (5th Cir. 2001). Citations and quotations omitted. Again, the required "criminal statute" has not been found in the instant indictment.

In reviewing an indictment that failed to aver a required statutory element of a crime, the court declared: *"Only the appearance in the indictment of all of the offense's elements meets this* (jurisdictional) *requirement." U.S. v Cabrera-Teran*, 168 F.3d 141, 145 (5th Cir. 1999). The lack of the required element in the indictment required the court to conclude: *"Because of this omission, the indictment fails to charge an offense, leaving the district court without jurisdiction."* id. 147. *U.S. v Adesida*, 129 F.3d 846, 850 (6th. Cir. 1998); *U.S. v Armstrong*, 951 F.2d 626, 628 (5th. Cir.) *"An indictment must include all of the essential elements of the crimes alleged therein.. To properly proceed with a prosecution, the government must allege conduct violative of a federal statute."* *U.S. v Palumbo*, 145 F.3d 850, 860; *U.S. v Miller*, 471 U.S. 130; *U.S. v Sloan*, 939 F.2d 499; *U.S. v Mallen*, 843 F.2d 1096, 1102 (8th. Cir 1988); *U.S. v Adkinson*, 135 F.3d 1363 (11th cir 1998). In the instant case, we are not faced with the mere omission of an element of a crime; we are faced with the omission of a crime; of *"conduct violative of a federal statute."*

In *U.S. v Haga*, 821 F.2d 1036 (5th. Cir 1987) the court reviewed an indictment with the declaration: *"This is not a case of citing the wrong statute...the indictment...plainly allege one offense, while appellant was convicted of another and different offense."* id 1045-1046. The court set aside the conviction with the declaration: *"A conviction for an offense not alleged in the indictment or presented at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a Defendant's right to be heard on the specific charges of which he is accused."* id. 1046, citing *Dunn v U.S.*, 442 U.S. 100.

*"The Fifth Amendment guarantees that a criminal Defendant will be tried only on charges alleged in a grand jury indictment...the indictment cannot be broadened or altered except by the grand jury...A constructive amendment occurs when the trial court, through its instructions and facts it permits in evidence, allows proof of an essential element of a crime on an alternative basis permitted by the statute but not charged in the indictment ...a constructive amendment is considered prejudicial per se and grounds for reversal of a conviction." U.S. v Threadgill*, 173 F.3d 357, 370 (5th. Cir 1999); *U.S. v Hornung*, 848 F.2d 1040, 1046 (10th. Cir. 1988); *U.S. v Hathaway*, 798 F.2d 902, 910 (6th. Cir. 1986).

*"...compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. If this requirement of the* (Bill of Rights) *is not complied with, the court no longer has jurisdiction to proceed. If ...petitioner ...did not competently and intelligently waive his right to counsel* (and was therefore denied a constitutional right), *it will follow that the trial court did not have jurisdiction to proceed to judgment and conviction of petitioner...The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." Johnson v Zerbst*, 304 U.S. 458, 467, 468 (1938); *Burgett v. Texas*, 389 U.S. 109 (1967). The Fifth Amendment right to be notified of a law allegedly violated and the opportunity to defend against the charge, secured by due process, is of no less constitutional moment than the Seventh Amendment right to counsel in the *Zerbst* case.

In *Smith v U.S.*, 360 U.S. 1, the court held the Fifth Amendment right to an indictment for a capital offense could not be waived *by the Defendant* and that a proceeding in violation of this constitutional requirement negated the jurisdiction of the court. The ruling was incorporated into Federal Rule of Criminal Procedure 7(a).

Nor can an invalid indictment be modified by the prosecutor. An indictment that does not charge a crime can not have substantive issues modified by the prosecutor; an indictment is an emissive of a grand jury. *Rabe v Washington*, 405 U.S. 313 (1972).

The instant action involves the lack of a law identifying a known legal duty in the indictment and the failure to allege a crime. The courts therein made a clear usurpation of power by wrongfully extending its jurisdiction beyond the scope of their authority *Stoll v Gottlieb,* 305 U.S. 165, 171. That renders the adjudication a nullity and void, not merely voidable. *Lubben v Selective Service Board*, 453 F.2d 645; *Vallely v Northern Ins.*, 254 U.S. 348, 353-354. A void judgment, as opposed to an erroneous one, is one that from its inception was legally ineffective. *Williams v North Carolina*, 325 U.S. 226; *Kalb v Feuerstein*, 308 U.S. 433.

