## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )    Case No. 4:11-CR-40023-FDS
    )    (Wichers, C; Bowers, S)
    v.    )
    )    JUDICIAL NOTICE
    )
DAVID L TOPPIN,    )    (Special Appearance)
    )
    Affiant/Defendant in error.    )

Affiant/Defendant in error ("Defendant") respectfully requests this Court take Mandatory Judicial

Notice of the Following:

1.  5 USC 556(d) states:

> "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof."

2.  5 USC § 702 states:

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States:
>     Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.
>     Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."

3.  *MAXFIELD'S LESSEE v. LEVY*, 4 U.S. 330, 332, (1797) ¶ 20 of Opinion says:

"4th. The jurisdiction of this Court is not *prima facie* general, but special. A man must assign a good reason for coming here. If the fact is denied, upon which he grounds his right to come here, he must prove it. He, therefore, is the actor in the proof; and, consequently, he has no right, where the point is contested, to throw the *onus probandi* on the defendant."

4. *First Unitarian Church v. Los Angeles*, 357 U.S. 545, 547 (1958) says:

"For the reasons expressed in *Speiser v. Randall*, we hold that the enforcement of § 19 of Art. XX of the State Constitution through procedures which place the burdens of proof and persuasion on the taxpayer is a violation of due process."

5. *Speiser v. Randall*, 357 U.S. 513, 529 (1958) says:

" ... its enforcement through procedures which place the burdens of proof and persuasion on the taxpayer is a violation of due process."

6. *Andrews v. State of Ohio*, 104 F3d 803, 806 (6th Circuit 1997) ¶¶ 14 & 15 says:

""In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (internal citations omitted) (emphasis in original)"

7. *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) quoting

the Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) says:

" * * * it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct. at 1240.

"From these two cases, three criteria emerge for determining the present outerlimits of *in personam* jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

8. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283,78 S. Ct.1228 (1958) says:

"... it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *International Shoe Co. v. Washington*, 326 U.S. 310, 319.

9. *Bird v. Parsons,* 289 F.3d 865, 871, 872, 874 (6th Cir. 2002) ¶¶ 13, 16, 27, 28 says:

> "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists.
>
> \*\*\*\*\*
>
> "… personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute **and if the exercise of personal jurisdiction would not deny the defendant due process.**" *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir.1992) (internal citations omitted). We have recognized that **Ohio's long-arm statute is not coterminous with federal constitutional limits.** *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000) (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (1994) (per curiam)). Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state **so as not to offend "traditional notions of fair play and substantial justice."** *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir.1998) (addressing the due process concerns rather than inquiring into the propriety of jurisdiction under Ohio's long-arm statute).
>
> \*\*\*\*\*
>
> "Specific jurisdiction over the Dotster defendants is permissible only if their contacts with Ohio satisfy the three-part test that this court established in *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968):
>
> "First, the defendant must **purposefully avail himself of the privilege of acting** in the forum state or causing a consequence in the forum state. Second, the **cause of action must arise from the defendant's activities there.** Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
>
> *"See Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721-24 (6th Cir.2000) (applying the *Mohasco* factors)" (Emphasis mine)

10. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 722-723 (6th Cir. 2000) ¶¶ 16 & 17 says:

> "We think the district court correctly recognized that the mere existence of a contract between Rowlette and an Ohio citizen for seventeen months is insufficient to confer personal jurisdiction over Rowlette. See Nationwide, 91 F.3d at 795 (citing Burger King, 471 U.S. at 478). In Burger King, 471 U.S. at 479, the Supreme Court stated that "prior negotiations and contemplated future consequences, along with the terms of the contract and parties' actual course of dealing" must be considered to determine whether "the defendant purposefully established minimum contacts within the forum." We interpret this statement to mean that the parties' actions "in the negotiation and performance of the

... agreement" are more important factors to consider than the duration of the contract in determining whether this case "should be subject to suit in Ohio." See Nationwide, 91 F.3d at 796. Moreover, in LAK, 885 F.2d at 1301, we noted that the quality rather than the quantity of the contacts is the proper subject of review. Similarly, we should focus here on the **quality of the parties' relationship**, rather than the duration of the relationship.

