**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:11-CR-40023-FDS |
| | ) | (Wichers, C; Bower, S) |
| v. | ) | |
| | ) | JUDICIAL NOTICE |
| | ) | |
| DAVID L TOPPIN, | ) | (Special Appearance) |
| | ) | |
| Affiant/Defendant. | ) | |

After being duly sworn, Affiant/Defendant respectfully requests this Court take Mandatory Judicial Notice of the Following:

18 USC 546 (1940 Edition) reads as follows;

> "The crimes and offenses defined in this title shall be cognizable in the District Courts of the United States, as prescribed in Section 41 of Title 28." (See Exhibit A)

And the HISTORICAL AND REVISION NOTES of 18 U.S.C. 3231, reads as follows:

> "This section (18 USC 3231) was formed by combining sections 546 and 547 of Title 18, USC, 1940 ed, with section 588d of Title 12, USC, Banks and Banking, with no change of substance." (See Exhibit B)

See also Senate Report No. 1620, for revising, codifying and enacting Title 18 into positive law, p. 2427, paragraph 4, which states in the relevant part:

> "The original intent of Congress is preserved." (See Exhibit C)

Since there was 'no change of substance' the Plaintiff in this case fails to have a cause of action because of lack of jurisdiction, due to the fact that the alleged crimes are not defined in Title 18.

Dated this 3rd day of January, 2012.

ALL RIGHTS RESERVED

David L. Toppin
465 Salisbury Street
Holden, Massachusetts, America

**Jurat**

Commonwealth of Massachusetts }<br>
} ss.<br>
County of Worcester }

On this day, David L. Toppin appeared before me, the undersigned notary public. After I administered an oath to David, upon his oath, David said that he read and prepared the Complaint and that the facts stated in it are within his personal knowledge and are true, correct and not misleading.

Sworn and subscribed before me this 3rd day of January, 2012, without the United States.<br>
(✓) Personally known to me or ( ) produced identification.

Karen Mattus<br>
Notary Public

**SEAL**



**CERTIFICATE OF SERVICE**

I, David Lynwood Toppin, hereby declare and state that I have filed a true and correct copy of the above document with the Clerk of the Court for United States District Court and have mailed a copy hereof, postage prepaid thereon, to the U.S. Attorney's Office on January 3rd, 2012.

Sarah Allison Thornton
Clerk of Court
United States District Court
District of Massachusetts
595 Main Street
Worcester, Massachusetts 01608
(508) 929-9900

Christine J. Wichers
Office of the Alleged U.S. Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210

David L. Toppin
465 Salisbury Street
Holden, Massachusetts
America
Without the United States

# UNITED STATES CODE

## 1940 EDITION



"EXHIBIT A"

TITLE 17—COPYRIGHTS

TO

TITLE 33—NAVIGATION AND NAVIGABLE WATERS

WORCESTER COUNTY
LAW LIBRARY

"EXHIBIT A"

Sec.
555. Same; offenses against elective franchise.
556. Same; defects of form.
556a. Same; objections to drawing or qualification of grand jury; time for filing; suspension of statute of limitations.
556b. Application of sections 554a and 556a.
557. Same; joinder of charges.
558. Same; perjury.
559. Same, subornation of perjury.
560. Same; perjury before naval court-martial.
561. Same; judgment on demurrer.
562. Copy of indictment and list of jurors and witnesses for prisoner.
562a. Copy of information or indictment in other cases.
563. Counsel and witnesses for persons indicted for capital crimes.
564. Standing mute.
565. Verdicts; less offense than charged.
566. Same; several joint defendants.
567. Same; qualified verdicts.
568. Pardoning power.
569. Judgments for fines; collection.
570. Disposition of bribe moneys.
571. Construction of words.
572. Effect of omitting "hard labor."
573. Arrangement and classification of sections.
574. Jurisdiction of offenses under certain sections.
575. Rewards for apprehension of criminals; appropriations authorized.
576. Trial of petty offenses by United States commissioners; jurisdiction; probation; definition of petty offense; election by defendant.
576a. Same; appeals; rules of procedure and practice.
576b. Same; fees of commissioners.
576c. Same; existing powers of commissioners unaffected.
576d. Same; inapplicability of sections 576–576c to District of Columbia.

