UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
UNITED STATES OF AMERICA    )
                                                   )      Criminal No. 11-40023-FDS
            v.                                     )
                                                   )
DAVID L. TOPPIN,                         )
                                                   )
            Defendant.                       )
_____ )

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

The United States hereby opposes defendant David Toppin's Motion to Dismiss the
Indictment for Failure to Charge an Offense (Doc. No. 30).

### BACKGROUND

Toppin was indicted on June 1, 2011 on one count of tax evasion in violation of 26
U.S.C. § 7201.  The grand jury found probable cause that Toppin willfully attempted to evade
and defeat the payment of federal income taxes for 1997-1999 by failing to file timely returns; by
failing to pay federal income taxes due for those years; by concealing and trying to conceal his
true and correct assets and income from the IRS; and by making false and misleading statements
to the IRS about his assets and income.  See Doc. No. 1 at 5.  Trial is scheduled to begin April
23, 2012.  Toppin has thus far elected to represent himself.

### ARGUMENT

Toppin's motion appears to raise three arguments, none of which has merit.

First, he argues that the indictment is defective because he has never been assessed
income taxes for 1997-1999.  Memo. in Support of Mot. to Dismiss the Indictment for Failure to

Charge an Offense (Doc. No. 32) at 2.  Section 7201 makes it a crime to evade the "assessment" of a tax, or to evade or defeat the "payment" of a tax.  United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988) (citing Sansone v. United States, 380 U.S. 343, 354 (1965)).  "The first crime includes evading the government's attempt to ascertain a tax liability.  The second crime addresses an individual's evasion of the payment of that tax."  Id.  "The elements of both crimes are the same: (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax."  Id. (citing Sansone, 380 U.S. at 351).  Toppin is charged with evading the *payment* of federal income taxes for 1997-1999, as paragraph 18 of the indictment clearly states.  Toppin argues unpersuasively that he cannot be found guilty of evading the payment of taxes because the IRS never assessed an amount of income taxes due for 1997-1999.  This argument was rejected in Hogan, 861 F.2d at 815 (rejecting defendant's argument "that without a proper assessment of the tax due and owing, the government cannot prove an attempted evasion").  If a taxpayer fails to timely file an income tax return, as occurred here, taxes are assessed by operation of law on the filing deadline.  See id. ("a tax deficiency … exists from the date a return is to be filed and … the deficiency arises by operation of law when the return is not filed").  The government need not prove the exact amount of income tax due and owing; it only has to prove that the amount is substantial.  See United States v. Sorrentino, 726 F.2d 876, 880 n.1 (1st Cir. 1984).  In any event, even if a formal assessment were required, a self-assessment occurred when Toppin filed late returns admitting under penalty of perjury that he owed $86,909 in federal income taxes for 1997, $139,208 for 1998, and $1,082 for 1999. Indictment, ¶ 6.

Second, Toppin contends that the indictment is defective because it does not contain "any statutory authority … in support for the legal conclusion that [Toppin] has a requirement to pay

any money to the federal government." Def.'s Memo. at 2. This argument is beyond frivolous.

See Wheeler v. Comm'r of Internal Revenue, 528 F.3d 773, 777 (10th Cir. 2008) ("an argument

that no statutory authority exists for imposing an income tax on individuals is completely lacking

in legal merit and patently frivolous") (internal quotation marks omitted). It is well established

that 26 U.S.C. § 1 imposes a tax on the "taxable income" of all individuals; "taxable income" is

defined in 26 U.S.C. § 63 as "gross income" minus allowable deductions; and "gross income," in

turn, is defined in 26 U.S.C. § 61 as "all income from whatever source derived." An indictment

need only identify the statute which the defendant is accused of violating (here, 26 U.S.C. §

7201); it need not identify every "background" statute, such as those that define legal terms

found in the charging statute. In any event, Toppin's professed confusion about whether he is

legally required to pay federal income taxes is belied by the returns that he eventually filed, in

which he admitted under penalty of perjury that he earned adjusted gross income of $266,332 in

1997, $402,563 in 1998, and $58,806 in 1999, and that he owed federal income taxes on each of

those amounts. Indictment, ¶ 6.

Finally, Toppin correctly points out that "'an indictment must set forth each element of

the crime it charges.'" Def.'s Memo. at 17 (quoting Almendarez-Torres v. United States, 523

U.S. 224 (1998)). The indictment which the grand jury handed down against Toppin satisfies

this requirement. As noted above, there are three elements of the crime of evading the payment

of federal income taxes in violation of 26 U.S.C. § 7201: (1) the existence of a tax deficiency,

(2) willfulness, and (3) at least one affirmative act constituting an evasion or attempted evasion

of the tax. The existence of a tax deficiency for each of 1997-1999 occurred by operation of law

on April 15 of the following year, as stated in paragraphs 4-5 of the Indictment. Furthermore,

Toppin self-assessed the amount of those deficiencies when he finally filed his returns, as stated

in paragraph 6 of the Indictment.  The second element, willfulness, "may be inferred from 'any conduct, the likely effect of which would be to mislead or to conceal.'"  United States v. Stierhoff, 549 F.3d 19, 26 (1st Cir. 2008) (quoting Spies v. United States, 317 U.S. 492, 499 (1943)).  The indictment alleges numerous facts showing that Toppin acted willfully, including the following:  (1) he did not file his 1997-1999 returns until 2006; (2) he signed a 1997 return prepared by his then-tax preparer, P.S., and submitted it in support of a mortgage application but never filed it with the IRS; (3) he asked P.S. to look into offshore trusts for him; (4) he caused real estate to be transferred from his name alone to his wife's name alone; (5) he banked under his wife's name; (6) he made statements on a Form 433-A which were false and misleading about the extent of his assets and income; and (7) he paid other creditors instead of the IRS. Indictment, ¶¶ 6-16.  The third element, an affirmative act of evasion, is a "positive act of commission designed to mislead or conceal."  United States v. Farr, 536 F.3d 1174, 1188 (10th Cir. 2008).  Both banking under a spouse's name, see Indictment ¶¶ 10-14, and filing a false Form 433-A, see id. ¶ 15, can satisfy this element.  United States v. McGill, 964 F.2d 222, 233 (3d Cir. 1992); United States v. Gonzalez, 58 F.3d 506, 509 (10th Cir. 1995).  In sum, the Indictment properly sets forth each element of the crime it charges.

## CONCLUSION

Because Toppin's challenges to the Indictment are without merit, his motion should be denied.

4

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
SANDRA S. BOWER
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
christine.wichers@usdoj.gov
sandra.bower@usdoj.gov

Dated:  January 9, 2012

## Certificate of Service

Because the defendant refuses to accept U.S. mail or FedEx packages sent by the United States Attorney's Office to his home address (465 Salisbury Street, Holden, MA 01520), this document will be mailed to the defendant at his business address (4 LaChance Street, Gardner, MA 01440), and served on the defendant by email (dave@pelletizer.com), on January 9, 2012.

*/s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney