UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 11-40023-FDS |
| v. | ) ) |  |
| DAVID L. TOPPIN, | ) ) |  |
| Defendant. | ) ) |  |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT'S "VERIFIED MOTION TO DISMISS INTRODUCTION"

The United States hereby opposes defendant David Toppin's "Verified Motion to Dismiss Introduction" (Doc. No. 30).

### BACKGROUND

Toppin was indicted on June 1, 2011 on one count of tax evasion in violation of 26 U.S.C. § 7201. The grand jury found probable cause that Toppin willfully attempted to evade and defeat the payment of federal income taxes for 1997-1999 by failing to file timely returns; by failing to pay federal income taxes due for those years; by concealing and trying to conceal his true and correct assets and income from the IRS; and by making false and misleading statements to the IRS about his assets and income. See Doc. No. 1 at 5. Trial is scheduled to begin April 23, 2012. Toppin has thus far elected to represent himself.

### ARGUMENT

In his motion Toppin appears to raise the following four arguments: (1) the Court lacks subject matter jurisdiction (Doc. No. 30 at 1-4); (2) the Court lacks personal jurisdiction over Toppin (id. at 4-9); (3) the indictment must be dismissed because the government has not proved a known legal duty which Toppin was required, but failed, to perform (id. at 9-18); and (4) venue

does not lie in this Court (id. at 19-26).  For the reasons set forth below, these arguments lacks merit and Toppin's motion should be denied.

## ARGUMENT

### 1. The Court Has Subject Matter Jurisdiction

Toppin contends that 18 U.S.C. § 3231, which states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," applies only to crimes found in Title 18 of the United States Code, even though it contains no such limiting language.  Doc. No. 30 at 2-4.  "Courts too numerous to enumerate have rejected this silly claim."  United States v. Koliboski, 732 F.2d 1328, 1329 (7th Cir. 1984).  These include the First Circuit.  United States v. Lussier, 929 F.2d 25, 26 (1st Cir. 1991).

### 2. The Court Has Personal Jurisdiction Over Toppin

Toppin argues that this Court lacks personal jurisdiction over him because he is not a "person" subject to federal laws requiring the payment of income taxes.  Doc. No. 30 at 9.  This ridiculous argument should be summarily rejected.  See, e.g., McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (describing this argument as "patently frivolous" and assessing double costs against the taxpayer appellant).

### 3. Toppin's Argument that the Indictment Should Be Dismissed Because the Government Has Not Proved a Known Legal Duty Is Premature

Next, Toppin contends that the Indictment must be dismissed because the government "has submitted no facts or evidence in the record to support the existence of a known legal duty which [Toppin] was required, and subsequently failed, to perform."  Doc. No. 30 at 18.  This argument is premature.  One of the elements the United States will have to prove at trial is that Toppin acted willfully, *i.e.*, that he acted voluntarily with the intention of violating a known legal

duty.  See United States v. Stierhoff, 549 F.3d 19, 26 (1st Cir. 2008).  If the government does not prove this element, Toppin will be entitled to an acquittal.  At this stage, however, dismissal is inappropriate because the Indictment adequately alleges willfulness.  See Doc. No. 35 at 4.

   **4. Venue Is Proper**

Toppin's final argument is that the Indictment must be dismissed because the grand jury failed to find that Toppin committed his crime in Massachusetts.  Doc. No. 30 at 26-27.  This is nonsense.  The grand jury found that Toppin evaded the payment of federal income taxes for tax years 1997-1999 "in the District of Massachusetts and elsewhere."  Indictment ¶ 18.  Indeed, Toppin has lived and worked in Massachusetts from at least 1996 through the present.  See, e.g., United States v. Root, 585 F.3d 145, 156 (3d Cir. 2009) (venue for a tax evasion prosecution lies in the federal judicial district where the offense was begun, continued, or completed).  To the extent that Toppin contends a trial in a federal courthouse is not a trial held within a state, or that the Court lacks jurisdiction over federal tax crimes occurring within a state, see Doc. No. 30 at 22, 24, his positions are patently frivolous and should be rejected.  See, e.g., United States v. Gerhard, 615 F.3d 7, 25-26 (1st Cir. 2010), cert. denied, 131 S. Ct. 1536 (2011).

## CONCLUSION

For the foregoing reasons, Toppin's motion should be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
SANDRA S. BOWER
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
christine.wichers@usdoj.gov
sandra.bower@usdoj.gov

Dated:  January 9, 2012

**Certificate of Service**

     Because the defendant refuses to accept U.S. mail or FedEx packages sent by the United States Attorney's Office to his home address (465 Salisbury Street, Holden, MA 01520), this document will be mailed to the defendant at his business address (4 LaChance Street, Gardner, MA 01440), and served on the defendant by email (dave@pelletizer.com), on January 9, 2012.

*/s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney

4