UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 JAN 20  P 1: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID L. TOPPIN, )<br>)<br>Demandant )<br>_____) | Criminal No. 11-40023-FDS |

### RESPONSE TO GOVERNMENT'S
### OPPOSITION TO DISMISS ALLEGED
### DEFENDANT'S "VERIFIED MOTION TO DISMISS"

The Demandant, David L. Toppin, sui juris, one of the people of Massachusetts, appearing herein specially and not generally, hereby opposes Plaintiff's response to "Verified Motion to Dismiss" (Doc. No. 36).

### BACKGROUND

Plaintiff's response to oppose Demandant's "Verified Motion to Dismiss" (Doc. No. 30) states as follows: 1) Toppin was indicted on June 1, 2011 on one count of tax evasion in violation of 26 U.S.C. § 7201. This statement is in error. The indictment issued on June 1, 2011 shows that "DAVID L. TOPPIN" was indicted by the federal grand jury. The 1984 United States Government Printing Office Style Manual shows the distinction for capitalization of the names

of organized bodies. An organized body is a legal entity, which is an organization or association recognized in law as an entity *apart from the individual members*.[1]

**Names of organized bodies**

> 3.17. ***The full names of*** existing or proposed ***organized bodies*** and their shortened names ***are capitalized***; other substitutes, which are most often regarded as common nouns, are capitalized only in certain specified instances to indicate preeminence or distinction. [emphasis added]
>
> *U.S. Government Printing Office Style Manual*, 'Capitalization Rules,' p. 25, ISBN: 1-57980-326-1 (1984).

The government, itself, draws the distinction between an organized body and a natural person within this publication. David L. Toppin, a natural man, cannot create a legal entity without the blessing of the State. The burden of proof is upon the Plaintiff to prove that "DAVID L. TOPPIN" and "David L. Toppin" are one and the same being.

Demandant reserves the right not to be compelled to perform, under any contract or commercial agreement that he did not enter into willingly, knowingly, voluntarily and intentionally, and demands strict proof thereof. Demandant, furthermore, does not accept the liability of the compelled benefit of any unrevealed contract, commercial agreement or maritime lien, secret or otherwise.

Plaintiff's response to oppose Toppin's Motion further states: 2) The grand jury found probable cause that Toppin willfully attempted to … evade and defeat the payment of federal income taxes for 1997-1999 by failing to file timely returns; by failing to pay federal income taxes due for those years; by concealing and trying to conceal his true and correct assets and income from the IRS; and by making false and misleading statements to the IRS about his assets and income. See Doc. No. 1 at 5. Demandant states that this is the basis of nominal Plaintiff's

---

[1] *Ballentine's Law Dictionary*, 3rd Ed., p. 719, 'Legal entity' (1969).

accusation against Demandant.

Plaintiff's response to oppose Toppin's Motion further states: 3) Trial is scheduled to begin April 23, 2012. Demandant cannot admit nor deny this statement as jurisdiction has yet to be proven on the record.

Plaintiff's response to oppose Toppin's Motion further states: 4) Toppin has thus far elected to represent[2] himself. Demandant cannot represent anyone else as it would indicate that: 1) another being exists other than Demandant; 2) if the legal entity of DAVID L. TOPPIN exists, an attorney would be required to represent it; and 3) Demandant has no knowledge as to the origin or type of any legal entity or artificial being known as "DAVID L. TOPPIN." Demandant demands strict proof as to the party(s) who are responsible and liable for the creation of a legal entity by the name of "DAVID L. TOPPIN."

The United States District Court has foisted the style of appearance upon Demandant as that of a pro se litigant. David L. Toppin, Demandant, has always appeared before this court specially and not generally, has continually challenged the jurisdiction of the court as claimed by Plaintiff. Demandant states that Plaintiff has not proven jurisdiction on the record and demands strict proof of jurisdiction be entered into the record.

## ARGUMENT

Demandant will not reiterate Plaintiff's commentary in opening statement of Argument in Opposition of Motion to Dismiss, but will address each point separately hereafter.

**1. Plaintiff Contends The Court Has Subject Matter Jurisdiction which Demandant Denies**

---

[2] To supply the place of; to act as a substitute for another. The parliament of Great Britain represent the nation. The congress of the United States represents the people or nation. The senate is considered as representing the states in their corporate capacity. *Webster's Dictionary*, 'Represent,' (1828); One who represents or is in the place of another. *Bouvier's Law Dictionary*, 'Representative,' p. 447 (1843)

Plaintiff's responds to Demandant's contention that 18 U.S.C. § 3231 (Doc. No. 30 at 2-4) is inapplicable in the present case. Plaintiff's cites two District Court decisions, United States v. Koliboski, 732 F.2d 1328 and United States v. Lussier, 929 F.2d 25, upon which Plaintiff relies. However, "[d]ecisions made by lower courts ... are binding ... only for the particular taxpayer and the years litigated." This detail is found in the 2006 Internal Revenue Service Manual, shown as follows:

