**David Lynwood Toppin**                                    **Case No. 4:11-CR-40023-FDS**

1   David Lynwood Toppin
2   465 Salisbury Street
3   Holden, Massachusetts
4
5   Counterclaimant
6
7                                   At Law
8                      district court of the United States
9              for the District of Massachusetts (Worcester)
10
11
12  UNITED STATES OF AMERICA,          ) CASE NO. 4:11-CR-40023-FDS
13          Plaintiff,                 )
14                                     ) MANDATORY JUDICIAL
15          v.                         ) NOTICE
16                                     )
17  DAVID L TOPPIN,                    )
18          Defendant,                 )
19                                     )
20                            _____)
21  David Lynwood Toppin ,             )
22          Counterclaimant,           )
23                                     )
24          v.                         )
25                                     )
26  Christine J. Wichers,              )
27  Sandra S. Bower,                   )
28  John Dizer,                        )
29  Donald Richardson,                 )
30  Gary Anderson,                     )
31  John Woldyka,                      )
32  Carlos Ortiz, and                  )
33  Several Unknown Federal Agents     )
34          Counterdefendants.         )
35  _____)
36
37                      **MANDATORY JUDICIAL NOTICE**

38          I, David Lynwood Toppin, as one of the people of Massachusetts, gives this Court

39  Mandatory Judicial Notice that on or about June 1, 2011, filed or caused to be filed a Joinder to

40  an 18 U.S.C. § 4 complaint (David R. Myrland, et al. v. U.S. Department of Justice, et al.,

41  Complainants, certificate of service dated 12/28/05). See EXHIBIT A.

42          The above aforementioned Joinder, Co-Plaintiff David Lynwood Toppin, specifically

43  names Assistant U.S. Attorney, CHRISTINE J. WICHERS and others as Co-Defendants who are

44  engaged in organized criminal activity.

David Lynwood Toppin                                      Case No. 4:11-CR-40023-FDS

45      I, David Lynwood Toppin, give further notice that from this date forward, this Court has

46  full and complete knowledge of these facts, and sets forth evidence that all persons who

47  participate in comforting or assisting the offenders, through actions that hinder the apprehension,

48  trial or punishment of such offenders, is an accessory after the fact. See 18 U.S.C. § 3.

49

50

51

52

53                                              David Lynwood Toppin, *Sui Juris*
54                                              465 Salisbury Street
55                                              Holden, Massachusetts
56                                              America

57

58  The foregoing was subscribed and sworn to before me by David Lynwood Toppin on

59  May 15, 2012

60

61  
62
63  Notary Public
64

65

66  My Commission expires  10 / 6 / 17                        {Seal}

JAMES M SALISBURY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 6, 2017

**David Lynwood Toppin**                                        Case No. 4:11-CR-40023-FDS

67                          **CERTIFICATE OF SERVICE**

68

69          I certify that on  May 15th, 2012, a copy of  this pleading was filed with the Clerk of

70   Court of the district court of the United States for the District of Massachusetts (Worcester).

71   Notice of this filing was completed upon all interested parties by first class mail

72
73   Christine J. Wichers
74   Office of the U.S. Attorney
75   1 Courthouse Way Suite 9200
76   Boston, MA 02210
77
78   John Dizer
79   Internal Revenue Service
80   120 Front Street, Ste. 600
81   Worcester, MA 01608
82
83   Donald Richardson
84   Internal Revenue Service
85   120 Front Street, Ste. 600
86   Worcester, MA 01608
87
88   Gary Anderson
89   Internal Revenue Service
90   120 Front Street, Ste. 600
91   Worcester, MA 01608
92
93   John Woldyka
94   Internal Revenue Service
95   15 New Sudbury Street, Room 1000
96   Boston, MA 02203
97
98   Carlos Ortiz
99   Internal Revenue Service
100  15 New Sudbury Street, Room 1000
101  Boston, MA 02203
102
103
104
105
106                                        _____
107                                        David Lynwood Toppin, *Sui Juris*
108                                        465 Salisbury Street
109                                        Holden, Massachusetts
110                                        America

$EXHIBIT\ A$

## I. INTRODUCTION.

1.1     I, David Lynwood Toppin, as one of the people of the several States do decree and hereby incorporate the above captioned 18 USC § 4 complaint (*David R. Myrland, et al. v. U.S. Department of Justice, et al.*, Complainants, certificate of service dated 12/28/05) by this reference as if fully restated herein, I hereby join it as a Co-Complainant, and I hereby authorize this verified Joinder to be distributed to Congress as such. I do not intend herewith to obstruct any lawful enforcement of any laws, state or federal, and I see no harm or obstruction posed by my reporting crime as I do with this 18 USC § 4 complaint.

1.2     The attached documents hereby sworn to are authentic and prove that I am similarly situated to Complainants in relation to several crimes alleged in the subject Complaint. I have too much respect for the law than to remain silent and I view this Joinder as my legal duty under 18 U.S.C. § 4. **I do not believe** I have a duty to file a tax return or to pay an income tax under 26 U.S.C[1]., or that I am "willful" regarding any of its penal provisions, civil or criminal. The term *as briefed* shall refer to the supporting memorandum filed with the above captioned complaint. ***Any and all emphasis*** employed herein may be construed to have been added.

