UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 11-40023-FDS |
| v. | ) | |
| | ) | |
| DAVID L. TOPPIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE**

The *pro se* defendant has raised five arguments in his motion in limine. As explained below, each contention is meritless.

First, the defendant appears to ask that the indictment be dismissed because it describes him in capital letters, *i.e.*, as DAVID L. TOPPIN, rather than David Lynwood Toppin. Def. Mot. at 3-4. This argument is so baseless that it does not merit a serious response.[1]

Second, the defendant seeks the exclusion of "any evidence or testimony from any person within a department or agency of the United States government who does not have delegated authority pursuant to 4 U.S.C. 72 to act without the boundaries of the seat of government." Id. at 4. The cited statute provides: "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." 4 U.S.C. § 72. The defendant appears to seek the exclusion of any IRS evidence on the grounds that the Secretary of the Treasury has not delegated his authority to collect taxes to the IRS. This

---

[1] According to at least one court, the capital-letters argument is commonly advanced by those in the "Redemption movement," also known as the "free sovereign movement." See McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 209-10 & n.8 (D. Conn. 2010).

is another hackneyed tax protestor argument that has been repeatedly rejected by the courts.  See, e.g., United States v. Springer, 444 F. App'x 256, 261 (10th Cir. 2011) (describing this argument as "patently frivolous"); Hughes v. United States, 953 F.2d 531, 536, 542 (9th Cir. 1992) (rejecting the argument, and citing 26 U.S.C. §§ 6301, 7621; 26 C.F.R. §§ 301.7701-9; 301.6301-1; and IRS Delegation Order 191).

In his third argument, the defendant attacks the Court's "subject-matter jurisdiction" over this criminal case.  Def. Mot. at 4.  The Court has already twice rejected the defendant's challenge to the Court's jurisdiction.  See Doc. Nos. 6, 30 (motions filed by the defendant which challenged the Court's jurisdiction, among other things); Electronic Clerk's Notes dated Oct. 24, 2011 (Court denied Doc. No. 6); Electronic Clerk's Notes dated Feb. 10, 2012 (Court denied Doc. No. 30).

Fourth, the defendant "demands strict legal proof of being the 'person' having a duty to perform the act in respect of which the violation occurs [p]ursuant to 26 U.S.C. 7343."  Def. Mot. at 4.  Section 7343 states:  "The term 'person' as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."  This is yet another frivolous argument that should be summarily rejected.  See, e.g., United States v. Beale, 574 F.3d 512, 518 n.3 (8th Cir. 2009); United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1990) ("The word 'includes' expands, not limits, the definition of 'person' to these entities."); United States v. Rice, 659 F.3d 524, 528 (5th Cir. 1981).

In his final argument, the defendant seeks to dismiss the indictment because the Assistant U.S. Attorney who signed the indictment, Christine Wichers, did not include her bar number. See Def. Mot. at 6.  This is yet another bizarre contention unsupported by any caselaw, statute,

regulation, or rule.  Federal Rule of Criminal Procedure 7(c) requires only that an indictment be "signed by an attorney for the government."  It does not require the inclusion of the attorney's bar number.  See also L.R. 5.1(a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.  The board of bar overseers registration number of each attorney signing such documents, *except the United States Attorney and his staff*, shall be inscribed below the signature.") (emphasis added).

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   */s/ Christine J. Wichers*
CHRISTINE J. WICHERS
SANDRA S. BOWER
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
christine.wichers@usdoj.gov
sandra.bower@usdoj.gov

Dated:  June 1, 2012

## Certificate of Service

      Because the defendant refuses to accept U.S. mail or FedEx packages sent by the United States Attorney's Office to his home address (465 Salisbury Street, Holden, MA 01520), this document will be mailed to the defendant at his business address (4 LaChance Street, Gardner, MA 01440), and served on the defendant by email (dave@pelletizer.com), on June 1, 2012.

                                        */s/ Christine J. Wichers*
                                        Christine J. Wichers
                                        Assistant U.S. Attorney