UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 11-40023-FDS |
| v. | ) |
| | ) |
| DAVID L. TOPPIN, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S OMNIBUS OPPOSITION TO:**
**DEFENDANT'S MOTION TO DISMISS "FOR GRAND JURY ABUSES" (DOC. NO 64),**
**DEFENDANT'S MOTION TO QUASH INDICTMENT (DOC. NO. 66),**
**DEFENDANT'S REQUEST FOR DISCOVERY (DOC. NO. 68), AND**
**DEFENDANT'S REQUEST FOR AN INTERPRETER (DOC. NO. 69)**

The *pro se* defendant, David Toppin, whose tax evasion trial is scheduled to begin June 18, 2012, has filed four novel motions/requests. For the reasons stated herein, each motion should be denied.

**1. Toppin's Motion to Dismiss (Doc. No. 64) Should Be Denied.**

Toppin has moved to dismiss the indictment for "grand jury abuses," contending that, pursuant to Fed. R. Crim. P. 6(b)(1), the government failed to give him notice before the grand jury was convened so that he could, among other things, challenge the "jury selection process and/or the qualifications of individual jury candidates." (Doc. No. 64 at 2.) The primary problem with Toppin's motion is that he relies on the pre-2002 version of Rule 6(b)(1), which stated:

> **Challenges**. Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court.

The second sentence of the rule was deleted in 2002 for the following reason:

> The remainder of this subdivision rests on the assumption that formal proceedings have begun against a person, i.e., an indictment has been returned. The Committee believed that although the first sentence reflects current practice of a defendant being able to challenge the composition or qualifications of the grand jurors after the indictment is returned, the second sentence does not comport with modern practice. That is, a defendant will normally not know the composition of the grand jury or identity of the grand jurors before they are administered their oath. Thus, there is no opportunity to challenge them and have the court decide the issue before the oath is given.

Advisory Committee Notes to Fed. R. Crim. P. 6(b)(1), 2002 Amendments.

Toppin also contends that Fed. R. Crim. P. 5.1 gives him the right to cross-examine witnesses and to introduce evidence in the grand jury. Of course, Rule 5.1 deals with when preliminary hearings are required for defendants charged with non-petty offenses; indicted defendants are not entitled to a preliminary hearing. See Fed. R. Crim. P. 5.1(a)(2). Contrary to Toppin's claim, the rule does not permit an adversary process in the grand jury. Indeed, Fed. R. Crim. P. 6(d) – the actual Rule governing grand jury proceedings – provides instead that, when the grand jury is in session, only "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or operator of a recording device" may be present.

Aside from the failure to allow him to participate in the grand jury's empanelment, to cross-examine grand jury witnesses, or to present evidence to the grand jury – none of which he was entitled to do – Toppin has not alleged any impropriety in the grand jury selection process or alleged any facts suggesting that any grand jurors were unqualified to sit. Accordingly, his motion to dismiss the indictment should be denied. See, e.g., United States v. Brickey, 426 F.2d 680, 683 (8th Cir. 1970) (upholding denial of motion to dismiss where defendant had not made

out a prima facie case of intentional or negligent discrimination in selection of the grand jury).[1]

### 2. Toppin's Motion to Quash the Indictment (Doc. No. 66) Should Be Denied.

Toppin argues that the indictment is "trash" and must be dismissed because the AUSA who signed it did not list her bar number. (Doc. No. 66, p.2.) Toppin already raised this frivolous argument in a motion in limine (Doc. No. 47), which the Court denied on June 6, 2012.

### 3. Toppin's Request for Discovery (Doc. No. 68) Should Be Denied.

Toppin seeks to compel the government to identify every witness expected to testify as to certain specific matters, and to identify every piece of evidence relating to certain specific issues. Toppin's request exceeds the discovery to which he is entitled, *i.e.*, discovery under Fed. R. Crim. P. 16. See United States v. Beverly, 1993 WL 165348, at *4 (1st Cir. May 11, 1993) (unpublished) ("Beverly's discovery motions ranged well beyond the scope of Rule 16 and were properly denied.")  As the Court already explained during the final pretrial conference in response to Toppin's request to take depositions, Toppin is entitled only to the government's witness and exhibits lists as well as the discovery required under Rule 16. Because Toppin has received everything to which he is entitled, his motion should be denied.

### 4. Toppin's Motion Requesting an Interpreter (Doc. No. 69) Should Be Denied.

Toppin, who was born and raised in the United States, is college-educated, and is fluent in English, has requested an interpreter because he purportedly does not understand "the language of the court." (Doc. No. 69 at 1.) The cause of this situation is Toppin's knowing and voluntary decision to represent himself instead of keeping one of the several lawyers he hired but

---

[1] Toppin has supported his motion with an affidavit in which he asserts, among other things, that he "sent a letter to the Foreman of the Grand Jury which the US Attorney's Office intercepted in violation of ... 18 USC 1241." (Doc. No. 65, p.2.) The government has no idea what letter Toppin is referring to, and denies keeping from the grand jury any evidence that Toppin wished to present. On the contrary, Toppin voluntarily testified before the grand jury on June 1, 2011 and brought with him numerous exhibits, all of which were marked and presented to the grand jury.

later fired.[2]  There is no need for an interpreter, and Toppin's frivolous motion should be denied.

## CONCLUSION

For the foregoing reasons, Toppin's motions should be denied.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney

By:    */s/ Christine J. Wichers*
        CHRISTINE J. WICHERS
        SANDRA S. BOWER
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        John J. Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        christine.wichers@usdoj.gov
        sandra.bower@usdoj.gov

Dated:  June 12, 2012

---

[2] IRS-Criminal Investigation notified Toppin in August 2007 that he was being criminally investigated for tax violations.  He promptly hired Attorney George F. Gormley, but then fired him in December 2007 and instead hired Attorney Ronald F. Hood, a tax specialist.  On information and belief, Toppin fired Attorney Hood sometime in or after November 2008.  In October 2010, Toppin was informed that he was the subject of a grand jury investigation.  He promptly hired Attorney Theodore L. Craft, another tax specialist.  The government continued to receive communications from Attorney Craft through June 21, 2011 indicating that he still represented Toppin.  By the time of his arraignment on July 13, 2012, where he appeared *pro se*, Toppin had decided to represent himself.  He has knowingly and voluntarily reaffirmed that decision in open court at every hearing and status conference held in this case.

**Certificate of Service**

       Because the defendant refuses to accept U.S. mail or FedEx packages sent by the United States Attorney's Office to his home address (465 Salisbury Street, Holden, MA 01520), this document will be mailed to the defendant at his business address (4 LaChance Street, Gardner, MA 01440), and served on the defendant by email (dave@pelletizer.com), on June 12, 2012.

                                      */s/ Christine J. Wichers*
                                      Christine J. Wichers
                                      Assistant U.S. Attorney