UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )   CRIMINAL NO. 11-40023-TSH
 )
 )
V.  )
 )   VIOLATIONS:
 )   26 U.S.C. § 7201
DAVID TOPPIN,  )   (Tax Evasion)
    Defendant  )
 )
 )

<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS INDICTMENT FOR STATUTE OF LIMITATIONS</u>

<u>INTRODUCTION</u>

NOW COMES, David Toppin, the Defendant in the above-captioned matter and by and through his attorney moves this Honorable Court to allow the Defendant's motion to dismiss pursuant to Federal Rule of Criminal Procedure Rule 12. As grounds therefore, the Defendant sets forth the following argument.

<u>STATEMENT OF FACTS AS ALLEGED IN THE INDICTMENT</u>

According to the indictment, defendant, David Toppin, (hereinafter "Mr. Toppin") owed taxes for tax years 1997 through 1999.  On December 20, 2004, Mr. Toppin allegedly made false statements on a Form 433A in order to evade the payment of taxes, some six and half years prior to Mr Toppin being indicted.  The indictment also vaguely alleges

1

other acts that occurred from 2002 through December 2007, these allegations do not appear to be related to the indicted tax years. These alleged acts amount to banking transactions wife his wife. In addition, the indictment states that in 2006, Mr. Toppin filed tax returns for the years in question. As contained in the indictment there is no allegation that these returns were fraudulently filed. The grand jury indicted Mr. Toppin on June 1, 2011[1].


## ISSUES

**I.   WHETHER THE SIX YEAR STATUTE OF LIMITATIONS HAS BEEN TOLLED, BARRING PROSECUTION OF THESE MATTERS.**

**II.  WHETHER THE GOVERNMENT FAILED TO SHOW MR. TOPPIN WILLFULLY COMMITTED AN AFFIRMATIVE ACT CONSTITUTING EVASION OR ATTEMPT TO CONCEAL.**

## DISCUSSION

**I. The statute of limitations has been tolled, barring prosecution of these matters.**

The present charge against Mr. Toppin falls outside the six year statute of limitations for tax evasion, therefore the charges against Mr. Toppin should be

---

[1] For the period from November 30, 2010 through June 1, 2011, Defendant agree to a tolling of time and waived any claim that statute of limitations applied during this time period. For the purposes of this motion Defendant contends that the statute of limitations expired prior to November 30, 2010.

dismissed. The statute of limitations in criminal tax cases is found in 26 U.S.C. § 6531. It provides generally that criminal tax proceedings must be initiated within 3 years of the offense, unless the offense falls into one of eight exceptions providing for 6 year period. United States of America v. Brennick, 908 F. Supp. 1004, 1017 (1995). See, 26 U.S.C. §§ 7206(1), 7202. Additionally, the statute of limitations begins to run when every element of the crime charged has been completed. United States v. Walsh, 928 F. 2d 7, 11 (1st Cir. 1991). Here, Mr. Toppin's prosecution was initiated outside of the six year timeline and no affirmative acts to conceal or evade occurred to extend the statute of limitations. United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995)(affirming dismissal). Therefore, the charge against Mr. Toppin was not timely filed and should be dismissed for failure to comply with the statute of limitations.

Additionally, the motion to dismiss for failure to comply with the statute of limitations should be granted because the government has failed to show that Mr. Toppin triggered the statute of limitations by filing a false tax return. The general rule is that the statute of limitations for tax evasion begins to run on the date the last affirmative act took place or the statutory due date of the

return, whichever is later. United States v. DiPetto, 936 F.2d 96,97 (2nd Cir. 1991); United States v. Goodyear, 649 F.2d 226 (4th Cir. 1981). Thus, in the cases where the affirmative act of evasion is the filing of a false tax return, the statute of limitations begins to run on the date the return is filed or the statutory due date, whichever is later. Criminal Tax Manual 7.00. Additionally, the statute of limitations may be enlarged where a Defendant provides false statements to the IRS for the "purposes of concealing unreported income." United States v. Ferris, 807 F.2d. 269, 271, cert denied, 480 U.S. 950 (1987).

Here, there is not allegation that Mr. Topin filed a false tax return with the IRS and nor willfully committed an affirmative act of evasion. The only alleged affirmative act occurred on December 20, 2004, when it was alleged that Mr. Toppin signed a form 433A and falsely made statements therein. However, this alleged falsity did not rise to the level of creating an affirmative act that was for the purpose of concealing unreported income, which warranted the extension of the applicable statute of limitations. According to the indictment on December 20, 2004, prior to the end of the tax year for 2004, Defendant reported $4,666.00 as other monthly income on the 433A form for

2004, which was less than the income determined for the tax year 2004 according to the indictment.   The indictment is silent as to how the reporting of income on December 20, 2004, was false. The income reported could not include the entire years' worth of income or how the income during the year was distributed to Mr. Toppin.   Also, it is Defendant's understanding that on the 433A form, 100% stock ownership of the Pelletizer was disclosed on the form as well as listing Pelletizer under Employment Information section.   Defendant takes exception to what the term "business" means.   At any rate, a significant amount of income was reported on the 433A that clearly shows that the defendant did not under report income for the "purpose of concealing" monies for the payment of taxes.   The indictment states that in 2006, Mr. Toppin filed tax returns for the years in question. As contained in the indictment there is no allegation that these returns were fraudulently filed.   See United Sates v. Spies, 317 U.S. 492, 498-500 (Willful failure to file a return with a willful failure to pay a tax, without more, does not amount to an attempt to defeat or evade tax).   Therefore, this action fell outside the applicable statute of limitations because the alleged overt act did not warrant an extension of time and this motion to dismiss should be allowed.

5

**II.  The motion to dismiss should be granted for failure to show Mr. Toppin willfully committed an affirmative act constituting evasion or attempt to conceal.**

Additionally, the motion to dismiss should be granted because of defects in the indictment; to wit that there was no willfulness and no affirmative act by Mr. Toppin to evade a tax. In order to prove a defendant guilty of tax evasion, the government must show (1) a substantial tax liability, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion. United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000). While the affirmative act most often is the filing of a false tax return, it may also be any conduct the likely effect of which would be to mislead or conceal. Spies v. United States, 317 U.S. 492, 499 (1943). Here, as argued supra, Mr. Toppin did not willfully attempt to conceal information or mislead the IRS within the six year statute of limitations.  See  U.S. v. Jones, 164 F.2d 398, 400-410 (1947) (Citing Spies, supra, for the proposition that merely not filing a tax return and not paying a tax on income, without more, does not constitute willfulness. Therefore the indictment against Mr. Toppim should be dismissed.

CONCLUSION

WHEREFORE, the Defendant moves this Honorable Court to allow Mr. Toppin's motion the indictment for failure to comply with the applicable statute of limitations.

Respectfully Submitted,
David Toppin,
By his attorney,


_/s/John M. Goggins__
John M. Goggins
46 Wachusett St.
Worcester, MA 01609
Tel. 508.798.2288
Fax. 508.798.5572
BBO# 631254

Dated: September 10, 2012