UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 4:11-CR-40023-FDS

UNITED STATES OF AMERICA )
                          )
                          )
V.                        )
                          )
                          )
DAVID TOPPIN,             )

DEFENDANT'S REVISED MOTION AND MEMORANDUM TO DISMISS THAT HE
IS NOT THE PERSON DEFINED

NOW COMES Defendant, David Toppin, and by and through his attorney, pursuant to Fed. R. Crim. P. 12, and does hereby request that this Honorable Court dismiss the indictment against him as he is not a "person" under 26 U.S.C. §7201 the definitions contained within title 26 are conflicting and result in an impermissibly vagueness that deprives Defendant his due process protections under the 5th Amendment to the United States Constitution.

As an initial point of reference Defendant is cognizant case law which states that the term "person" as used in the tax code has been consistently and plainly defined as any individual under 26 U.S.C. §7701(a)(1). See U.S. v. Maggi, 83 AFTR 2d 877 (6th C.A. 1999)(holding that a federal employee was within meaning of "person"). Defendant contends that he was indicted

for violation of 26 U.S.C. 7201, which states in relevant terms that "[a]ny person who willfully attempts in any manner to evade or defeat and tax imposed of this title."  Section 7701(a) states that "[w]hen used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof – (1) Person. The term 'person' shall be construed to mean and include an individual . . ."  However, §7343 states "[t]he term 'person' as used in this chapter [26 USC §§7201-7344] includes an officer, or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs."  Defendant contends that the definition under §7343 controls and does not pertain to him because the term individual is not included in the definition of a person.  See Slodov v. United States, 436 U.S. 238, 246-250 (1978(recognizing that a person under §6672 can have the effect of limiting the scope of applicability of a person to a criminal charge under §7202).  Furthermore, the definition in §7343 controls because it specifically refers to Chapter 75 of title 26 and is distinctly expressed and not manifestly incompatible with the intent under §7701, which merely refers to the entire title 26.  As a result any interpretation of the indictment in this case, that renders Defendant as person under §7201 would be impermissibly vague and violate Defendant's due process rights

under the 5th Amendment to the United States Constitution. Therefore, because indictment fails to allege any fact that Defendant is a person as defined under §7343, the indictment must be dismissed See <u>United States v. Drew</u>, 772 F. 2d 551 (9th Cir. 1983)(Dismissal of indictment where facts fail to establish an essential element of the crime indicted).

David Toppin<br>
By his Attorney,<br><br>
/s/John M. Goggins<br>
John M. Goggins, Esq.<br>
46 Wachusett Street<br>
Worcester, MA  01609<br>
508-798-2288<br>
BBO # 631254

Dated: September 10, 2012

**CERTIFICATE OF SERVICE**

    I, John M. Goggins, hereby certify that on September 10, 2012, a true copy of the above-captioned Motion to Dismiss Indictment was served upon the CM/ECF participants.

    /s/John M. Goggins