UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 11-40023-TSH |
| v. ) | |
| ) | |
| DAVID L. TOPPIN, ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS/LACK OF IMPLEMENTING CFR FOR 26 U.S.C. Sec. 7212" [D.93]**

The defendant, David Toppin, is charged with one count of tax evasion in violation of 26 U.S.C. § 7201.[1] Toppin argues that the indictment should be dismissed because the Secretary of the Treasury has not enacted regulations implementing Section 7201. As explained below, Toppin's motion is meritless.

**ARGUMENT**

Section 7201 does not state that it requires implementing regulations. It provides simply: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."

Toppin raises two arguments, neither of which has merit. First, he relies on two cases dealing with statutes that do require implementing regulations, unlike 26 U.S.C. § 7201. See Cal. Bankers Ass'n v. Shultz, 416 U.S. 21 (1974) (concerning the Bank Secrecy Act

---
[1] The reference to 26 U.S.C. § 7212 in the caption of Toppin's motion appears to be a typo.

of 1970, 12 U.S.C. §§ 1730d, 1829b, 1951-1959, and 31 U.S.C. §§ 1051-1062, 1081-1083, 1101-1105, 1121-1122[2]); United States v. Mersky, 361 U.S. 431 (1960) (concerning the Tariff Act of 1930, 19 U.S.C. § 1304[3]).

Second, Toppin cites 44 U.S.C. § 1505(a)(1), which states: "There shall be published in the Federal Register-- (1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof." The plain language of Section 1505(a)(1) makes clear that it has no bearing in this case. Nothing in Section 1505(a)(1) requires the Secretary of the Treasury to enact regulations implementing 26 U.S.C. § 7201. Indeed, "44 U.S.C. § 1505(a) does not apply to criminal statutes passed by Congress." United States v. Walls, 546 F.3d 728, 740 (6th Cir. 2008); accord United States v. Schiefen, 139 F.3d 638, 639 (9th Cir. 1998) ("Federal Register notice requirements do not apply to federal criminal statutes"); see also United States v. Ross, 1995 WL 218539, at *1 (7th Cir. Apr. 13, 1995) (unpublished) (affirming conviction under 26 U.S.C. § 7201 and rejecting as "frivolous" the precise argument Toppin is raising here); United States v. Washington, 947 F. Supp. 87, 91 (S.D.N.Y. 1996) ("the enforcement of 26 U.S.C. § 7201 does not require implementing regulations").

## CONCLUSION

For the foregoing reasons, Toppin's motion should be denied.

---

[2] The Bank Secrecy Act states in relevant part: "Where the Secretary of the Treasury … determines that the maintenance of appropriate types of records and other evidence by insured depository institutions has a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, he shall prescribe regulations to carry out the purposes of this section."  12 U.S.C. § 1829b(b)(1).

[3] The Tariff Act states in relevant part: "The Secretary of the Treasury may by regulations-- (1) Determine the character of words and phrases or abbreviations thereof which shall be acceptable as indicating the country of origin … ; (2) Require the addition of any other words or symbols which may be appropriate to prevent deception or mistake as to the origin of the article …."  19 U.S.C. § 1304(a)(1)-(2).

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

By:   */s/ Christine J. Wichers*
       CHRISTINE J. WICHERS
       SANDRA S. BOWER
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100
       christine.wichers@usdoj.gov
       sandra.bower@usdoj.gov

Dated: September 26, 2012

### Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2012.

        */s/ Christine J. Wichers*
        Christine J. Wichers
        Assistant U.S. Attorney