UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 11-40023-TSH |
| v. | ) ) |  |
| DAVID L. TOPPIN, Defendant. | ) ) ) |  |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR STATUTE OF LIMITATIONS [D.94]

David Toppin is charged with one count of tax evasion in violation of 26 U.S.C. § 7201. He filed his personal income tax returns for 1997-1999, and on those returns he admitted owing significant taxes. However, he has never paid any of those taxes. Toppin is charged with willfully evading the payment of those taxes by hiding his assets and income.[1]

Toppin makes two arguments: (1) that he was indicted after the statute of limitations expired; and (2) that the indictment does not allege willfulness or an affirmative act of evasion. As explained below, Toppin's motion is without merit.

### ARGUMENT

**1. Toppin Was Indicted Within the Six-Year Limitations Period**

The statute of limitations for tax evasion is six years. See 26 U.S.C. § 6531(2). The limitations period begins to run from "the date of the latest act of evasion." United States v. Ferris, 807 F.2d 269, 271 (1st Cir. 1986).

Toppin was indicted on June 1, 2011. As Toppin's motion acknowledges, he signed a tolling agreement excluding November 30, 2010 - June 1, 2011 from any calculation of time for

---

[1] The First Circuit distinguishes between (1) the willful attempt to evade or defeat the *assessment* of a tax and (2) the willful attempt to evade or defeat the *payment* of a tax. See, e.g., United States v. Thomas, 635 F.3d 13, 16 (1st Cir. 2011). Toppin is charged with the latter.

purposes of determining the statute of limitations. Six years before November 30, 2010 was November 30, 2004. Therefore, if Toppin's last act of evasion occurred on or after November 30, 2004, his indictment was timely.

The indictment alleges numerous acts of evasion occurring after November 30, 2004. These include the following:

- Toppin did not file his 1997-1999 tax returns until 2006. Indictment, ¶ 6.
- Toppin banked under his wife's name through 2009. Id. ¶¶ 11-14.
- On December 20, 2004, Toppin filed an IRS Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals) in which he made false and misleading statements to the IRS about the extent of his assets and income. Id. ¶ 15.
- Toppin paid other creditors instead of the IRS through 2007. Id. ¶ 16.

Accordingly, Toppin's indictment occurred within the limitations period.

### 2. The Indictment Adequately Alleges Willfulness and Affirmative Acts of Evasion

As Toppin acknowledges, see Def. Mot. at 6, proving tax evasion requires the government to establish three elements: (1) the existence of a substantial tax deficiency; (2) at least one affirmative act constituting an evasion or attempted evasion of the tax; and (3) willfulness. See Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Stierhoff, 549 F.3d 19, 25 (1st Cir. 2008). The indictment adequately alleges all three elements.

First, it alleges that Toppin had a substantial tax deficiency for 1997, 1998, and 1999. Indeed, Toppin admitted to owing substantial taxes in the returns that he signed under penalty of perjury and filed with the IRS. See Indictment, ¶ 6.

Second, the indictment alleges at least one affirmative act of evasion. Specifically, it alleges that, after Toppin learned that he owed more than $78,000 in federal income taxes just for tax year 1997, he transferred his house into his wife's name and began banking under her name. See United States v. Farr, 536 F.3d 1174, 1188 (10th Cir. 2008) (using bank accounts in others' names can be an affirmative act of evasion); United States v. McGill, 964 F.2d 222, 233 (3d Cir. 1992) ("Banking under the name of one's spouse satisfies the affirmative act requirement under § 7201."). The indictment also alleges that Toppin filed an IRS Form 433-A in which he falsely represented that he did not operate a business and that his monthly income was significantly lower than it was. See United States v. Gonzalez, 58 F.3d 506, 509 (10th Cir. 1995) (defendant's filing of a Form 433-A on which he failed to report substantial assets that could have been applied to his tax liability was an affirmative act supporting his conviction for tax evasion).

Third, the indictment alleges numerous acts from which a jury could find that Toppin acted willfully. "In tax cases, 'the standard for the statutory willfulness requirement is the voluntary, intentional violation of a known legal duty.'" Stierhoff, 549 F.3d at 25 (quoting Cheek v. United States, 498 U.S. 192, 201 (1991)). "Willfulness may be inferred from 'any conduct, the likely effect of which would be to mislead or to conceal.'" Id. at 26 (quoting Spies v. United States, 317 U.S. 492, 499 (1943)). Examples of willfulness include concealing assets and covering up sources of income. Spies, 317 U.S. at 499. Other examples include persistently failing to file income tax returns over several years; earning substantial income over several tax years without reporting any of it; placing assets in other people's names; depositing assets with other people; causing one's obligations to be paid through and in the name of other people; causing income to be paid through and in other people's names; and paying

other creditors but not the IRS.  <u>Stierhoff</u>, 549 F.3d at 26-27; <u>Cohen v. United States</u>, 297 F.2d 760, 762 (9th Cir. 1962); <u>United States v. Sorrentino</u>, 726 F.2d 876, 880 (1st Cir. 1984); <u>United States v. St. Pierre</u>, 599 F.3d 19, 23 (1st Cir. 2010).  The indictment alleges numerous acts from which a jury could find that Toppin acted willfully.  These include:

- In 1998 Toppin signed a 1997 federal income tax return completed for him by accountant P.S. and submitted it in support of a mortgage application, but he never filed it with the IRS.  Indictment, ¶ 7.

- Toppin asked P.S. to look into offshore trusts, a common device for concealing income and assets from the IRS.  <u>Id.</u> ¶ 8.

- Toppin failed to file his 1997-1999 returns until 2006.  <u>Id.</u> ¶ 6.

- He transferred his home into his wife's name.  <u>Id.</u> ¶ 9.

- He closed three jointly held checking accounts and reopened them at a new bank in his wife's name only, and continued to use them as he had the prior joint accounts.  <u>Id.</u> ¶¶ 10-14.

- In the Form 433-A filed in December 2004, Toppin misled the IRS about the extent of his assets and income.  <u>Id.</u> ¶ 15.

- He paid other creditors before paying the IRS.  <u>Id.</u> ¶ 16.

## CONCLUSION

For the foregoing reasons, the Court should deny Toppin's motion.

          Respectfully submitted,

          CARMEN M. ORTIZ
          United States Attorney

By:  */s/ Christine J. Wichers*
    CHRISTINE J. WICHERS
    SANDRA S. BOWER
    Assistant U.S. Attorneys
    U.S. Attorney's Office
    John J. Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100
    christine.wichers@usdoj.gov
    sandra.bower@usdoj.gov

Dated:  September 26, 2012

**Certificate of Service**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2012.

          */s/ Christine J. Wichers*
          Christine J. Wichers
          Assistant U.S. Attorney