UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 11-40023-TSH |
| v. | ) ) |  |
| DAVID L. TOPPIN, | ) ) |  |
| Defendant. | ) ) |  |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S REVISED MOTION
TO DISMISS ON THE GROUNDS THAT HE IS NOT THE PERSON DEFINED [D.96]**

David Toppin is charged with one count of tax evasion in violation of 26 U.S.C. § 7201. The statute provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony…." Toppin argues that the term "person" as used in Section 7201 is defined in 26 U.S.C. § 7343 and does not include him.

Toppin already has raised this argument twice, and twice the Court has rejected it. See [D.30], opposed at [D.36] and denied on Feb. 10, 2012; [D.47], opposed at [D.49] and denied on June 6, 2012. The Court should reject this frivolous argument once and for all.

**ARGUMENT**

Section 7343 states: "The term 'person' as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." The word "includes" obviously expands, rather than limits, the definition of "person." Toppin's contrary interpretation, which posits that the definition in Section 7343 expressly excludes "natural person" even though it says no such thing, has been rejected by every court to

have examined it.  See, e.g., United States v. Beale, 574 F.3d 512, 518 n.3 (8th Cir. 2009); United States v. Boling, 1988 WL 3477, at *2 (6th Cir. Jan. 19, 1988) (unpublished) (describing the argument as "patently frivolous"); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (describing the argument as "inane"); United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984); United States v. Rice, 659 F.2d 524, 528 (5th Cir. 1981).

## CONCLUSION

The Court should deny Toppin's frivolous motion.

                    Respectfully submitted,

                    CARMEN M. ORTIZ
                    United States Attorney

By:    */s/ Christine J. Wichers*
         CHRISTINE J. WICHERS
         SANDRA S. BOWER
         Assistant U.S. Attorneys
         U.S. Attorney's Office
         John J. Moakley U.S. Courthouse
         1 Courthouse Way, Suite 9200
         Boston, MA 02210
         (617) 748-3100
         christine.wichers@usdoj.gov
         sandra.bower@usdoj.gov

Dated:  September 26, 2012

## Certificate of Service

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2012.

                    */s/ Christine J. Wichers*
                    Christine J. Wichers
                    Assistant U.S. Attorney