UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA   )
                                    )        Criminal No. 11-40023-TSH
            v.                      )
                                    )
DAVID L. TOPPIN,             )
                Defendant.   )
_____ )

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR BILL OF PARTICULARS [D.97]

The defendant, David Toppin, is charged with one count of tax evasion in violation of 26 U.S.C. § 7201.  For the reasons stated below, the Court should deny Toppin's Fed. R. Crim. P. 7(f) motion for a bill of particulars.

## BACKGROUND

The 18-paragraph speaking indictment alleges that Toppin filed income tax returns for 1997-1999 in which he admitted owing large amounts of taxes, but that he has never paid those taxes.  Indictment, ¶¶ 4-6.  The indictment further alleges that Toppin tried to conceal his assets and income from the IRS by, *inter alia*, transferring real estate into his wife's name, banking under his wife's name, and making false and misleading statements to the IRS on a Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals).  Id. ¶¶ 9-15.

## RELEVANT PROCEDURAL HISTORY

Toppin was indicted on June 1, 2011.  He was arraigned on July 13, 2011.  Toppin initially insisted on representing himself.  Proceeding *pro se*, he filed motion after motion making clear that he understood the allegations against him.  [D.5, 6, 7, 8, 9, 10, 11, 12, 13, 14,

22, 30, 31, 32, 33, 34, 37, 38, 41, 42, 43, 44, 45, 64, 65, 66, 68, 69].

Trial was scheduled to begin on June 18, 2012.  Shortly before that date, Toppin filed an exhibit list, a witness list, a motion in limine, proposed jury instructions, and proposed voir dire. [D.47, 51, 52, 53, 67].  All of these filings again made clear that Toppin clearly understood the charges against him.  Then, just two business days before trial was to begin, Toppin retained an attorney, and the trial was continued to November 13, 2012.

On June 18, 2012, the government gave Toppin's attorney copies of all discovery which it had previously produced to Toppin.  The discovery comprises thousands of pages of IRS records, Toppin's bank records, Toppin's real estate records, memoranda of interview, grand jury transcripts, records from the accountants who prepared Toppin's 1997-1999 tax returns, etc.

On September 10, 2012, fourteen months after Toppin was arraigned, his counsel filed a motion for a bill of particulars [D.97].  The motion asks the government to identify the time, date, place, manner, and means of the tax evasion with which Toppin is accused.  Id., Request Nos. 1-4.  It goes on to ask the government six legal questions, such as the basis for subject matter and personal jurisdiction,[1] as well as questions such as "The manner in which Defendant is for a tax on his private sector, constitutionally protected earnings" [sic].  Id., Request No. 9.

**ARGUMENT**

"Motions for bills of particulars are seldom employed in modern federal practice.  When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or

---

[1] Toppin already has unsuccessfully challenged the Court's subject matter jurisdiction three times.  [D.6, 31, 47] (motions filed by the defendant which challenged the Court's jurisdiction, among other things); Electronic Order dated Oct. 24, 2011 (denying [D.6]); Electronic Order dated Feb. 10, 2012 (denying [D.31]); Electronic Order dated June 7, 2012 (denying [D.47]).  He also unsuccessfully challenged the Court's personal jurisdiction.  [D.31]; Electronic Order dated Feb. 10, 2012 (denying [D.31]).

hampered in seeking the shelter of the Double Jeopardy Clause." <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1192-93 (1st Cir. 1993). "Ordinarily, a motion for a bill of particulars is made within 14 days of a defendant's arraignment. That timing is generally appropriate because it should be rather quickly apparent to a defendant whether the indictment adequately advises him of what he is charged with." <u>United States v. Mehanna</u>, Crim. No. 09-10017-GAO, 2011 WL 796400, at *2 (D. Mass. Mar. 1, 2011) (denying motion for bill of particulars filed "long after the defendant's arraignment," which raised the Court's "suspicion that he is not so much confused about what he is charged with"). "The purpose of a bill of particulars is to inform defendant and defense counsel of the facts constituting the offenses charged so that they may be fairly informed, prepare defenses and perfect the record so as to bar subsequent prosecution." <u>Hickman v. United States</u>, 406 F.2d 414, 415 (5th Cir. 1969). "A bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories." <u>United States v. Stryker Biotech, LLC</u>, Crim. No. 09-10330-GAO, 2010 WL 2900684, at *3 (D. Mass. July 21, 2010).

In addition to its suspect timing, coming fourteen months after arraignment, Toppin's motion is plainly without merit. The facts he seeks to have the government identify – the date, place, manner, and means of the alleged tax evasion – are all identified with specificity in the speaking indictment. Moreover, the government has already produced all discovery. The remaining questions in Toppin's motion concern legal theories (specifically, legal defenses commonly raised by tax defiers), which are not a proper basis for a bill of particulars.

## CONCLUSION

For the foregoing reasons, Toppin's motion should be denied.

3

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:     /s/ Christine J. Wichers
        CHRISTINE J. WICHERS
        SANDRA S. BOWER
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        John J. Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        christine.wichers@usdoj.gov
        sandra.bower@usdoj.gov

Dated:  September 26, 2012


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2012.

                        /s/ Christine J. Wichers
                        Christine J. Wichers
                        Assistant U.S. Attorney

4