*"Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known*

*to the judge, no excuse is permissible.*" *Bradley v Fisher*, 80 U.S. 335, 352 (1871); *Rankin v Howard*, 633 F.2d 844.

There is no known legal duty averred to be violated (a charge) in the instant indictment. The indictment must be dismissed for failure to state a crime.

Does the requested relief run counter to the Federal Rule of Criminal Procedure 7 (c)(3) declaration as amended in 2002 that "a citation's omission is (not) a ground to dismiss the indictment or information or to reverse a conviction" (hereafter the 'Rule') unless the judge, in his sole opinion, declares the omission works to "prejudice" the Defendant? It does indeed. Prejudice is inherent when a Defendant is not accused of violating a statute.

There is NO court adjudication found prior to 2002 that has even considered the Rule's position acceptable, including the *U.S. v Hutcheson* and *Williams v U.S.* cases (supra) cited as supportive by the advisory committee during the establishment of the Rule. Not only is the Rule in irreconcilable contrast with all court adjudication discussed herein, the Rule is directly in contrast with constitutional covenants the decisions have adjudicated during the past 200 years. In fact, it is in conflict with FRCrP 7 (c)(1): "...the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the Defendant is alleged to have violated."

The Rule is contrary to the Fifth Amendment covenant that "No person shall be...deprived of life, liberty, or property, without due process of law..." The 800 years evolution of "due process" from the Magna Carta's provision that "No free man shall be taken or imprisoned or disseized or exiled or in any way destroyed, nor will we go upon him nor send upon him, except by the...law of the land." is totally annihilated by the provision. *Dent v West Virginia*, 129 U.S. 114; *Hovey v Elliott*, 167 U.S. 409; Ref. CONSTITUTION OF THE UNITED STATES OF AMERICA, U.S. Government Printing Office, p 1137, 1973.

In addition, the Sixth Amendment provision that the accused shall "be informed of the nature and cause of the accusation" is also made conditional upon the whim of a judge. The Rule, in effect, would negate two of the most fundamental bedrock Constitutional protections the citizens have from oppressive government It leaves to the imagination of the prosecutor and the court an

unchallengeable discretion to accuse without identification of the violative act. Incarceration could be ordered until the accused confesses to some crime and then the accusation commences. It inherently shifts the burden of proof from the prosecutor to the accused; it is impossible for an accused to prove they are innocent of an unidentified crime. It would prevent any defense from being presented since there is no identification of what act is supposedly forbidden. Appeals, as a method of verifying a law was violated, would be a hollow ritual; the issue was never addressed in trial court nor submitted to contestation.

The Rule is an instrument worthy only of a tyrant in the image of Saddam Hussein. Should we count the days before midnight arrests, incommunicado confinement, and a silent permanent removal from society in a police state will become commonplace? All in the interest of protecting the people, of course. A "crime" of being politically incorrect would expeditiously remove an irritant from society into a memory hole.

The court has said it very well: *"It is not permissible to shift the burden by arbitrarily making one fact, which has no relevance to guilt of the offense, the occasion of casting on the Defendant the obligation of exculpation."* Tot v U.S., 319 U.S. 463, 469. Applied in the instant case, it could be read: The acknowledgement that the IRS collects taxes cannot be automatically converted into indisputable proof that anyone accused by the IRS is inherently legally responsible for an unidentified tax. Due process does not condone guilt by mere accusation; guilt of a crime requires the violation of a statute. *"The power to create presumptions is not a means of escape from constitutional restrictions."* Bailey v Alabama, 219 U.S. 219, 239.

Further, the constitution has provided "Judicial Power shall extend to all Cases...arising under this Constitution, the Laws of the United States..." Article III, Section 2. Federal courts have only jurisdiction authorized by Article III of the Constitution and the federal statutes enacted pursuant thereto. *Bender v Williamsport School*, 475 U.S. 534, 541-543 (1986). *"This clause* (Article III, Section 2) *enables the judicial department to receive jurisdiction to the full extent of the constitution, laws, and treaties of the United States, when any question respecting them shall assume such a form that the judicial power is capable of acting on it. That power is capable of acting only when the subject is submitted to it by a party who asserts his rights in the form*

*prescribed by law. It then becomes a case." Osborn v Bank of the United States*, 22 U.S. 738, 819 (1824). And what is a "form prescribed by law"?