"In examining the quality of the parties' relationship, we find that the actual course of dealings between the parties demonstrates that Rowlette's contacts with Ohio were purely "fortuitous" and "attenuated." In Kerry Steel Inc. v. Paragon Industries, Inc., 106 F.3d 147, 151 (6th Cir. 1997), we held that an out-of-state defendant-buyer did not purposefully avail itself of the benefits and protections of the forum state's laws because, in part, no facts connected the subject matter or performance of the contract at issue to the forum state. Furthermore, we held that any negative economic effect on the in-state plaintiff-seller did not create a determinative impact on the state economy, as "'the locus of such a monetary injury is immaterial, as long as the obligation did not arise from a **privilege** the defendant exercised in the forum state.'" Id. (quoting LAK, 885 F.2d at 1303). Likewise, in International Technologies Consultants v. Euroglas, 107 F.3d 386, 395 (6th Cir. 1997), we found it "purely fortuitous" that the foreign defendant-seller had any contact with Michigan. The defendant was not attempting to "exploit any market for its products" in the state of [Page 723] Michigan, but rather had contact with the state only because the plaintiff chose to reside there. See id. These contacts differ from the defendant's efforts in Lanier v. American Board of Endodontics, 843 F.2d 901 (6th Cir. 1988), which we held to demonstrate purposeful availment. In Lanier, 843 F.2d at 911, the foreign medical certification board sought to associate with the in-state plaintiff to further its business and create "continuous and substantial" consequences in the state." (Emphasis mine)

11. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) says:

"[14] We first consider the dismissal for lack of personal jurisdiction. The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled. Serras v. First Tennessee Bank Nat. Ass'n., 875 F.2d 1212, 1214 (6th Cir.1989). **The plaintiff bears the burden of establishing that jurisdiction exists.** McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936); accord Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1168 (6th Cir.1988); Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir.1974). Additionally, **in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.** Weller, 504 F.2d at 930...

"[15] Presented with a properly supported 12(b)(2) motion and opposition, **the court has three procedural alternatives:** it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions. Serras, 875 F.2d at 1214. The court has

discretion to select which method it will follow, and will only be reversed for abuse of that discretion. See Michigan Nat. Bank v. Quality Dinette, Inc., 888 F.2d 462, 466 (6th Cir.1989); Serras, 875 F.2d at 1214. However, the method selected will affect the burden of proof the plaintiff must bear to avoid dismissal." (Emphasis mine)

12. *Bothke v. Fluor Engineers and Constructors*, 713 F.2d 1405 (Ninth Circuit 1983) ¶¶ 55, 56, 64, 65

says:

"[55] Private ownership of property and its enjoyment secure from arbitrary governmental interference are cherished, fundamental concepts, see U.S. Const. Amends. III, IV, V, VIII, X, XIV, and are two of the features distinguishing this society from those with oppressive governments.

"[56] Unjustified governmental invasion of property rights by seizure can occasion physical hardship, see Commissioner v. Shapiro, 424 U.S. 614, 629-30 & n. 11, 96 S.Ct. 1062, 1071-72 & n. 11, 47 L.Ed.2d 278 (1976), but the affront to the citizen's notions of the place of government in our society, when personally confronting the misuse of its awesome power, may engender a turmoil that is more profound than the physical effects of the deprivation. Cf. Bivens, 403 U.S. at 391-92, 394-96, 91 S.Ct. at 2002-03, 2003-05."

"[64] For a levy to be statutorily authorized in the circumstances here, two conditions must be fulfilled. First, a 10-day notice of intent to levy must have issued. See 26 U.S.C. § 6331(a). Terry ascertained that this had been done. Second, the taxpayer must be liable for the tax. Id. **Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability**.

"[65] **For the condition precedent of liability to be met, there must be a lawful assessment**, either a voluntary one by the taxpayer or one procedurally proper by the IRS. Because this country's income tax system is based on voluntary self-assessment, rather than distraint, Flora v. United States, 362 U.S. 145, 176, 80 S.Ct. 630, 646-47, 4 L.Ed.2d 623 (1960), the Service may assess the tax only in certain circumstances and in conformity with proper procedures." (Emphasis mine)

13. *Flora v. United States*, 362 U.S. 145, 176 (1960) says:

"Of course, the Government can collect the tax from a District Court suitor by exercising its power of distraint -- if he does not split his cause of action -- but **we cannot believe that compelling resort to this extraordinary procedure is either wise or in accord with congressional intent.** Our system of taxation is based upon voluntary assessment and payment, not upon distraint." (Emphasis mine)

**14.** *U.S. v. Will,* 449 U.S. 200 (1980) quoting *Cohens v. Virginia*, 19 U.S. 6 Wheat. 264 264, 404 (1821)

in Footnote 19 says:

*""We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution.* Questions may occur which we would gladly avoid; but we cannot avoid them."