### § 541. (Criminal Code, section 335.) Felonies and misdemeanors; petty offenses; prosecution of petty offense upon information or complaint.

All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors: *Provided*, That all offenses the penalty for which does not exceed confinement in a common jail, without hard labor for a period of six months, or a fine of not more than $500, or both, shall be deemed to be petty offenses; and all such petty offenses may be prosecuted upon information or complaint. (Mar. 4, 1909, ch. 321, § 335, 35 Stat. 1152; Dec. 16, 1930, ch. 15, 46 Stat. 1029.)

Cross References

Embezzlement, etc., from Federal Reserve and member banks as exception to definitions of this section, see section 592 of Title 12, Banks and Banking.

Punishment for acts declared in Merchant Marine Act, 1936, to be a misdemeanor to be by fine of not more than $10,000 or imprisonment for not less than one or more than five years, or both, see section 1226 of Title 46, Shipping.

Punishment for violations of regulations, limitations, and restrictions prescribed by Secretary of Treasury for member banks of Federal Reserve System, see section 95 of Title 12, Banks and Banking.

Solicitation of, or contract for, fees for obtaining benefits for veterans declared a misdemeanor punishable by fine of $500 or imprisonment for not exceeding two years, see section 103 of Title 38, Pensions, Bonuses, and Veterans' Relief.

### § 542. (Criminal Code, section 323.) Manner of inflicting death penalty.

The manner of inflicting the punishment of death shall be the manner prescribed by the laws of the State within which the sentence is imposed. The United States marshal charged with the execution of the sentence may use available State or local facilities and the services of an appropriate State or local official or employ some other person for such purpose, and pay the cost thereof in an amount approved by the Attorney General. If the laws of the State within which sentence is imposed make no provision for the infliction of the penalty of death, then the court shall designate some other State in which such sentence shall be executed in the manner prescribed by the laws thereof. (Mar. 4, 1909, ch. 321, § 323, 35 Stat. 1151; June 19, 1937, ch. 367, 50 Stat. 304.)

Derivation

R. S. § 5325, which was revised from act Apr. 30, 1790, ch. 9, 1 Stat. 119, and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

### § 543. (Criminal Code, section 331.) Body of executed offender for dissection.

The court before which any person is convicted of murder in the first degree, or rape, may, in its discretion, add to the judgment of death, that the body of the offender be delivered to a surgeon for dissection; and the marshal who executes such judgment shall deliver the body, after execution, to such surgeon as the court may direct; and such surgeon, or some person appointed by him, shall receive and take away the body at the time of execution. (Mar. 4, 1909, ch. 321, § 331, 35 Stat. 1152.)

Derivation

R. S. § 5340, which was revised from act Apr. 30, 1790, ch. 9, 1 Stat. 113, and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

### § 544. (Criminal Code, section 324.) Corruption of blood and forfeiture of estate excluded.

No conviction or judgment shall work corruption of blood or any forfeiture of estate. (Mar. 4, 1909, ch. 321, § 324, 35 Stat. 1151.)

Derivation

R. S. § 5326, which was revised from act Apr. 30, 1790, ch. 9, 1 Stat. 117 and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

### § 545. (Criminal Code, section 325.) Whipping and pillory abolished.

The punishment of whipping and of standing in the pillory shall not be inflicted. (Mar. 4, 1909, ch. 321, § 325, 35 Stat. 1151.)

Derivation

R. S. § 5327, which was revised from act Feb. 28, 1839, ch. 36, 5 Stat. 322 and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.



Reference in Text

The words, "this title," as used in this section refer to the Criminal Code, act Mar. 4, 1909, ch. 321, 35 Stat. 1088. The sections of said act embodied in this code are indicated by parenthetical references in the section catchlines. For full distribution of said act, see tables.

CROSS REFERENCE

United States commissioners, jurisdiction to try petty offenses, see section 576 of this title.



n of

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof. (Mar. 4, 1909, ch. 321, § 326, 35 Stat. 1151.)

DERIVATION

R. S. § 5328, which was revised from act Mar. 3, 1825, ch. 65, 4 Stat. 122, and repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

REFERENCE IN TEXT

The words, "this title," as used in this section refer to the Criminal Code, act Mar. 4, 1909, ch. 321, 35 Stat. 1088. The sections of said act embodied in this code are indicated by parenthetical references in the section catchlines. For full distribution of said act, see tables.