> **4.10.7.2.9.8**  (01-01-2006)
> **Importance of Court Decisions**
>
> 1. Decisions made at various levels of the court system are considered to be interpretations of tax laws and may be used by either examiners or taxpayers to support a position.
> 2. Certain court cases lend more weight to a position than others. A case decided by the U.S. Supreme Court becomes the law of the land and takes precedence over decisions of lower courts. **The Internal Revenue Service must follow Supreme Court decisions**. For examiners, Supreme Court decisions have the same weight as the Code.
> 3. **Decisions made by lower courts, such as Tax Court, District Courts, or Claims Court, are binding on the Service only for the particular taxpayer and the years litigated**. Adverse decisions of lower courts do not require the Service to alter its position for other taxpayers. [emphasis added]

Plaintiff's use of the lower court rulings of Koliboski and Lussier are therefore inapplicable as being authoritative in this litigation. Further, Plaintiff does not challenge Demandant's contention in Motion to Dismiss that 18 USC § 3231 lacks authority for prosecution of tax violation claimed under 26 USC § 7201, and demands strict proof thereof.

## 2. Plaintiff Contends The Court Has Personal Jurisdiction Over Toppin

The federal grand jury indicted the entity known as DAVID L. TOPPIN. Plaintiff misleads the Court by saying that Toppin claimed that the District Court lacked personal jurisdiction over him because he was not a "person" subject to federal laws requiring the payment of income taxes. Doc. No. 30 at 9.

This statement is in error. Toppin's position regarding this point is supported by at least thirteen separate United States Supreme Court cases which the Internal Revenue Service is **REQUIRED**

to follow, but are ignored by Plaintiff. Further, Plaintiff does not prove that Toppin is a "person" as described in 26 USC § 7343 and 26 USC § 6671, and is therefore liable for a tax nor subject to penalties pursuant to 26 U.S.C. § 7201 . Plaintiff further relies on the lower court ruling of McNair v. Eggers, which is applicable "only for the particular taxpayer and the years litigated," as previously shown in the 2006 Internal Revenue Manual.

Furthermore, Plaintiff fails to address the fact that 26 U.S.C. § 7201 applies solely to statutory penalties imposed for non-compliance with 26 U.S.C. §§ 5684, 6420, 6421 & 6427. These statutes state in the relevant parts: Sec. 5684. Penalties relating to the payment and collection of liquor taxes; Sec. 6420. Gasoline used on farms; Sec. 6421. Gasoline used for certain nonhighway purposes, used by local transit systems, or sold for certain exempt purposes; and Sec. 6427. Fuels not used for taxable purposes.

Demandant Toppin states, for the record, that he is not involved in any of the above-listed taxable activities, or has been known to be engaged in any other federal taxable activities and demands that Plaintiff produce strict proof thereof.

### 3. Plaintiff States That Toppin's Argument that the Indictment Should Be Dismissed Because the Government Has Not Proved a Known Legal Duty Is Premature

Jurisdiction in the instant case has not been established on the record and in order for the District Court to adjudicate this matter, such jurisdiction would have to be evidenced in the Court record by Plaintiff. Thus far, no such jurisdictional authority exists in the Court record.

Plaintiff, UNITED STATES OF AMERICA, is obviously a legal entity, and as such has corporate officers or other persons acting in a fiduciary capacity who control said entity. No evidence has been submitted in the record which establishes the identities of the supposed damaged parties for this entity, the state of incorporation for said entity, or that there is a verified complaint from an officer or employee of said entity who has first-hand knowledge of the

forensic accounting of any financial loss sustained.

Plaintiff makes the statement "One of the elements the United States will have to prove..." Demandant contends that the "United States" is not a party to this action.

Plaintiff further relies on another lower court ruling which is only applicable to <u>Stierhoff</u>.

### 4. **<u>Plaintiff States That Venue Is Proper</u>**

Plaintiff states "Indeed, Toppin has lived and worked in Massachusetts from at least 1996 through the present." Pursuant to 15 U.S.C. § 17, it is stated: "The labor of a human being is not a commodity or article of commerce." Toppin's labor is not an article of commerce, it is merely exchanged for non-redeemable Federal Reserve Notes.

> "The common business and callings of life, the ordinary trades and pursuits, which are innocuous in themselves, and have been followed in all communities from time immemorial, must therefore be free in this country to all alike upon the same conditions. The right to pursue them, without let or hinderance, except that which is applied to all persons of the same age, sex, and condition, is a distinguishing privilege of citizens of the United States, and an essential element of that freedom which they claim as their birthright. It has been well said that **'the property which every man has in his own labor, as it is the original foundation of all other property, so it is the most sacred and inviolable**. The patrimony of the poor man lies in the strength and dexterity of his own hands, and to hinder his employing this strength and dexterity in what manner he thinks proper, without injury to his neighbor, is a plain violation of this most sacred property. It is a manifest encroachment upon the just liberty both of the workman and of those who might be disposed to employ him." <u>Butcher's Union Co. v. Cresent City Co.</u>, 111 U.S. 746 (1884).