1.3     I hereby demand that this entire file be deemed a part of my official administrative record for the purposes of any and all future controversies or other matters involving the Defendant in any way. My contact information is attached but is intended for suppression and preclusion from public record regarding this action. Please advise of all developments, *e.g.*, official complaint or file number for the 18 U.S.C. § 4 overture joined hereby. Hereinafter I may be referred to as the "Complainant". **Exhibits to this Verified Joinder are as follows:**

---

[1] Subchapter A. Application of Internal Revenue Laws

Subtitle F. — Procedure and Administration

TITLE 26 > Subtitle F > CHAPTER 80 > Subchapter A > § 7806

   § 7806. Construction of title

   (a) Cross references

   The cross references in this title to other portions of the title, or other provisions of law, where the word "see" is used, are made only for convenience, and shall be given no legal effect.

   (b) Arrangement and classification

*No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect.* The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law. *Emphasis mine*

Verified Joinder of Parties to Complaint    Page **1** of **16**

**EXHIBIT A: NOTICE FEDERAL LEVY**
**EXHIBIT C: SUBPOENA TO TESTIFY BEFORE A GRAND JURY**

1.4     I am one of the people of Massachusets, all rights reserved without express waiver. My exhibits (attached) show me to be a victim of misenforcement as briefed and of additional crimes on the part of Defendants new and previously named alike.

1.5     The fact that the U.S. Dept. of Justice and the following named Defendants have not, because, they cannot refute the above captioned complaint and its briefing of statutory scheme, its limitations of scope, and its many protections and limitations of power, is firmly established by clear refusal to even speak for one moment in contradiction about the operation of provisions relied upon[2]. All or most of the original charges or counts alleged must therefore be valid accusations, and I hereby complain in kind in relation to persons now acting against me under color of law.

## II. JOINDER OF SIMILARLY SITUATED PARTIES DEFENDANT.

2.1     Complainant, David Lynwood Toppin (hereinafter Complainant), hereby joins the following people as parties Defendant to certain charges alleged in the Complaint.  Gary Anderson, , and Carlos Ortiz are IRS personnel, as defined 27 CFR §26.11, and Assistant US Attorney, CHRISTINE J. WICHERS who have acted and are acting to illegally obtain Complainant's property, and are conspiring to deprive Complainant of privacy, and put Complainant into a state of involuntary servitude.  All the above named Defendants are presumed to have taken a sworn oath to uphold, support, protect and defend the Constitution for the United States of America.  The Defendants are similarly situated to Defendant Terry L. Martin as is proven by exhibits attached hereto to be rightfully charged by reference under Counts 1-7, 12, 23, and 24 of the Complaint.  Complainant hereby joins these three persons to the Complaint as similarly situated and now specifically named Defendants to the Complaint. Additional charge against these Defendants follows.  Their names and addresses are as follows:

2.2     Defendant Gary Anderson ID#  is an IRS agent whose address is 120 Front Street, STE 600, Worcester, MA 01608, has acted to steal Complainant's money by serving documents upon CLINTON SAVINGS BANK stating falsely that Complainant was liable for taxes and that

---

[2] He who does not deny, admits. (A well-know rule of pleading.) *Tray. Leg. Max.* 503

Complainant failed to pay, and so was subject to seizure of property by distraint. (See EXHIBIT A. NOTICE OF LEVY). Gary Anderson intentionally, without the proper delegation of authority had wrongfully misapplied 26 U.S.C. §6331 (a), to wit:

> Section 6331. Levy and distraint
>
> (a) Authority of Secretary.-If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages *of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia,* by serving a **notice** of levy on the employer (as defined in section 3401(d)) of such officer, employee or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

2.3     Only ATF pursuant to 27 CFR 70.11, has the proper delegation of authority to wit: **Only the appropriate officers or employees of the Alcohol and Tobacco Tax and Trade Bureau (TTB) authorized to perform any functions relating to the administration or enforcement of this part by TTB Order 1135.70;** Tax Processing Center are authorized to file liens and their signatures must be on the Notice of Lien, Sale, Seizure and so forth i.e. Federal Register sections, but not limited to, 70.34, 70.42, 70.64, 70.71, 70.144c, 70.150, 70.161, 70.165, 70.182, 70.204, 70.211, 70.231, 70.232, 70.242 and continuing to the end at 70.486. Further evidence is found at 27 CFR 70.191 - Action to enforce lien or to subject property to payment of tax; wherein it states that no action of any kind will take place without the authorization of the Director Bureau of ATF or the Chief Counsel for the BATF. Nowhere in the law or in the code are agents of the Internal Revenue Service given authorization to initiate or participate in a Lien/Levy process;

2.4     The Notice of Levy is in violation of Federal law 26 U.S.C. §6332(c) and Title 28 USC §3101, et. Seq.  "The Federal Debt Collect Act". An overly zealous IRS agent has erroneously a "Notice of levy" stating that the Complainant's money be on hold for 21 days, prior to turning it over to he Defendant. THIS IS AN ILLEGAL COLLECTION ACTION under

Verified Joinder of Parties to Complaint   Page **3** of **16**

the authority of Title 26 and Title 28. In order for the "Notice" to be legally binding it must have a Court Order (Warrant of Distraint) accompanied by a **Writ of attachment** and/or a **Writ of Execution** authorized, approved and ordered by a court of competent jurisdiction. The IRS is attempting to coerce others into violating the law by requesting that the bank voluntarily turn over Complainant's property to them for a debt that is not owed and relieve them from all liabilities. The following U.S. code section puts the liability on the bank.