An indictment is defined as: "An accusation in writing found and presented by a grand jury…that a person therein named has done some act, or been guilty of some omission, which by law, is a public offense, punishable on indictment." Black's Law Dictionary, Fourth Edition. If a form does not identify a public offense by law, it is not an indictment. An indictment that does not identify a public offense is an oxymoron.

The Rule attempts to authorize an expansion of jurisdiction to adjudicate a form (labeled an indictment) that does not identify a case arising under the laws of the United States. The Rule is therefore an attempt to amend the constitution that has not followed the established methods for amendment and is consequently null and void "*A court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators." Stoll v Gottlieb*, 305 U.S. 165, 171. A fundamental constitutional right cannot be negated by a mere procedural alteration. "*Nothing can destroy a government more quickly than its own failure to observe its own laws or worse, its disregard of the charter of its own existence." Mapp v Ohio*, 367 U.S. 643, 659 (1961).

It is established that an act of congress repugnant to the constitution is null and void *Marbury v Madison*, 5 U.S. 137. *"The courts are not bound by mere form, nor are they to be misled by mere pretenses. They are at liberty -- indeed they are under a solemn duty -- to look at the substance of things, whenever they enter upon the inquiry whether the legislature has transcended the limits of its authority If, therefore, a statute purported to have been enacted to protect...the public safety, has no real or substantial relation to those objects or is a palpable invasion of Rights secured by the fundamental law, it is the DUTY of the courts to so adjudge, and thereby give effect to the Constitution." Mulger vs. Kansas*, 123 U.S. 623, 661.

Rules of court hold less stature than a law and must be similarly treated. *"An unconstitutional act is not law; it confers no rights, it imposes no duties; it affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed." Norton v. Shelby County*, 118 U.S. 425. It is the duty of the court to uphold the constitution they have sworn to

support, not the rules of procedure. *U.S. v Fisher*, 6 U.S. 358; *Williams v Louisiana*, 103 U.S. 637. The court cannot decline to rule on a constitutional challenge. *Shelley v Kraemer*, 334 U.S. 1; *Scott v Sandford*, 60 U.S. 393. *"Because of what appears to be a lawful command on the surface, many citizens, because of their respect for what only appears to be the law, are cunningly coerced into waiving their rights due to ignorance."* *U.S. v. Minker*, 350 U.S. 179, 187.

And again: *"This court, as is the case with all federal courts, has no jurisdiction to* (address and proceed) *except as it is called upon to adjudge the legal rights of litigants in actual controversies."* *U.S. v Raines*, 362 U.S. 17, 21 (1960). In the instant case, there is no "legal right of a litigant" brought before this court, yet the Rule would condone the indictment. It is elementary that a citizen has no responsibility to pay a tax unless the tax is statutorily imposed. As affirmed by the court in *Boyd v U.S.,* 116 U.S. 616: *"If it is a law, it is in the books; if it is not in the books, it is not a law."*

Would a claim by the prosecutor that the unidentified tax is beyond a viable challenge be sufficient to sustain the flawed indictment? Again, the court has responded *"...notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused..."* *Cole v Arkansas*, id 201, emphasis added. The court has reiterated that the indictment must be valid on its face to satisfy the Fifth Amendment requirement of due process. *Lawn v U.S.*, 355 U.S. 339, 349. Conviction without a criminal charge violates the first principle of due process. *Thornhill v Alabama*, 310 U.S. 88, 96.

In addressing a tax issue, the Supreme Court was quite lucid in a civil case. *"It is enough that all available defenses may be presented to a competent tribunal before exaction of the tax and before the command of the state to pay it becomes final and irrevocable."* *Nickey v Mississippi*, 292 U.S. 393, 396; *Security Trust v Lexington*, 203 U.S. 323. The forum to present all available defenses is of no less moment in this criminal proceeding than in a civil case.