*Id.* at 404 (emphasis added)." (Underline emphasis mine)

15. *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404 (1821) says:

"It is most true that this Court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution.** Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment and conscientiously to perform our duty. In doing this on the present occasion, we find this tribunal invested with appellate jurisdiction in all cases arising under the Constitution and laws of the United States. We find no exception to this grant, and we cannot insert one." (Emphasis mine)

16. *McNally v. United States,* 483 U.S. 350, 371-372 (1987) quoting *United States v. Holzer,* 816 F.2d

304 (1987) says:

**"Fraud in its elementary common law sense of deceit** -- and this is one of the meanings that fraud bears [Page 372] in the statute, *see United States v. Dial,* 757 F.2d 163, 168 (7th Cir.1985) -- **includes the deliberate concealment of material information in a setting of fiduciary obligation.** A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him, and if he deliberately conceals material information from them, he is guilty of fraud. When a judge is busily soliciting loans from counsel to one party, and not telling the opposing counsel (let alone the public), he is concealing material information in violation of his fiduciary obligations."(Emphasis mine)

17. *United States v. Denver & Rio Grand R. Co.,* 191 U.S. 84, 92 (1903) says:

" ... when the opposite party must, from the nature of the case, himself be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party which is in possession of the proof should be required to adduce it, or, upon his failure to do so, we must presume it does not exist, which of itself establishes a negative."

18. *United States of America v. Stribling*, 437 F.2d 765, 772 (6th Cir. 1971) quoting *United States of*

*America v. Prudden*, 424 F.2d 1021 says:

> "Silence can only be equated with fraud where there is a legal or moral duty to speak or where
> an inquiry left unanswered would be intentionally misleading. None of these factors were
> present here. 424 F.2d at 1032" (Quotation marks omitted)

19. *Nudd, Et Al. v. Burrows, Assignee*, 91 U.S. 426, 440 (1875) says:

> "Fraud destroys the validity of everything into which it enters. It affects fatally even the most
> solemn judgments and decrees."

20. *HEINER v. DONNAN*, 285 U.S. 312, 325 (1932) says:

> "... a statute which imposes a tax upon an assumption of fact which the taxpayer is forbidden to
> controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth
> Amendment."

21. *BOYD v. U.S.*, 116 U.S. 616, 635 (1886) says:

> "It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any
> stealthy encroachments thereon. Their motto should be *obsta principiis.* "

22. Federal Rules of Civil Procedure Rule 9(a)(b)&(c) states:

### Federal Rules of Civil Procedure Rule 9. Pleading Special Matters

"(a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE.

(1) *In General.* Except when required to show that the court has
jurisdiction, a pleading need not allege:

(A) a party's capacity to sue or be sued;
(B) a party's authority to sue or be sued in a representative
capacity; or
(C) the legal existence of an organized association of persons that
is made a party.

(2) *Raising Those Issues.* To raise any of those issues, a party
must do so by a specific denial, which must state any supporting
facts that are peculiarly within the party's knowledge.

(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a
party must state with particularity the circumstances constituting fraud or mistake.
Malice, intent, knowledge, and other conditions of a person's mind may be alleged
generally.

(c) CONDITIONS PRECEDENT. In pleading conditions precedent, it suffices to allege
generally that all conditions precedent have occurred or been performed. But when
denying that a condition precedent has occurred or been performed, a party must do so
with particularity."

23. The Complaint does Not provide the so named plaintiff's authority to sue or be sued in a representative capacity and specifically with representation by the United States Department of Justice or its officers and employees.

The Complaint does Not provide the legal existence of an organized association of persons that is made a party, namely the so named plaintiff, UNITED STATES OF AMERICA.

The Complaint does Not provide any Specific Privileged Connection between the so named plaintiff and the defendant.

26. The Complaint/s does not provide anything to indicate that defendant was acting in any manner outside of his fundamental, inalienable, unalienable, substantive rights secured and protected by the Constitution of the United States.

27. The Complaint/s does not provide the Constitutional Law/Authority or Specific Statutes relating specifically to the defendant for the Actions of the so named plaintiff.

28. The Complaint/s does not provide the Names and Identities of all Parties involved in this Complaint, including but not limited to those included within or under so named plaintiff.

29. The Complaint/s does not provide the relationship between the so named plaintiff and the United States.

30. The Complaint/s does not provide the Interest that the United States has with the so named plaintiff, the defendant, or in this case specifically.

31. *Wiser v. Lawler*, 189 U.S. 260, 270, 272 (1903) says:

> "To constitute an estoppel by silence, there must be something more than an opportunity to speak. There must be an obligation. This principle applies with peculiar force where the persons to whom notice should be given are unknown. So too, to constitute an estoppel, either by express representation or by silence, there must not only be a duty to speak, but the purchase must have been made in reliance upon the conduct of the party sought to be estopped"

"We know of no case holding that a man is estopped by silence as against the public, or any particular person with whom he has no fiduciary relation. It was said by the Court of Appeals of New York in *Viele v. Judson,* 82 N.Y. 32, 40, of the cases holding a party to be estopped by his silence:

""In all of them, the silence operated as a fraud and actually itself misled. In all, there was both the specific opportunity and apparent duty to speak. And in all, the party maintaining silence knew that some one else was relying upon that silence, and either acting or about to act as he would not have done had the truth been told. These elements are essential to create a duty to speak.""