**§ 548. (Criminal Code, section 328.) Indians committing certain crime; acts on reservations; rape of Indian.**

All Indians committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny on and within any Indian reservation under the jurisdiction of the United States Government, including rights-of-way running through the reservation, shall be subject to the same laws, tried in the same courts, and in the same manner, and be subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States: *Provided*, That any Indian who commits the crime of rape upon any female Indian within the limits of any Indian reservation shall be imprisoned at the discretion of the court: *Provided further*, That as herein used the offense rape shall be defined in accordance with the laws of the State in which the offense was committed.

The foregoing shall extend to prosecutions of Indians in South Dakota under section 549 of this title. (Mar. 4, 1909, ch. 321, § 328, 35 Stat. 1151; June 28, 1932, ch. 284, 47 Stat. 337.)

DERIVATION

Acts Mar. 3, 1885, ch. 341, § 9, 23 Stat. 385; Jan. 15, 1897, ch. 29, § 5, 29 Stat. 487, which were repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

**§ 549. (Criminal Code, section 329.) Crimes committed on Indian reservations in South Dakota; rape of Indian.**

The district court of the United States for the district of South Dakota shall have jurisdiction to hear, try, and determine all actions and proceedings in which any person shall be charged with the crime of murder, manslaughter, rape, assault with intent to kill, assault with a dangerous weapon, arson, burglary, or larceny, committed within the limits of any Indian reservation in the State of South Dakota. Any person convicted of murder, manslaughter, rape, arson, or burglary, committed within the limits of any such reservation, shall be subject to the same punishment as is imposed upon persons committing said crimes within the exclusive jurisdiction of the United States. Any Indian who shall commit the crime of rape upon any female Indian within any such reservation shall be imprisoned at the discretion of the court. Any person convicted of the crime of assault with intent to kill, assault with a dangerous weapon, or larceny, committed within the limits of any such reservation, shall be subject to the same punishment as is provided in cases of other persons convicted of any of said crimes under the laws of the State of South Dakota. (Mar. 4, 1909, ch. 321, § 329, 35 Stat. 1151; Mar. 3, 1911, ch. 231, § 291, 36 Stat. 1167.)

DERIVATION

Act Feb. 2, 1903, ch. 351, 32 Stat. 793, which was repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

JURISDICTION

Jurisdiction to try actions arising out of crimes committed within the limits of any Indian reservation in South Dakota was conferred originally upon the circuit and district courts of the United States for the District of South Dakota by act February 2, 1903, ch. 351, 32 Stat. 793. Said act February 2, 1903, was repealed by section 341 of act March 4, 1909, cited to text. Section 329 of said act March 4, 1909, substantially reenacted the provisions of former act February 2, 1903, supra, as part of the Criminal Code. Section 289 of the Judicial Code, act March 3, 1911, cited to text, abolished the circuit courts; and section 291 thereof transferred the former jurisdiction of circuit courts to the district courts. Section 27 of said act March 3, 1911, substantially reenacted the first sentence of this section but omitted therefrom any reference to circuit courts. See section 51 of Title 28, Judicial Code and Judiciary.

CROSS REFERENCES

Jurisdiction of offenses committed by or against Indians on Indian reservations within State of Kansas conferred on State of Kansas as affecting jurisdiction of courts of the United States, see section 217a of Title 25, Indians.

Punishment for certain crimes to be applicable to prosecution of Indians in South Dakota, see section 548 of this title.

**§ 550. (Criminal Code, section 332.) "Principals" defined.**

Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal. (Mar. 4, 1909, ch. 321, § 332, 35 Stat. 1152.)

DERIVATION

R. S. § 5323, which was revised from act Apr. 30, 1790, ch. 9, 1 Stat. 114; R. S. § 5427, which was revised from act July 14, 1870, ch. 254, 16 Stat. 254, which were repealed by act Mar. 4, 1909, ch. 321, § 341, 35 Stat. 1153.