In 1911, the U.S. Supreme Court confirmed the taxing authority on corporate privileges in Flint v. Stone Tracy, 220 U.S. 107 (1911):

> "Excises are 'taxes laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges.' Cooley, Const. Lim. 7th ed. 680."

> "We are of opinion, however, that the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of this erroneous assumption will be made clear by generalizing the many contentions advanced in argument to support it..." ... "[Taxation of "income" is] in its nature an excise entitled to be enforced as such unless and until it was concluded that to enforce it would amount to accomplishing the result which the requirement as to apportionment of direct taxation was adopted to prevent, in which case the duty would

arise to disregard form and consider substance alone, and hence subject the tax to the regulation as to apportionment which otherwise as an excise would not apply to it"
*United States Supreme Court, Brushaber v. Union Pacific R. Co.*, 240 U.S. 1 (1916)

Toppin is not engaged in a Federally taxable enterprise, such as a trade or business as defined by the IRC. Demandant is not operating in any corporate capacity and demands that Plaintiff produce strict proof to the contrary.

As Toppin has lived and worked in Massachusetts since 1996, it has become his permanent lawful residence and domicile. Plaintiff states that the grand jury found that Toppin evaded the payment of federal income taxes ... "in the District of Massachusetts and elsewhere." Indictment ¶ 18. Toppin has resided in no other jurisdiction which would encompass any federal district[3] or revenue[4] taxing authority as legally defined. Plaintiff further fails to describe what "elsewhere" consists of.

Plaintiff further does not address, challenge or respond to the four questions posed in Demandant's Motion to Dismiss on page 21, or to the jurisdictional limitations pursuant to 4 U.S.C. § 72, which are therefore considered to be agreed upon.

Plaintiff again cites lower court decisions which are binding on the Service only for the particular taxpayer and the years, and are therefore not applicable to Demandant.

---

[3] DISTRICT. "It may be construed to mean territory; Com. v. Dumbauld, 97 Pa. 305; and in the in the revenue laws the words "district" and "port" are often used in the same sense. Ayer v. Thacher, 3 Mas. 153, Fed. Cas. No. 684. Bouvier's Law Dictionary, 3rd Ed., Vol. 1, p. 896 (1914).
PORT. **In the revenue laws it is synonymous with district, when the limits of the port and district are the same**. Ayer v. Thacher, 3 Mas. 153, Fed. Cas. No. 684. Bouvier's Law Dictionary, 3rd Ed., Vol. 3, p. 2632 (1914).
[4] REVENUE: The gross receipts of a business, individual, government, or other reporting entity. The receipts are usually the results of product sales, services rendered, interest earned, etc. Black' Law Dictionary, 6th Ed,. p. 1319 (1991).
REVENUE. Return from property. Bates v. Porter, 74 Cal 224, 239, 15 P 732. The income of the government, state or national, arising from taxation, duties, fees, and the like. 42 Am Jur1st Pub F §2. Precisely, the total income of the government, state or national, derived from all sources, subject to be applied to public purposes. Fergus v. Brady, 277 Ill 272, 115 NE 393. Ballentine's Law Dictionary, 3rd. Ed., p. 1113 (1969).

## CONCLUSION

For the foregoing reasons, Plaintiff's Opposition to Toppin's Motion to Dismiss should be denied. Demandant has always been willing to pay any taxes due and owing to the United States upon proof of claim. If the Plaintiff would ever produce the law by which Congress has "expressly" extended the authority of the Secretary of the Treasury to the geographical area of the several states which is outside "the District of Columbia, and not elsewhere," pursuant to 4 U.S.C. § 72, Demandant would promptly make arrangements with the IRS to pay all taxes that are claimed to be owed for all tax years in question.

Dated this ____ day of January, 2012.


ALL RIGHTS RESERVED

_____
David L. Toppin
465 Salisbury Street
Holden, Massachusetts
America

## CERTIFICATE OF SERVICE

I, David L. Toppin, hereby declare and state that I have filed a true and correct copy of the above document with the Clerk of the Court for United States District Court and have mailed a copy hereof, postage prepaid thereon, to the U.S. Attorney's Office on January 20, 2012.

Sarah Allison Thornton
Clerk of Court
United States District Court
District of Massachusetts
595 Main Street
Worcester, Massachusetts 01608
(508) 929-9900

Christine J. Wichers
Office of the Alleged U.S. Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210

_____
David L. Toppin
465 Salisbury Street
Holden, Massachusetts
America
Without the United States