26 U.S.C. §6332(c);

        "(c) Special rule for banks

    Any bank (as defined in section 408(n) shall surrender **(subject to an attachment or execution under judicial process)** any deposits (including interest thereon) in such bank only after 21 days after service of levy." {*my emphasis added*}

28 U.S.C §3101. Prejudgment remedies

Application, -(1) The United States  may, in a proceeding in conjunction  with the complaint or at any time after the filing of a civil action on a claim for a debt,  make application under oath to a court to issue any prejudgment remedy.  (2) Such application shall be filed with the court and shall set forth the factual and legal basis for each prejudgment remedy sought

28 U.S.C. §3102(a) states:

    a)  Property Subject to Attachment.- Any Property in the possession, custody, or control of the debtor and in which the debtor has a substantial nonexempt interest, except earnings, may be attached ***pursuant to a writ of attachment*** in an action or proceeding against a debtor on a claim for a debt and my be held as security to satisfy such judgment, and interest and costs, as the United States may recover on such claim.

28 U.S.C. §3104, Garnishment.

(a) In General.- if the requirements of section 3101 are satisfied, **a court** may issue a **writ of garnishment** against  property (excluding earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy a claim for a debt.

28 U.S.C. §3201, Judgment liens

(a) Creation,-

Verified Joinder of Parties to Complaint    Page **4** of **16**

A **judgment in a civil action** shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest.

28 U.S.C. §3205.- Garnishment

(a) In General.-

A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishments issued under  this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

TAKE NOTICE that, there has been *NO* judicial process, *NO* court order. *NO* judgment, *NO* attachment executed by a court of competent jurisdiction with this "Notice of Levy" pursuant to 26 U.S.C. §6332 (c) and 28 U.S.C. §3101 (a) ct. seq.  Therefore, the bank is *NOT required under law*, by any means, to turn over Complainant's money to the IRS based upon an administrative notice of something that does not exist.

In addition, at the bottom of the body of the notice, under paragraph 4, it clearly states that, "if you don't *owe* any money to the taxpayer, please complete the back of Part 2..." The IRS explains about what the "Bank" **OWES** Complainant! Under a court order the only thing that would be subject to be turned over would be amount that the bank owes Complainant, such as interest or dividends.  A checking or savings account are only holding accounts and are **NOT** owned by the bank. The balance of these holding is not owed to Complainant by the bank.  The possession of a taxpayer was authorized by a signed Warrant for Distraint, Form, 69, which commanded the *collection officer* to take the necessary distraint action. Under the 1954 Code, effective with respect to all collection action after December 31, 1954, the levy and distraint action will be authorized by a new form **Levy, Form 668-B,** January 1955. This form, properly

Verified Joinder of Parties to Complaint   Page **5** of **16**

executed, directs the **collection officer to levy upon, and to sell** so much of the property and rights to property, either real or personal, of the taxpayer liable, as may be necessary to satisfy the **taxes enumerated** in the levy. **Henderson v. Internal Revenue Service,** KTC 1994-486 (S.D. ind.1994).

Agent Gary Anderson and others are in violations pursuant to 26 U.S.C. §6332(c), 28 U.S.C. §3101( a) et, seq., 18 U.S.C. §1983 and the United States Constitution rights of due process of law, not to mention violation of the States Constitution, for misapplication of funds by any such bank official, agent, office, director, employee or receiver, and shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both, as provided for in 18 U.S.C. §656.

2.5　　These aforementioned agents are similarly situated to TERRY L. MARTIN (IRS agent) who was named in the original complaint, and I hereby join them as articulated against MARTIN therein.

2.6　　Assistant US Attorney, CHRISTINE J. WICHERS whose address is 1 Courthouse Way, STE: 9200, Boston, MA 02210.　　CHRISTINE J. WICHERS have joined the above Defendants by severing Complainant with a subpoena to appear before a Grand Jury, without a sworn complaint supported by oath or affirmation.

2.7　　CHRISTINE J. WICHERS has relied on the ignorance of the people of the Grand Jury, by pursuing an indictment purported crimes that are not in the venue of the federal government, from a grand jury.　　CHRISTINE J. WICHERS has a duty to know, because being an educated UNITED STATES ATTORNEY, the limits of the authority delegated to the office of the UNITED STATES ATTORNEY.