Would the nebulousness of a specific statute that imposes a tax be sufficient to waive a formality of specifying the tax? The court has responded to that question. *"Keeping in mind the well-settled rule that the citizen is exempt from taxation unless the same is imposed by clear and unequivocal*

*language, and that where the construction of a tax law is doubtful, the doubt is to be resolved in favor of those upon whom the tax is sought to be laid.*" *Spreckels Sugar v McClain*, 192 U.S. 397, 416 (1903). And again: "*In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen.*" *Gould v Gould*, 245 U.S. 151, 153; *Hecht v Malley*, 265 U.S. 144, 156; *Hassett v Welch*, 303 U.S. 303, 314; *White v Aronson*, 302 U.S. 16, 20. In the instant case, we have enlarged a statute that we have not seen.

The Rule undercuts all protections and positions identified in Opinions in the above six paragraphs.

If we were to conclude that no law imposing a tax is required to be averred, with a claim the statute has been violated by the accused, is it not obvious that the need for the unidentified law to exist is superfluous? Is it not apparent that whatever the prosecutor and the magistrate agree should be the duty of the accused then becomes sufficient authority to imprison the miscreant? Is this not an obvious case of a "government of men" and not a "government of law"?

The constitutional right to be left alone unless accused of violating a law has been declared to be "*the most comprehensive of rights and the right most valued by civilized men.*" (*Olmstead v U.S.*, 277 U.S. 438, 478 dis op.) and is the essence of due process. The Magna Carta's declaration that "No free man shall be taken or imprisoned or disseized or exiled or in any way destroyed, nor will we go upon him nor send upon him, except by the…law of the land." (the historic origin of due process) arguably predates the origin of the indictment

While all legal theory and case history given herein focus on the absence of a law within the indictment, a reflection on the history of the Magna Carta's protection in the frame of the instant application underscores why the safeguard was demanded by the Barons so many years ago. Without a requirement that the law be cited to justify the King's seizure of the peasant's goodies, there can be no meaningful defense to arbitrary confiscation under color of law. If an affirmative declaration of the law imposing the tax is not mandatory, the dispossessed must carry the burden

of proof to show the theft is illegal; i.e., that the seizure cannot be justified under some unidentified law. A threat of criminal prosecution---and confinement---rather than an outright seizure by King John's minions only increases the severity of devastation to the citizen. This proviso in the Magna Carta reversed the Roman law maxim of guilt by accusation and has become a bed-rock foundation of Anglo jurisprudence.

A reversal of our historic placement of the burden of proof is impossible to overcome; it is impossible to prove that a law that MIGHT impose a tax does not exist. It is plain that where the burden of proof lies may be decisive of the outcome. *Cities Service Oil Co v Dunlap*, 308 U.S. 208. The burden of proof is upon the taxing entity; it is a violation of due process to require a Defendant to prove exclusion from a tax. *First Unitarian Church v Los Angeles*, 357 U.S. 545.

To be denied the opportunity to present a defense to a (supposed) criminal charge is a reversion to the barbaric days of the Salem (and continental) witch trials and the Inquisitions wherein any individual defending the accused became another accused The IRS has a lengthy and consistent track record of adamant refusal to declare in court documents and in testimony, in correspondence to private citizens, during press conferences, and to members of congress, a law that imposes an income tax and risk exposure to a challenge in court while carrying the burden of proof as required by due process.

In fact, a senior representative of the IRS declared during a September, 2003 press conference that individuals who demand to know the law that imposes an income tax should expect to face criminal charges. The citizen must acquiesce to legal responsibility for any tax conjured by the IRS or face the awesome wrath of limitless funding behind criminal prosecution and the destruction of that individual's life. [One method of avoiding a presentation of a liability statute is for the prosecutor to introduce evidence the accused signed and filed tax forms in earlier years. Similar evidence that an accused burglar had prior convictions for robbery would not be allowed in a criminal prosecution.] It can only be concluded that the absence from all judicial process is an institutional policy to prevent a challenge to any tax with the requirement the government carry the burden of proof.

An income tax may, or may not, be involved in the instant indictment. Discussion of that particular tax is used to show the documented institutional position of the IRS toward any person that presents a legal challenge to a tax. The relevant statutes in Title 26, prior to the 1954 revision, repeatedly required the citizen be shown "liable by law" before a summons to appear would be enforced by a court. Those provisions were omitted in the revision. It is not mere oversight on the part of the IRS to not aver a statute that imposes a legal liability on the citizen. It is a deliberate and premeditated institutional practice of more than 50 years.