32. 26 U.S.C. § 6001 states:

"Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employer shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053(c), and copies of statements furnished by employees under section 6053(a)."

33. 26 U.S.C. § 6203 states:

"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment."

34. 26 C.F.R. § 301.6203-1 states:

"The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."

35. 26 U.S.C. § 6020 states:

"(a) Preparation of return by Secretary

If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) Execution of return by Secretary

(1) Authority of Secretary to execute return

If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns

Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."

36. 26 U.S.C. § 6061 states:

"(a) General rule

Except as otherwise provided by subsection (b) and sections 6062 and 6063, any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary.

(b) Electronic signatures

(1) In general

The Secretary shall develop procedures for the acceptance of signatures in digital or other electronic form. Until such time as such procedures are in place, the Secretary may -

(A) waive the requirement of a signature for; or

(B) provide for alternative methods of signing or subscribing, a particular type or class of return, declaration, statement, or other document required or permitted to be made or written under internal revenue laws and regulations.

(2) Treatment of alternative methods

Notwithstanding any other provision of law, any return, declaration, statement, or other document filed and verified, signed, or subscribed under any method adopted under paragraph (1)(B) shall be treated for all purposes (both civil and criminal, including penalties for perjury) in the same manner as though signed or subscribed.

(3) Published guidance

The Secretary shall publish guidance as appropriate to define and implement any waiver of the signature requirements or any method adopted under paragraph (1)."

37. 26 U.S.C. § 6065 states:

"Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

38. 26 U.S.C. § 6331(j) states:

(j) No levy before investigation of status of property
    (1) In general
       For purposes of applying the provisions of this subchapter, no levy may be made on any property or right to property which is to be sold under section 6335 until a thorough investigation of the status of such property has been completed.
    (2) Elements in investigation
       For purposes of paragraph (1), an investigation of the status of any property shall include -
       (A) a verification of the taxpayer's liability;
       (B) the completion of an analysis under subsection (f);
       (C) the determination that the equity in such property is sufficient to yield net proceeds from the sale of such property to apply to such liability; and
       (D) a thorough consideration of alternative collection methods.

39. 26 U.S.C. § 6321 states:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

40. 26 U.S.C. § 6323(a)&(f) states:

"(a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors
    The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

(f) Place for filing notice; form
   (1) Place for filing
      The notice referred to in subsection (a) shall be filed -
      (A) Under State laws
        (i) Real property
        In the case of real property, in one office within the

State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and

(ii) Personal property

In the case of personal property, whether tangible or

intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that State law merely conforming to or reenacting Federal law establishing a national filing system does not constitute a second office for filing as designated by the laws of such State; or

(B) With clerk of district court

In the office of the clerk of the United States district

court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); or

(C) With Recorder of Deeds of the District of Columbia

In the office of the Recorder of Deeds of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

(2) Situs of property subject to lien

For purposes of paragraphs (1) and (4), property shall be deemed to be situated -

(A) Real property

In the case of real property, at its physical location; or

(B) Personal property

In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

(3) Form

The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

(4) Indexing required with respect to certain real property

In the case of real property, if -

(A) under the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed, and

(B) there is maintained (at the applicable office under paragraph (1)) an adequate system for the public indexing of Federal tax liens, then the notice of lien referred to in subsection (a) shall not be treated as meeting the filing

requirements under paragraph (1)unless the fact of filing is entered and recorded in the index referred to in subparagraph (B) in such a manner that a reasonable inspection of the index will reveal the existence of the lien.

(5) National filing systems

The filing of a notice of lien shall be governed solely by this title and shall not be subject to any other Federal law establishing a place or places for the filing of liens or encumbrances under a national filing system."

41. 26 C.F.R § 301.6323(f)-1(d) states:

"(d) *Form* —(1) *In general.* The notice referred to in §301.6323(a)–1 shall be filed on Form 668, "Notice of Federal Tax Lien Under Internal Revenue Laws". Such notice is valid notwithstanding any other provision of law regarding the form or content of a notice of lien. For example, omission from the notice of lien of a description of the property subject to the lien does not affect the validity thereof even though State law may require that the notice contain a description of the property subject to the lien.

(2) *Form 668 defined.* The term "Form 668" generally means a paper form. However, if a state in which a notice referred to in §301.6323(a)–1 is filed permits a notice of Federal tax lien to be filed by the use of an electronic or magnetic medium, the term "Form 668" includes a Form 668 filed by the use of any electronic or magnetic medium permitted by that state. A Form 668 must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien.

Respectfully submitted with reservation of all rights:

Dated: 1/3/11

David L. Toppin, Sui Juris in propria persona
465 Salisbury Street
Holden, Massachusetts
America
Without the United States