**§ 551. (Criminal Code, section 333.) Punishment of accessories.**

Whoever, except as otherwise expressly provided by law, being an accessory after the fact to the commission of any offense defined in any law of the United States, shall be imprisoned not exceeding one-half the longest term of imprisonment, or fined not exceeding one-half the largest fine prescribed for the punishment of the principal, or both, if the principal is punishable by both fine and imprisonment; or if the principal is punishable by death, then an accessory shall be imprisoned not more than ten years. (Mar. 4, 1909, ch. 321, § 333, 35 Stat. 1152.)



DER

R. S. § 5533, which was ch. 9, 1 Stat. 114; R. S. § 55 June 8, 1872, ch. 335, 17 St was revised from act July of which were repealed by 35 Stat. 1153.

**§ 552. (Criminal Code, s or piracy.**

Whoever, without la takes into custody any erty, feloniously taken against the laws of the same to have been felo knowing that such pir committed any such pir or at sea, receives, ente pirate or robber, is an ac robbery or piracy, and s than ten years. (Mar, Stat. 1152.)

DE

R. S. §§ 5324, 5533, which 1790, ch. 9, 1 Stat. 114 an ch. 321, § 341, 35 Stat. 1153

**§ 553. (Criminal Code, s mittal of murder or**

In all cases of murder shall be deemed to have where the injury was in istered or other means death, without regard t occurs. (Mar. 4, 1909, c

**§ 554. Indictments and p jurors.**

No indictment shall b sentment be made, wit least twelve grand juror

DE

Act Mar. 3, 1865, ch. 86,

**§ 554a. Same; objection o barred where twelv record of number co**

No plea to abate nor ment, upon the ground persons served upon the dictment, shall be sustai or more jurors, after d qualified, concurred in ment: *Provided, howeve* mitted to testify, in this or any other individua the finding of such ind duty of the foreman of record of the number o the finding of any indic with the clerk of the cou is returned. Such reco except on order of the c 48 Stat. 649.)

**§ 555. Same; offenses ag**

All crimes and offe provisions of sections 5

EXHIBIT B

-CITE-
[redacted] 01/23/00

-EXPCITE-
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART II - CRIMINAL PROCEDURE
CHAPTER 211 - JURISDICTION AND VENUE

-HEAD-
Sec. 3231. District courts

-STATUTE-
The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

-SOURCE-
(June 25, 1948, ch. 645, 62 Stat. 826.)

-MISC1-
[redacted]

Based on section 588d of title 12, U.S.C., 1940 ed., Banks and Banking; title 18, U.S.C., 1940 ed., Sec. 546, 547 (Mar. 4, 1909, ch. 321, Sec. 326, 340, 35 Stat. 1151, 1153; Mar. 3, 1911, ch. 231, Sec. 291, 36 Stat. 1167; May 18, 1934, ch. 304, Sec. 4, 48 Stat. 783).

This section was formed by combining sections 546 and 547 of title 18, U.S.C., 1940 ed., with section 588d of title 12, U.S.C., Banks and Banking, with no change of substance.

The language of said section 588d of title 12, U.S.C., 1940 ed., which related to bank robbery, or killing or kidnapping as an incident thereto (see section 2113, of this title), and which read ''Jurisdiction over any offense defined by sections 588b and 588c of this title shall not be reserved exclusively to courts of the United States'' was omitted as adequately covered by this section.

SENATE REVISION AMENDMENT

The text of this section was changed by Senate amendment. See Senate Report No. 1620, amendment No. 10, 80th Cong.

-CROSS-

CROSS REFERENCES

Civil jurisdiction of Federal courts, see section 1331 et seq. of Title 28, Judiciary and Judicial Procedure.

Exclusive jurisdiction of Federal courts, see sections 1251, 1333, 1334, 1338, 1351, 1355, 1356 of Title 28.

Jurisdiction of juvenile delinquents, see section 5033 of this title.

Jurisdiction over felonies in Yellowstone National Park, see section 131 of Title 28, Judiciary and Judicial Procedure.

Refusal to appear or testify before court-martial military commission, etc., jurisdiction of offense, see section 847 of Title 10, Armed Forces.

Special maritime and territorial jurisdiction of the United States, see section 7 of this title.

United States commissioners, jurisdiction to try petty offenses, see section 3401 of this title.

Venue of civil actions, see section 1391 et seq. of Title 28, Judiciary and Judicial Procedure.