United States of America and United States are two distinct entities.

> "We the People **of the United States**, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence[sic], promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution **for the United States of America**"

The United States of America (Several States) by the Constitution created a government called United States. If the founding fathers intended that United States and USA should be the same

Verified Joinder of Parties to Complaint　　Page **6** of **16**

entity, then why did they give each entity a different name? Why was the jurisdiction of the United States limited to the 10 miles square known as the District of Columbia? By a reading of the Constitution, clearly the exclusive legislative jurisdiction of the United States (allegedly USA) was limited to the "10 miles square" of "the District of Columbia" and the United States of America[3] was the union of the several 13 states then bound by the Articles of Confederation which encompassed the areas then made up of all the several 13 states. It appears that Counsel claims to represent the several states and there is no authority in the Constitution or "expressly" granted by Congress in United States law for Counsel and the DOJ to represent USA in an action with respect to the enforcement of internal revenue laws of the United States or Grand Jury Subpoenas outside "the District of Columbia, and not elsewhere" and within the several states against the Accused. (See United States Code Title 4 §72)

2.8   CHRISTINE J. WICHERS and co-conspirators are guilty of making false declaration before a grand jury and the United States court, and are in violation of TITLE 18, PART I, CHAPTER 79, § 1623. False declarations before grand jury or court. CHRISTINE J. WICHERS and others are guilty of a scheme or artifice to defraud by depriving another of the intangible right of honest services, and are in violation of TITLE 18, PART I, CHAPTER 63, § 1346. Definition of "scheme or artifice to defraud.

### III. EXISTING CLAIMS BY U.S. GOV'T ABOUT BRIEFED ISSUES.

1. Claim: Americans are not in the statutory definition of the term "citizen" in 26 USC §§ 1402(b), 3121(e) or 3306(j), 42 USC § 411(b)(2), and 26 CFR 1.1-1, and the Secretary of Treasury lacks the authority of subject-matter to operate outside of D.C. required by 4 USC § 72 and not elsewhere, except as otherwise expressly provided by law.

3.1   In Dec. of 2007 to Jan. of 2008, in *U.S. v. Arant*, the DOJ was faced with Issues A and B of this complaint (original filing, pp.17-23 of 58 of supporting memorandum) and failed miserably to mention the provisions relied upon. The entirety of that decision of 2/5/08 is this:

"This matter comes before the court on defendant Robert Arant to dismiss for failure to state a claim upon which relief may be granted. Arant, who is proceeding *pro se*, argues that the United States of America (the "United States") has no statutory authority to act against him. ("The Secretary of the Treasury has imposed a tax on the defendant through 26 CFR 1.1-1(c), but has done so with out authority to do so, the

---

[3] There is some doubt as to whether "the United States of America" a party to the Constitution and UNITED STATES OF AMERICA the party to this suit, are in fact the same entity. Further discovery may clarify this.

Case 4:11-cr-40023-FDS   Document 43   Filed 05/15/12   Page 11 of 19

authority to lay income tax having been reserved to Congress and Congress alone").
(Fn.1).

However, "[t]he IRS is given the authority to assess taxes." *Law Offices of Jonathan A. Stein v. Cadle Co.*, 250 F.3d 716, 720 (CA9 2001) (citing 26 USC §§ 6201-6204); see also *McLaughlin v. IRS*, 832 F.2d 986, 986-87 (CA7 1987) (per curiam) ("Tax protestors, those who persist in pressing losing arguments in an attempt to challenge the legitimacy of the federal income tax, are thorns in the side of the federal judiciary"; see generally *United States v. Fior D'Italia*, 536 US 238 (2002) (discussing the IRS' authority). Arant may not agree with that authority, but nevertheless, it exists."

Fn.1: The government has responded to the motion with a single sentence, noting that the motion "is a frivolous pleading to which no further response from the United States is required." In the future, the government should look beyond the frivolous nature of Arant's filings and respond substantively."

See *U.S. v. Arant*, U.S. Dist. Court, Seattle, WA #CV-07-509-RSL, Order of 2/5/08. This was Chief Judge, Robert S. Lasnik, agreeing with the DOJ which, in response to the same Issues A and B now in Mr. Arant's motion to dismiss, could say only, "[F]rivolous pleading to which no further response from the United States is required." We see no discussion of the law.

3.2    Provisions relied upon are clearly off limits in this, a *nation of laws*, when American judges have their way. This is all that the DOJ can say about this:

"COMES NOW plaintiff United States of America in response to "DEFENDANT'S MOTION TO DISMISS counts 1 through 6 of indictment for lack of in personam jurisdiction, essential elements, other" filed at Docket No. 85.

The motion appears to challenge the government's statutory authority to prosecute him for a criminal violation of the Internal Revenue Code. He appears to base this challenge on discredited arguments that the tax laws only apply to nonresident aliens, citizens of Puerto Rico, the District of Columbia, or government employees. Alternatively, the argument is made that the taxpayer is in fact a nonresident alien to whom the laws of the United States somehow do not apply.