Various court opinions and government sources have listed a variety of statutes suggested to impose liability for an income tax. They include IRC §§1, 61, 63, 6011(a), 6012, 6012(a), et seq., 6072(a), and 6151 and even the 16th. Amendment. It is observed that none of these statutes have ever been averred in any complaint, indictment, or information where the government would have to carry the burden of proof and expose the statute to contestation as required by due process.

In reflecting on Star Chamber proceedings, the Supreme Court quoted J. Stephen: *"There is something specially repugnant to justice in using rules of practice in such a manner as to* (prevent a Defendant) *from defending himself, especially when the professed object of the rules so used is to provide for his defense." Faretta v. California*, 422 U.S. 806, 822-823 (1975). The object in the instant procedure of the IRS *"to prevent a Defendant from defending himself"* may be even less meritorious: to expedite the confiscation of revenue by preventing a challenge to the law.

This nation has had occasion to witness the flagrant violation of procedural safeguards of due process in judicial proceedings. The practice is identified as judicial lynching In reviewing a case in which a black Defendant, to appease a mob of white citizens, was arrested, indicted, convicted, and sentenced to death in less than two days after a young white girl was reportedly raped, the Supreme Court of Appeals for the State of West Virginia declared: *"A judicial lynching is a graver and more startling crime than a lynching by the irresponsible rabble. It undermines the foundation of orderly government, and weakens respect for law and order. Much of the success of any form of government depends upon the opinion of those governed, of its power to protect them in the administration of the laws, and in the wisdom and integrity of those*

*who govern. When the courts do not uphold the laws, respect for law and for government ceases. There should be no compromise with the spirit of lynching for any crime."* State v Lattimar, 111 S.E. 510, 90 W.Va. 559. (1922).

Concurrence with this conclusion is found in the archives of the Supreme Court: "*In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher For good or for ill, it teaches the whole people by its example. Crime is contagious If the Government becomes a lawbreaker, it breeds contempt for law: it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means - to declare that the Government may commit crimes in order to secure the conviction of a private criminal - would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face.*" Olmstead v U.S., 277 U.S. 438, 485. (dis op 1928). This dissenting opinion was a significant factor in the adjudication *of Katz v U.S.,* 389 U.S. 347 when *Olmstead* was held in disfavor.

Today, the crisis is not between blacks and whites; it has been replaced with the IRS demanding punishment upon those who are informed they are taxpayers---but no accusatory law will be cited in the indictment by those who so vociferously clamor for the incarceration of the avowed miscreant. And the federal courts are making a standing practice of the lynching.

The ultimate question before this court is whether 800 years advancement of civilized jurisprudence must yield to the whim of the IRS for expedited extortion of revenue under color of law. We cannot use the phrase "collection of taxes" until the citizen is confronted with a statutory duty to pay a tax and an opportunity to challenge that contention The only difference between organized crime and the IRS is that the IRS has the blessing of the courts.

## SUMMARY

Since there is no statute identifying a lawful duty in the indictment as required by:

    1) due process of the 5th. Amendment;

2) the "nature and cause of the accusation" clause of the 6th Amendment and by;

3) Article III, section 2 of the Constitution extending jurisdiction to cases,

it is conclusive the Defendant has not been charged with the violation of a lawful duty. If the Defendant has not been charged with violating a lawful duty, there has been no crime charged. If there is no crime charged, there is no criminal case. If there is no criminal case, there is nothing before this court to exercise jurisdiction over. Therefore, the indictment must be dismissed for failure to charge an offense.

Dated this 3rd day of January, 2012.

ALL RIGHTS RESERVED

David L. Toppin
465 Salisbury Street
Holden, Massachusetts 01520
America

## CERTIFICATE OF SERVICE

I, David Lynwood Toppin, hereby declare and state that I have filed a true and correct copy of the above document with the Clerk of the Court for United States District Court and have mailed a copy hereof, postage prepaid thereon, to the U.S. Attorney's Office, on January 3, 2012.

Sarah Allison Thornton
Clerk of Court
United States District Court
District of Massachusetts
595 Main Street
Worcester, Massachusetts 01608
(508) 929-9900

Christine J. Wichers
Office of the U.S. Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210

David L. Toppin
465 Salisbury Street
Holden, Massachusetts
America
Without the United States