Wire or oral communications, authorization for interception, to provide evidence of certain Federal and State offenses, see section 2516 of this title.

EXHIBIT C

# Calendar No. 1675

80TH CONGRESS } SENATE { REPORT
2d Session } { No. 1620



UNITED STATES CODE

JUNE 14 (legislative day, JUNE 1), 1948.—Ordered to be printed

Mr. WILEY, from the Committee on the Judiciary, submitted the following

## REPORT

[To accompany H. R. 3190]

The Committee on the Judiciary, to whom was referred the bill (H. R. 3190) to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure," having considered the same, do now report the bill to the Senate favorably, with amendments, and recommend that the bill, as amended do pass.

The purpose of the bill is to codify and revise the laws relating to Federal crimes and criminal procedure.

With the amendments proposed by the committee the bill includes all pertinent laws to January 5, 1948, and is made effective September 1, 1948.

The bill makes it easy to find the criminal statutes because of the arrangement, numbering, and classification. A uniform style of statutory expression is adopted. The new Federal Rules of Criminal Procedure are keyed to the bill and are reflected in part II of title 18.

Obsolete and executed provisions are eliminated. Uncertainty will be ended and there will no longer be any need to examine the many volumes of the Statutes at Large as the bill, upon enactment, will itself embody the substantive law which will thus appear in full in the United States Code.

Codification and revision of the criminal statutes was undertaken in October 1943 by the House Committee on Revision of the Laws. A bill prepared by that committee passed the House on July 16, 1946, Seventy-ninth Congress, was reintroduced in the present Congress as H. R. 3190, and passed the House again on May 12, 1947.

The care with which the bill has been prepared and brought to date in the present Congress under the supervision of the House Committee on the Judiciary is reflected by that committee's report, House Report No. 304 of the Eightieth Congress. For a detailed

explanation of the statutes embodied in the bill, reference is made to the appendix of House Report 304, consisting of 458 pages.

The amendments proposed by the committee consisting of new legislation enacted since passage of the bill by the House, perfecting amendments, and corrections of printing errors, together with the reasons for each, are listed below.

## AMENDMENTS AND EXPLANATIONS

*Amendments Nos.*

1\. On page 3, preceding line 1, after and underneath item "13. Laws of States adopted for areas within Federal jurisdiction.", insert "14. Applicability to Canal Zone.".

### Explanation

This amendment includes in the section analysis of chapter 1, the catch line to new section 14 which is being added by amendment No. 3.

2\. On page 5, line 4, after "United States", strike out the period and insert ", except the Canal Zone.".

### Explanation

This amendment together with amended section 3241 and inserted section 14 will clarify the applicability of Federal criminal statutes within the Canal Zone.

3\. On page 8, after line 15, insert:

§ 14. Applicability to Canal Zone

In addition to the sections of this title which by their terms apply to and within the Canal Zone, the following sections of this title shall likewise apply to and within the Canal Zone: Sections 6, 8, 11, 331, 371, 472, 474, 478, 479, 480, 481, 482, 483, 485, 488, 489, 490, 499, 502, 506, 594, 595, 598, 600, 601, 604, 605, 608, 611, 612, 703, 756, 791, 792, 793, 794, 795, 796, 797, 915, 917, 951, 953, 954, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 1017, 1073, 1301, 1364, 1382, 1542, 1543, 1544, 1546, 1584, 1621, 1622, 1761, 1821, 1914, 2151, 2152, 2153, 2154, 2155, 2156, 2199, 2231, 2234, 2235, 2274, 2275, 2277, 2384, 2385, 2388, 2389, 2390, 2421, 2422, 2423, 2424, 3059, 3105, 3109.

### Explanation

This amendment, adding a new section 14, together with amended section 5 will clarify the applicability of Federal criminal statutes within the Canal Zone. It was particularly desired by the Governor of the Canal Zone and the compiler of the Canal Zone Code. The Governor of the Canal Zone, in a letter dated September 22, 1945, and filed with the House Judiciary Committee, advised:

"General criminal laws of the United States are now applicable to the Canal Zone only if applicability is indicated by language expressly referring to the Canal Zone, or to possessions of the United States, or to territory subject to the jurisdiction of the United States, etc. * * * The bill in its present form would have undesirable effects insofar as concerns the continued operation of the Canal Zone Criminal Code and Code of Criminal Procedure, established

by Congress as titles 5 and 6 of the Canal Zone Code, enacted by act of June 19, 1934 (ch. 667, 48 Stat. 1122), and also would perhaps have undesirable effects insofar as concerns the continued applicability to the Canal Zone of the body of general criminal laws which are now applicable."