This is the argument that resulted in the 1997 false claim charges against Warner, who asserted he was a nonresident alien and demanded refunds. Courts have ruled that the nonresident alien arguments put forth by individuals born in the United States are frivolous. See *United States v. Ambort*, 405 F.3d 1109, 1114 (10th Cir. 2005)(noting that "Ambort does not, and cannot, argue that he has a good faith belief that he is a nonresident alien not subject to taxation. We have specifically said as much, and Ambort concedes that his argument has been repeatedly rejected"); *United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993)(rejecting appellant's contention "that as a natural born citizen of Montana he is a nonresident alien and, thus, is not . . . subject to the tax laws").

Verified Joinder of Parties to Complaint    Page **8** of **16**

The defendant's argument that there is no statutory authority to act against him seems to be based on a misinterpretation of 26 U.S.C. § 3121(e)(2), which states in part: "The term 'United States' when used in a geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa." His claim directly contradicts the Fourteenth Amendment, which states "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside[4]."

The defendant's argument has been consistently rejected by the courts. See *United States v. Cooper*, 170 F.3d 691, 691(7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared"); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)(rejecting "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993)(rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts"); United States v. Gerads, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposed $1,500 sanction for frivolous appeal that included the argument that defendants were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *United States v. Silevan*, 985 F.2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's argument that he was not a "federal citizen"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejected as "imaginative" argument that defendant could not be punished under the tax laws of the United States because he was a citizen of the "Republic" of Idaho, claiming "asylum" in the "Republic" of Colorado); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991)(rejecting as frivolous argument that court lacked personal jurisdiction over defendant who claimed "non-citizen," "non-resident," "freeman" status); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991)(rejecting "strange argument" that defendant is not subject to jurisdiction of the laws of the United States because "he is a freeborn, natural individual, a citizen of the State of Indiana, and a 'master'-not 'servant'-of his government"); *United States v. Koliboski*, 732 F.2d 1328 (7th Cir. 1984)(describing jurisdiction challenge as "silly").

Likewise, Warner's claim that 26 U.S.C. § 3401 means that only government employees are subject to taxation has been discredited. See *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985)(describing such claim as "inane" and "a preposterous reading of the statute"); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986)(characterizing claim as "meritless" and imposing sanctions for frivolous appeal).

Warner states no cognizable grounds for the dismissal of the charges against him. The remainder of his "motion" essentially accused the United States of engaging in a "RICO scheme" against him, and suggests the Court will be "utterly foolish and corrupt" if it does not rule in his favor. The motion should be denied.

---

[4] **Corporations** are "**persons**" as that word is used in the first clause of the XIVth Amendment; *Covington & L. Turnp. Co. v. Sandford*, 164 U.S. 578, 17 Sup. Ct. 198, 41 L. Ed. 560; Smyth v. Ames, 169 U.S. 466, 18 Sup. Ct. 418, 42 L. Ed. People v. Fire Ass'n, 92 N.Y. 311, 44 Am. Rep. 380; U.S. v. Supply Co., 215 U.S. 50, 30 Sup. Ct. 15, 54 L. Ed. 87. and,

"…And be it further enacted, That on and after the first day of August, eighteen hundred and sixty-two, every individual, partnership, firm, association, or corporation, (**and any word or words in this act indicating or referring to person or persons shall be taken to mean and include partnerships, firms, associations, or corporations, when not otherwise designated or manifestly incompatible with the intent thereof,**)." *Thirty-Seventh Congress*. Sess. II. Chap. CXIX. Page 432. Sec. 68. (p. 459.)

RESPECTFULLY SUBMITTED this 12th day of December, 2008, in Anchorage, Alaska."

See *U.S. v. Warner*, #3:07-cr-00123-RRB-JDR, Anchorage, AK, Plaintiff opposition to Issues A and B of the above captioned complaint's memorandum at pp.17-23, filed in Alaska on December 12, 2008. Thomas Bradley, Nelson P. Cohen, and Randall Crandon are U.S. Attorneys for prosecution. We see no discussion of the law. The claim is:

### "Under Issue (A):

4.9      Because executive branch officials have no legislative authority, their regulations cannot add to or detract from those enactments of Congress, our lawmakers. While Congress has taken the time to name a subject of taxes imposed by chapters other than chapter 1, it has failed to identify the Petitioner, in any chapter, as a subject of any tax imposed by 26 USC.

4.10     Petitioner has a right to know how the law operates to impose the Respondent's tax, the Respondent has the burden of proof under the weight of Petitioner's evidence, and Petitioner prevails when plain discussion about the provisions relied upon cannot be obtained. Nothing in 26 USC even remotely implicates the Petitioner (private sector employee, self employed, capital gains) as the subject of any tax imposed thereunder.

4.11     The mention of Petitioner's Citizenship in mere regulation is a grossly insufficient basis upon which to tax the Petitioner. The Secretary of the Treasury has imposed a tax on the Petitioner through 26 CFR 1.1-1(c), but has done so without authority to do so, the authority to lay income tax having been reserved to Congress and Congress alone. Said regulation is null and void for derogation of statute. This is Petitioner's belief, and until it is dispelled with open discussion and logical application to the contrary Petitioner will continue to act upon it.