4. On page 91, preceding line 1, after and underneath item 609, in the section analysis, strike out—

610. Contributions by national banks or corporations.

And insert—

610. Contributions or expenditures by national banks, corporations, or labor organizations.

EXPLANATION

This amendment makes the section analysis correspond with corrected catch line of 610 of the revision.

5. On page 104, lines 4-21, after line 3, strike out all of lines 4 to 21, inclusive, and insert—

§610. CONTRIBUTIONS BY NATIONAL BANKS, CORPORATIONS, OR LABOR ORGANIZATIONS

It is unlawful for any national bank, or any corporation organized by authority of any law of Congress, to make a contribution or expenditure in connection with any election to any political office, or in connection with any primary election or political convention or caucus held to select candidates for any political office, or for any corporation whatever or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to, Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, or for any candidate, political committee, or other person to accept or receive any contribution prohibited by this section.

Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; and every officer or director of any corporation, or officer of any labor organization, who consents to any contribution or expenditure by the corporation or labor organization, as the case may be, in violation of this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.

For the purposes of this section "labor organization" means any organization of any kind, or any agency or employee-representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

EXPLANATION

This amendment incorporates section 304 of the Labor-Management Relations Act, 1947, Public Law 101, prohibiting campaign contributions, etc., by labor unions.

6. On page 117, line 8, after "or receiver," strike out "with".

On page 117, lines 9 to 14, after line 8, strike out lines 9 to 14, inclusive.

On page 117, line 15, before "shall", strike out "system,".

7. On page 118, line 18, after "or otherwise intrusted to its care," strike out "with intent to defraud such".

On page 118, lines 19 to 22, after line 18, strike out lines 19 to 22, inclusive.

On page 118, line 23, before "shall be fined", strike out "amine into the affairs of such institution,".

EXPLANATION

Amendments Nos. 6 and 7 involve no change in existing law. The stricken words are unnecessary and inconsistent with other sections of this revision defining embezzlement but are necessary and appropriate in defining the offense of false entries in sections 1005 and 1006. See sections 641, 645, and 659 of this title.

8. On page 134, line 19, after "both", strike out the period at the end of this line and insert—

; or if he negligently suffers such person to escape, he shall be fined not more than $500 or imprisoned not more than one year, or both.

EXPLANATION

This amendment gives effect to the act of June 21, 1947, (ch. 111, 61 Stat. 134), amending section 138 of the Criminal Code of 1909 (35 Stat. 1113; 18 U. S. C. sec. 244), the latter being section 755 of revised title 18 as set out in this bill.

9. On page 158, insert new matter after line 12, as follows:

While any foreign government is a member both of the International Monetary Fund and of the International Bank for Reconstruction and Development, this section shall not apply to the sale or purchase of bonds, securities, or other obligations of such government or any political subdivision thereof or of any organization or association acting for or on behalf of such government or political subdivision, or to making of any loan to such government, political subdivision, organization, or association.

EXPLANATION

This amendment incorporates in section 955 of title 18 the exception made to the Johnson Act by act of July 31, 1945 (ch. 339, sec. 9, 59 Stat. 516; 31 U. S. C., sec. 804b).

10. On page 367, lines 15 to 18, inclusive, strike out all of lines 15 to 18, inclusive, and insert in lieu thereof the following two paragraphs:

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

EXPLANATION

This amendment is necessary to preserve the provisions of section 371 (1) of title 28 United States Code, 1940 edition, giving the district court of the United States original jurisdiction of all offenses against the laws of the United States, exclusive of State courts.

11. On page 415, line 10, after "Canal Zone," insert "District of Columbia,".

EXPLANATION

This amendment makes it clear that the Supreme Court may also promulgate rules for the District Court for the District of Columbia. The District of Columbia is specifically mentioned in section 3772.