### Questions under Issue (A):

(QA)1. By what statutory authority does the Respondent seek to tax the Petitioner? Can Respondent point to authorities naming as subject one with the political status and *situs* of the Petitioner?

(QA)2. Is the citizen in §§ 1402(b) and 3121(e) really the same Citizen defined in 26 CFR 1.1-1(c)?

(QA)3. Is the Petitioner rightfully deemed to be the employee in § 3401(c)?

(QA)4. Can the Secretary of the Treasury lay an income tax by naming a subject to the chapter one income tax where Congress has not?

(QA)5. Until Congress names the Petitioner as subject, the Respondent is powerless to even approach the Petitioner regarding any matter governed by 26 USC for lack of personam jurisdiction and statutory authority, right?"

### "Under Issue (B):

4.17     Congress requires that the Office of the Secretary of the Treasury receive statutory leave to operate outside Washington, D.C., the seat of government of the United States. If the Secretary of the Treasury (hereinafter "Secretary") has such permission, Petitioner

Verified Joinder of Parties to Complaint   Page **10** of **16**

demands that it be disclosed, in plain language, and that the statute granting such leave be cogently ruled upon.

4.18    The Internal Revenue Code is not enforceable against the Petitioner for the Secretary's lack of the requisite leave to operate under 4 USC § 72.

4.19    The Secretary and his delegates, *i.e.*, Commissioner of Internal Revenue, have no authority to operate outside Washington, D.C., as required under 4 USC § 72. No such authority is found in the language of 26 USC § 7621 which only applies to the Office of the President of the United States and "revenue districts." This is Petitioner's belief, and until it is dispelled with open discussion and logical application to the contrary Petitioner will continue to act upon it.

**Questions under Issue (B)**:

(QB)1. Is the Office of the President the same Office as that held by the Secretary? If not, can § 7621 be said to be grant of leave to the Secretary to operate outside of Washington, D.C.?

(QB)2. Where is the Secretary of the Treasury's authority to operate outside of Washington D.C.?

(QB)3. Is 26 USC § 7621 a grant of leave for the Secretary of the Treasury to operate outside of Washington D.C.?

(QB)4. If the IRS cannot supply proof of requisite leave under 4 USC § 72, can Petitioner lawfully be approached by the Respondent in any way?"

See *as briefed* at pp.17-23 of 58 of memorandum.

3.3    In *U.S. v. Hirmer*, (#3:08cr79-011/MCR, filed Aug.21, 2008 in U.S. Dist. Pensacola, FL) the DOJ draws directly upon 26 CFR 1.1-1 as an authority to impose 26 USC's provisions upon Americans and their gross income. (See indictment at ¶ 11, "All citizens of the United States were taxed on their worldwide income. U.S.Const. Amend. XVI; Title 26, United States Code, §§ 1, 61; *Treas. Reg. § 1.1-1(b)*.").

3.4    In the IRS' publication on frivolous arguments, 26 CFR 1.1-1 is relied upon as an authority in its supposed discrediting of a "tax protestor" argument, and none of these provisions are in said publication, at its p.16 which states that, "The Law: As stated above, for federal income tax purposes, "gross income" means all income from whatever source derived and includes compensation for services. I.R.C. §61. Further, *Treasury Regulation § 1.1-1(b) provides*, "[i]n general, all citizens of the United States, wherever resident, and all resident alien individuals are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States.").

3.5    All of this serves only to fortify my belief that statute, as briefed, protects me in the ways stated in the complaint to which I file this Joinder of parties.

### 2. Claim: "Defendant has been deprived of the provisions of 26 USC §§ 83, 212, 1001, 1011, and 1012."

3.6 "Section 83(a) explains how property received in exchange for services is taxed." (See *Montelepre Systemed, Inc. v. C.I.R.*, 956 F.2d 496, 498 at [1] (CA5 1992)). Section 83 applies to all compensation paid for services of corporations, and for the services of individuals. (See 26 CFR 1.83-3(e), (f); *MacNaughton v. C.I.R.*, 888 F.2d 418 (CA6 1989); *Pledger v. C.I.R.*, 641 F.2d 287 (CA5 1981); *Alves v. C.I.R.*, 734 F.2d 478, 481 (CA9 1984); *Klingler Electric Co. v. C.I.R.*, 776 F.Supp. 1158, 1164 [1] (S.D.Miss. 1991); *Robinson v. C.I.R.*, 82 USTC 444 (1984); *Cohn v. C.I.R.*, 73 USTC 443, 446 (1979)).

3.7 This is all that the DOJ can say about 26 USC § 83 when an employee claims that their personals services are not taxable as gross income:

"COMES NOW Plaintiff United States of America in response to "DEFENDANT'S MOTION TO DISMISS Counts 1, and 3-6 of indictment for lack of in personam jurisdiction, essential elements; operation of 26 U.S.C. § 83" filed at Docket No.84. While the argument and legal basis are unclear, the defendant appears to raise frivolous, oft-rejected claims that his income is not taxable and the Court has no jurisdiction over him.