12. On page 415, after line 17, insert at end of section the following new paragraph:

Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

13. On page 416, line 21, insert at end of section the following new paragraph:

Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

EXPLANATION

Amendments 12 and 13 are necessary in order to make clear that no provisions of the existing Federal Rules of Criminal Procedure are amended or otherwise affected by this bill.

14. On page 448, line 24, after "of", strike out "The Revised Statutes (1 U. S. C.," and insert "Title 1 of the United States Code".

EXPLANATION

This amendment corrects reference to Revised Statutes, section 1, which was originally codified in Title 1, United States Code, section 1. It was repealed by act of July 30, 1947 (ch. 388, sec. 2, 61 Stat. 640 (Public Law 278)). The same act enacted said title 1 United States Code into positive law; therefore, the amendments proposed by this section of the bill should be directed to section 1 of title 1, United States Code, rather than to Revised Statutes, section 1.

On page 448, line 25, preceding "is", strike out "sec. 1)".

EXPLANATION

This amendment is a part of the change made necessary as explained immediately above.

15. On page 456, lines 3 to 21, after line 2, strike out all of section 18 (lines 3 through 21).

EXPLANATION

The inclusion of new section 14 and the amendment of section 5 renders section 18 unnecessary.

16. On page 456, line 22, preceding "If any", etc., strike out "Sec. 19." And insert "Sec. 18."

17. On page 457, line 3, preceding "no inference", etc., strike out "Sec. 20." And insert "Sec. 19.".

EXPLANATION

Amendments 16 and 17 renumber sections 19 and 20 of the bill to be sections 18 and 19, respectively.

18. On page 457, lines 8 to 15, after line 7, strike out all of lines through 15, inclusive, and insert—

SEC. 20 This Act shall take effect September 1, 1948.

Also at line 16, strike out "Sec. 22." And insert "Sec. 21."

EXPLANATION

This amendment supplies effective date provision of the bill and renumbers section 22 as section 21.

19. On page 463, about middle of page, strike out—

| | | | | | | |
|---|---|---|---|---|---|---|
| July 3 | 128 | 4, 5 | 40 | 755, 756 | 16 | 705, 706 |

20. On page 467, below middle of page, strike out—

| | | | | | | |
|---|---|---|---|---|---|---|
| June 20 | 634 | 4 | 49 | 1656 | 16 | 705 |
| Do | 635 | 1, 2 | 49 | 1657 | 22 | 248 |

and insert in lieu thereof—

| | | | | | | |
|---|---|---|---|---|---|---|
| June 20 | 635 | 1, 2 | 49 | 1657 | 22 | 248 |

EXPLANATION

Amendments 19 and 20 save from repeal the enforcement sections of the Migratory Bird Act, act of July 3, 1918, and leaves them in title 16, Conservation, United States Code, where they are incorporated by reference in other bird acts.

21. On page 470 after—

| | | | | | | |
|---|---|---|---|---|---|---|
| June 8 | 178 | 1, 2, 3, | 59 | 234, 235 | 18 | 241, 241a, 242 |

Insert—

| | | | | | | |
|---|---|---|---|---|---|---|
| July 31 | 339 | 9 | 59 | 516 | 31 | 804b |

EXPLANATION

This amendment includes in the schedule of repeals the act of July 31, 1945 (ch. 339, sec. 9, 59 Stat. 516), which added a section 3 to the act of April 13, 1934 (ch. 112, 48 Stat. 574). The provisions of this section 3, heretofore set out as section 804b of title 31 United States Code, 1940 edition, Money and Finance, are being incorporated, by accompanying amendment to this bill, in section 955 of revised title 18, hence the necessity to repeal the prior provisions as contained in the said act of July 31, 1945 (ch. 339, sec. 9).

22. On page 471, at the end of the schedule of repeals on this page, insert—

| | | | | | | |
|---|---|---|---|---|---|---|
| 1947—Apr. 16 | 39 | | 61 | 52 | 18 | 411 |
| May 16 | 73 | | 61 | 97 | 18 | 744b-1 |
| June 21 | 111 | | 61 | 134 | 18 | 244 |
| June 23 | 120 | 304 | 61 | 159 | 2 | 251 |

EXPLANATION

This amendment repeals the 1947 Acts which are hereby incorporated in the bill.

O