In the first place, the claim is essentially an insufficiency of the evidence claim, a matter not cognizable in a motion to dismiss. "An indictment is sufficient if it contains the element of the charged crime in adequate detail to inform the defendant of the charge and enable him to plead double jeopardy." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995)(citations omitted). "The indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. DeSalvo*, 41 F.3d 505, 513 (9th Cir. 1994).

Under Fed.R.Crim.P. 7(c) and indictment is generally sufficient if it tracks the language of the statute. *United States v. Musacchio*, 968 F.2d 782,787 (9th Cir. 1991). See also *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1995) (information that tracks applicable statute affords defendant fair notice of crime charge; indictment need not specify mental state required for conspiracy). The defendant cites *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986) for the proposition that indictment language that tracks the statute is not sufficient to inform the defendant of the charges against him. In fact, Gordon held that "An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." 780 F.2d at 1169 (citing *Hamling v. United States*, 418 U.S. 87 (1974)).

The Gordon court went on to state that "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. Furthermore, it is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *Id.* (citations omitted). See also *United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992). In a similar

Verified Joinder of Parties to Complaint  Page **12** of **16**

vein, the Ninth Circuit rejected the argument that an indictment charging a violation of 26 U.S.C. § 7206 and setting forth the elements of the offense was insufficient because the CFR provisions dealing with the enforcement of section 7206 reference the Bureau of Alcohol, Tobacco and Firearms, an agency unrelated to the case against the defendant. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). An indictment need only provide "the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *Id.*

A pretrial motion to dismiss an indictment under FedR.Crim.P. 12(b) may be considered by the District court only if it is capable of determination without the trial of the general issue, *i.e.*, if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir 1993). The court can analyze questions of law at this point, but it may not invade the province of the jury as the ultimate fact finder.

Therefore, the defendant's attack on the sufficiency of the indictment is simply premature, as it is in reality nothing more than a pretrial attack on the sufficiency of the evidence. The government expects to prove at trial that the defendant evaded the payment of income taxes and willfully signed false income tax returns. The defendant may move pursuant to Fed.R.Crim.P. 29 at the close of evidence if he then believes we have failed to do so.

The basis for his challenge appears to be akin to a "wages are not income" or "fair market value exchange" argument that has been rejected for decades. The Supreme Court has defined income as "the gain derived from capital, from labor, or from both combined . . . ." *Eisner v. Macomber*, 252 U.S. 189, 207 (1920). Section 61(a) of Title 26 of the United States Code defines gross income as "all income from whatever source derived, including . . . (1) Compensation for services . . . .." Wages or salaries received in exchange for services rendered are income that must be reported on a tax return. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429-33 (1955); *Commissioner v. Smith*, 324 U.S. 177, 181 (1945); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). Courts uniformly interpret "income" to include wages and salaries. *Connor v. Commissioner*, 770 F.2d 17, 20 (2d Cir. 1985) ("The argument that they are not has been rejected so frequently that the very raising of it justifies the imposition of sanctions").

The argument that payments for services can only be taxed to the extent that the fair market value of the compensation exceeds the value of the services, which the defendant specifically makes, is also frivolous. See *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980).

Finally, the defendant appears to argue that the Court lacks in personam jurisdiction over him, although he provides no authority for this premise. Despite his claims to the contrary, it is clear that United States District Courts have jurisdiction over criminal offenses enumerated in the Internal Revenue Code, notwithstanding the absence of a statute within Title 26 conferring such jurisdiction. Section 3231 of Title 18 of the United States Code gives the district courts original jurisdiction over "all offenses against the laws of the United States," and the Internal Revenue Code defines offenses against the laws of the United States. See, *e.g.*, *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984); *United States v. Amon*, 669 F.2d 1351, 1355 (10th Cir. 1981)("frivolous and without merit"); *United States v. Collins*, 920 F.2d 619, 628-29 and 623 n.2 (10th Cir. 1990)(rejecting argument as "silly," "frivolous," and a "fantasy").

Likewise, and claim that he is not a "person" subject to taxation under the Internal Revenue Code has been rejected numerous times. A citizen or resident of the United States is included in the Internal Revenue Code's definition of a United States person. 26 U.S.C. § 7701(a)(30)(A). The not-a-person argument has been dismissed by the courts as "frivolous," "patently frivolous," "fatuous," and "obviously incorrect." See *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986); *Biermann v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981).

The motion is without merit, and should be denied."

See *U.S. v. Warner*, #3:07-cr-00123-RRB-JDR, Anchorage, AK, filed by DOJ December 12, 2008. This was DOJ's reply to a statutory claim and it addresses nothing. The claim is:

## "Under Issue (D):

4.47    Under law, to tax the FMV of services actually rendered, the Petitioner must be deprived of the provisions of 26 USC §§ 83, 212, 1001, 1011, and 1012. The law (26 CFR 1.83-3(g)) embraces the FMV of labor as a cost ("***value of any money or property paid***"), despite the fact that it is property within which the Petitioner has no basis. Property within which one has no basis is not excluded from cost under the law.

4.48 Respondent excludes from cost Petitioner's services merely upon the fact that it is property within which Petitioner has no basis, but such an exclusion is unauthorized under provisions which embrace ALL property as a cost. Petitioner must violate §§ 83, 212, 1001, 1011, and 1012 by not restoring the "adjusted basis" and allowing only the amount that remains thereafter to be taxed as "realized gain," as required under 26 CFR 1.1001-1(a). To report as gross income the value of personal services the Petitioner must enter a false statement on a gov't form in violation of 18 USC § 1001.

## Questions under Issue (D):

(QD)1. Since § 83 is applicable to amounts now sought to be included in gross income, it is clear that either the Respondent or the Petitioner is in violation of it, but silence abounds. Does it apply, and, if so, how does it operate and how is the Petitioner to comply with it in the future?

(QD)2. Where, under §§ 83 and 1012, and 26 CFR 1.83-3(g), does it provide that only property within which one has a basis is to be recognized as a cost or, that intangible personal property is excluded from that which is cost?

(QD)3. If such exclusions alluded to in #(2) above do not exist, can "income tax" approach such property's FMV, as contemplated under §83?

(QD)4. In consideration of these provisions, is the FMV of labor (contract value) appropriately termed "gain derived from labor"?

(QD)5. Is the FMV of labor excluded from gross income by law? (See § 83, 212, 1001, 1012; 26 CFR 1.83-3(g)). If so, by what authority?

(QD)6. Can a Court order the exclusion from cost of property within which the Petitioner has no basis when such exception to cost cannot be found in statute or in regulation, especially when it constitutes the difference between paying a tax and not even being subject to it? Can the Respondent claim in one case that "any property" means all property, and in another case argue that "any property" lawfully excludes certain things

not recorded, mentioned, or manifest in law? Would such accounting offend the holdings in *Monsanto, Gonzales, Alvarez,* and *Rucker*? If not, why not?"

See *as briefed* at pp.25-35 of 58 of memorandum.

   3.8    Read the cases cited which concern § 83 and tell me why the courts now refuse to speak of it *as briefed.* Tell me why the courts are allowed to ignore statute; tell me who's in charge. This standard of treatment you have provided for us makes government and its occupants look terrible.

   3.9    None of these provisions are in the IRS publication on frivolous arguments, including § 83 which "explains how property received in exchange for services is taxed." (*Montelepre Systemed, supra,* at ¶ 3.4).

   3.10   All of this evasion, which is a crime under 18 USC §§ 241 and 242, serves only to fortify my belief that I have statutory protections relating to what I earn through the sale of my personal services.

## IV. CONCLUSION & VERIFICATION.

   4.1    I, David Lynwood Toppin, one of the people domiciled upon the land Massachusets, hereby join this criminal complaint in good faith, and **I believe** in full that the allegations of lawlessness on the part of the Defendants above named are true and correct, and that they constitute the crimes alleged herein and that I am a victim thereof. The issuance of protective orders against discussion of the law leads me to believe in good faith that one or more felonies have been and are being committed against me and others by the Defendants to the Complaint. I am alleging and accusing as detailed herein regarding all maters concerning law applied to fact and seeking full remedy under the law against those individuals and institutions named.

   4.2    I, David Lynwood Toppin, am not a U.S. citizen, U.S. person, partnership, firm, association, corporation or any other artificial entity including but not limited to, an individual as the term is described by statute and regulations, nor engaged in any trade or business as defined in the Internal Revenue Code.

   4.3    I David Lynwood Toppin, hereby retain all rights not to be compelled to perform under any contract or commercial agreement that I did not enter knowingly, voluntarily and intentionally. Furthermore, I do not except the liability of the compelled benefit of any unrevealed contract or commercial agreement.

Verified Joinder of Parties to Complaint   Page **15** of **16**

4.4     I, David Lynwood Toppin, do not believe for one minute that 26 USC imposes any duties or requirements of any nature upon me, and I do hereby declare under penalties of perjury under the laws of the United States of America (28 U.S.C. §1746 (1) that the statements and allegations made herein are true and correct to the best of my knowledge, and that no material falsity is believed to exist. Executed this ___day of the month of April, 2011.

By: _____

David Lynwood Toppin, Affiant/Complainant,
One of the people of Massachusets
Not a U.S. District, Not a U.S. Territory

4.4 The above affirmation was subscribed and duly sworn to before me this 31ˢᵗ day of the month of _May_, 2011, by David Lynwood Toppin.

4.5 I, _Karen Mattus_, am a Notary under license from the State of _Mass_ whose Commission expires 6-2-17

_Karen P Mattus_
Notary signature

Dated: 5/31/11 . Respectfully submitted:

BY _____

David Lynwood Toppin, Complainant
465 Salisbury
Holden, Massachusets 01520
Not a U.S. District, Not a U.S. Territory

KAREN F. MATTUS
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 2, 2017

_All Rights Reserved_