INTERNATIONAL CASE NO. PR-20121101-AJ-016

THIS IS A PRIVATE ADMINISTRATIVE PROCEEDING
NOTICE TO AGENT IS NOTICE TO PRINCIPAL — NOTICE TO PRINCIPAL IS NOTICE TO AGENT

# NOTICE OF CLAIM

1 November 2012

Claimant: David Lynwood Toppin
c/o Shannon Taylor Hall, Presenter
3546 East Presidio Circle
Mesa, Arizona Republic

Respondent(s): **Pamela LaRue, Chief Financial Officer**
c/o Internal Revenue Service
1111 Constitution Avenue NW
Washington, D.C. 20244-0002
**(Registered Mail # RE 261 088 576 US)**

RE: Tax Periods ending 1997, 1998, and 1999, TAXPAYER DAVID L. TOPPIN [SSN. 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].

Notice is hereby given to the following parties: Pamela LaRue d/b/a Internal Revenue Service, and all agents, principals, assigns or successors thereof (collectively, the "RESPONDENTS"), of the rights, titles, and interests of David Lynwood Toppin (the "CLAIMANT") in Tax Periods ending 1997, 1998, 1999 for Taxpayer DAVID L. TOPPIN [SSN. 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]. This Notice of Claim (this "NOTICE"), dated as of 1 November 2012 (the "EFFECTIVE DATE"), with the instruments enclosed herewith and referenced herein (collectively, this "PRESENTMENT"), is being presented for the purposes of: 1. informing the RESPONDENTS of the claims in the COLLATERAL by the CLAIMANT; 2. discharging all rights, titles, and interests of the RESPONDENTS in the COLLATERAL; and 3. charging the RESPONDENTS with the duties, obligations, liabilities, and restraints accrued by the receipt of this PRESENTMENT. **WARNING: Any actions taken by the RESPONDENTS, regarding the above referenced matters, without honoring the terms of this PRESENTMENT, may unlawfully prejudice the CLAIMANT's rights, titles, and interests, and subject the RESPONDENTS to liabilities for trespass.**

## I. NOTICE TO SETOFF ACCOUNTS

Enclosed herewith is a negotiable instrument, Certified Payment Bond Number 20121031-DT-016 (the "TENDER"), tendered for the setoff of Pamela LaRue d/b/a Internal Revenue Service, DAVID L. TOPPIN Account No. 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 (the "ACCOUNT").

The CLAIMANT hereby charges the RESPONDENTS with the fiduciary duty of adjusting the balance of the ACCOUNT to Zero dollars ($0.00) to reflect the ledgering of the TENDER. The RESPONDENTS shall NOT refuse, return, or challenge the TENDER unless: 1. a Notice of Dishonor from the drawee of the TENDER accompanies said refusal, return, or challenge; or 2. unless a defect in the TENDER is identified and verified by the RESPONDENTS. The CLAIMANT and the RESPONDENTS (collectively, the "PARTIES") stipulate that the RESPONDENTS failure to perform pursuant to the aforementioned terms is a breach of the RESPONDENTS fiduciary duty.

Enclosed herewith, and incorporated herein by this reference, is an Account Authorization letter (the "ACCOUNT AUTHORIZATION"), executed by DAVID L. TOPPIN (the "DEBTOR"), authorizing the RESPONDENTS to release any and all information regarding the ACCOUNT to the CLAIMANT. Pursuant to the ACCOUNT AUTHORIZATION the RESPONDENTS are hereby directed to convey any and all correspondences and communications regarding the ACCOUNT to the CLAIMANT, through the third-party adjudicator, Benton Tyler Thomas Hall (the "ADJUDICATOR") of the International Court of Adjudicators, at the address given below in *Section V* of this NOTICE.

Enclosed herewith, and incorporated herein by this reference, is a Request Regarding a Statement of Account (the "ACCOUNT STATEMENT"), as a record authenticated by the DEBTORS, charging the RESPONDENTS with the responsibility of approving or correcting the statement. The RESPONDENTS have Twenty (20) days to honor the terms of the ACCOUNT STATEMENT and provide an authenticated record.

If the ACCOUNT STATEMENT is not corrected by the RESPONDENTS within Twenty (20) days, then it shall be deemed accepted and approved as an accurate and correct statement of the ACCOUNT. The RESPONDENTS' failure to respond within Twenty (20) days of the postmark of the presentment of this NOTICE shall cause the CLAIMANT to have executed a Certificate of Claim, by the ADJUDICATOR, of this administrative proceeding.

The Certificate of Claim executed by the ADJUDICATOR, along with this PRESENTMENT, shall comprise a record of the PARTIES stipulation with the validity of the merits of the claims, rights, titles, and interests asserted by the CLAIMANT with this PRESENTMENT.

## II. NOTICE TO DISCHARGE COLLATERAL

The RESPONDENTS' acceptance of the ACCOUNT STATEMENT hereby charges the RESPONDENTS with the duty of rescinding any and all Notice(s) of Default, Notice(s) of Levy, Notice(s) of Deficiency, Notice(s) of Garnishment, and DAVID L. TOPPIN (collectively, the "ENCUMBRANCES") by executing, or causing to be executed, all DAVID L. TOPPIN necessary for the discharging of the ENCUMBRANCES, regarding the COLLATERAL, and with the filing of said rescission of DAVID L. TOPPIN in/with the Internal Revenue Service, the United States Treasury, and the Worcester County Recorder.

The RESPONDENTS' acceptance of the ACCOUNT STATEMENT hereby charges the RESPONDENTS with the duty of discharging any and all encumbrances, liens, claims, or security interests on or in the COLLATERAL, including but not limited to the executing or causing to be executed DAVID L. TOPPIN and filing said rescission of DAVID L. TOPPIN in/with the Internal Revenue Service, the United States Treasury, and the Worcester County Recorder.

The RESPONDENTS are hereby charged with giving notice of the discharge of the COLLATERAL, to the CLAIMANT, by providing certified copies of the recission of DAVID L. TOPPIN and/or DAVID L. TOPPIN by mailing said certified copies to the CLAIMANT through the ADJUDICATOR at the location set forth in *Section V* of this NOTICE.

## III. NOTICE OF INTEREST

Pursuant with the discharging of all rights, titles and interests of the RESPONDENTS, in the COLLATERAL, by the CLAIMANT with this PRESENTMENT, and the Commercial Instrument, Number 4:11-cr-40023-1, dated 01 June 2012 (the "SECURITY AGREEMENT"), this is actual and constructive notice of the CLAIMANT's paramount security interest and exclusive right to possession in the following collateral:

1. The DAVID L. TOPPIN [SSN. 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] at address 465 Salisbury Street, Holden, Massachusetts, United States, 01520;
2. All personal and real property, registered and unregistered, belonging to the DEBTOR (the "UNNAMED COLLATERAL").

The value of the CLAIMANT's claim in the collateral is: Two-Million and 00/100 Dollars ($2,000,000.00).

The CLAIMANT's rights, titles, and interests in said collateral is secured and perfected pursuant to the filing of the record for the SECURITY AGREEMENT in the commercial registry of the California Secretary of State on 1 November 2012 as Uniform Commercial Code File Number 12-7335139195/Document Number 35206360002.

## IV. NOTICE TO CEASE AND DESIST

Pursuant to the CLAIMANT's paramount security interest and exclusive right to possession of the COLLATERAL, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any further action in regards to the possession of the COLLATERAL.

Pursuant to the discharge of the RESPONDENTS' interests in the COLLATERAL, and the CLAIMANT's paramount security interest and exclusive right to possession of the COLLATERAL, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any and all actions, litigations, and enforcements of any and all writs and/or orders, regarding the title and/or possession of the COLLATERAL, and regarding the settlement of the ACCOUNT.

Pursuant to the discharge of the RESPONDENTS' interests in the COLLATERAL, and the ACCOUNT AUTHORIZATION, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any further correspondences and communications with the DEBTOR.

## V. NOTICE OF ADMINISTRATIVE REVIEW

All correspondences, responses, notices, claims, and records regarding: the ACCOUNT, the COLLATERAL, the PARTIES, and the DEBTOR, including but not limited to, this PRESENTMENT (collectively, the "ADMINISTRATIVE PROCEEDING") must reference the ADMINISTRATIVE PROCEEDING by the following Case Number: **PR-20121101-AJ-016** and shall be presented through, or filed with, the ADJUDICATOR, an independent third-party. The purpose for the ADMINISTRATIVE PROCEEDING is:

1. To acquire an accurate and unbiased record, by a third-party whose business it is to keep such records, of the course of dealings, the course of performance, the usage of trade, and the exercise of ordinary care by and between the PARTIES; and
2. To determine the rights, titles, and interests of the PARTIES with regards to the COLLATERAL; and
3. To determine the duties, obligations, and liabilities accrued by the PARTIES; and
4. To determine the authorities, powers, rights, titles, and interests conveyed, granted, and acquired by and between the PARTIES; and
5. To determine any violations of the law of the ADMINISTRATIVE PROCEEDING and private international law; and
6. To acquire any certifications, judgments, decrees, orders, and verdicts warranted by the merits of the ADMINISTRATIVE PROCEEDING.

The PARTIES hereby stipulate that the determinations, certifications, judgments, decrees, orders, and verdicts issued as a result of the ADMINISTRATIVE PROCEEDING shall be binding upon the PARTIES.

The ADMINISTRATIVE PROCEEDING is hereby being executed and governed under private international law.

All service of process, regarding the ADMINISTRATIVE PROCEEDING, must be made through, or recorded with, the ADJUDICATOR, by Registered Mail for appropriate certification, at the following location:

> **Benton Tyler Thomas Hall**
> **c/o International Court of Adjudicators**
> **1635 North Greenfield Road, Suite 126**
> **Mesa, Arizona Republic**

Service in any other manner will be deemed defective on its face.

## VI. DISHONOR

After Twenty (20) days of the postmark of the presentment of this NOTICE the ADJUDICATOR shall execute a Certificate of Claim, certifying the RESPONDENTS' dishonor, upon the following conditions:

1. The RESPONDENTS' failure to provide a Notice of Dishonor from the drawee of the TENDER or to identify and verify, under penalty of perjury, a defect in the TENDER, thereby constituting the RESPONDENTS' agreement to the efficacy and sufficiency of the TENDER to setoff the ACCOUNT and discharge the COLLATERAL; or
2. The RESPONDENTS' failure to correct the ACCOUNT STATEMENT and provide an authenticated record of said correction constituting RESPONDENTS' approval and acceptance of the aggregate amount of unpaid obligations for the ACCOUNT is Zero dollars ($0.00); or
3. The RESPONDENTS' failure to execute, cause to be executed, and give notice of the execution of the Debtors DENNIS D. SHAVER and/or DENNIS D. SHAVER, the RESPONDENTS' dishonor shall constitute:
   a. The RESPONDENTS' agreement with the CLAIMANT's claim of a paramount security interest in the COLLATERAL; and
   b. The RESPONDENTS' agreement with the CLAIMANT's claim of the exclusive right to possession of the COLLATERAL; and
   c. The RESPONDENTS' inability and failure to state a claim upon which relief may be granted; and
   d. The RESPONDENTS' agreement that any attempts by the RESPONDENTS, their agents, officers, assigns, and successors to prejudice, hinder, obstruct, or impede the CLAIMANT's claims are a violation of the law; and
   e. The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT, or any agents thereof, for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's paramount security interest in the COLLATERAL; and
   f. The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's exclusive right to possession of the COLLATERAL; and
   g. The RESPONDENTS' admission to committing the following tortious acts and crimes: Theft of Funds, Slander and Libel of the DEBTOR, Dishonor in Commerce, Fraud, Collusion, Racketeering, and Conspiracy; and

h. The RESPONDENTS' admission of a liability to the CLAIMANT with a value of Two-Million and 00/100 Dollars (the "LIABILITY"); and

i. The RESPONDENTS' acceptance of having any and all property, real and/or personal, registered and/or unregistered, secured as collateral for the LIABILITY; and

j. The RESPONDENTS' agreement to being personally liable for any and all damages incurred by the DEBTOR or the CLAIMANT pursuant to any actions in breach of the terms of this PRESENTMENT; and

k. The RESPONDENTS' granting of *in personam* jurisdiction to the International Court of Adjudicators, and any adjudicator and/or tribunal of the International Court of Adjudicators, including but not limited to the ADJUDICATOR; and

l. The RESPONDENTS' waiver of any and all limited liability protections and immunities.

Executed in Worcester County, Massachusetts, without the incorporated United States, this First day of the Eleventh month in the year Two Thousand Twelve. Witness my hand and seal.

By: _____
David Lynwood Toppin, Priority Security Interest Holder in the COLLATERAL as CLAIMANT in International Case Number PR-20121101-AJ-016.

# PRIVATELY REGISTERED SETOFF BOND

| | | |
|---|---|---|
| BOND NUMBER<br>20121101-DT-016 | **$2,000,000.00** | REGISTERED<br>CALIFORNIA SECRETARY OF STATE<br>UCC DOCUMENT NO.: 35206360002<br>UCC FILING NO.: 12-7335139195 |

Pay to the Order of:  UNITED STATES TREASURY ("PAYEE")
                       1500 Pennsylvania Avenue N.W.
                       Washington, D.C. 20220

Issue Date: November 1, 2012

Maturity Date: November 1, 2042

For Further Credit to:  Pamela LaRue, d/b/a/ Internal Revenue Service and any Successors and/or Assigns, for Account No. 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, in behalf of DAVID L. TOPPIN/SSN: 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 for Tax Periods ending 1997, 1998, and 1999.

By/On/Through:  David Lynwood Toppin, Surety ("Creditor")
                  Private Offset Account No. 029628161

**WHEREAS** only fiat money exists in circulation for the discharge of debts, and

**WHEREAS** this instrument is intended to constitute a Privately Registered Setoff Bond,

**BE IT KNOWN THAT:**

This Privately Registered Setoff Bond is tendered in good faith as full satisfaction of any and all claims and/or demands;

The undersigned Creditor, being of sound mind and having only honorable intentions, issues this Privately Registered Setoff Bond for the purposes of protecting secured interests, reserving rights of recourse, remedy, and subrogation, and to maintain the honor of the above-named account holders and accounts;

The undersigned Creditor, in his rightful *Sui Juris* status, does hereby knowingly and with full disclosure hold, bind, and obligate the collateral of the Creditor;

This instrument is intended to insure, underwrite, indemnify, and discharge the above-noted account holders and accounts against any and all pre-existing current and future losses, costs, debts, taxes, encumbrances, deficits, deficiencies, liens, judgments, true bills, obligations of contract and/or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this bond;

By this instrument the undersigned Creditor is voluntarily acting as surety for all of the above-noted account holders and accounts, each severally and jointly, for any amount up to and including **Two-Million United States Dollars ($2,000,000.00)** thereby honorably discharging and vacating dollar-for-dollar all obligations listed above until the sum or the term of this Privately Registered Setoff Bond is exhausted.

SATISFACTION OF LIABILITIES. The PAYEE may demand payment of all or any portion hereof at its discretion by posting the payment to the Private Offset Account above-indicated dollar-for-dollar and transferring the obligation by TT&L or presentment to:

Timothy F. Geithner ("Secretary")
Secretary of the Treasury
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

PRIVATE OFFSET ACCOUNT. The PAYEE shall by the end of business on the day of presentment, but in no case later than one business day thereafter, post the full or partial value of this bond to satisfy, set-off, pay, terminate, and discharge dollar-for-dollar in accord with generally accepted accounting principles any and all past, present, and/or future debts, liabilities, encumbrances, deficiencies, deficits, liens, charges, fees, interest, bills, true bills, taxes, obligations of contract and/or performance, instruments of debt, and all other obligations (jointly and severally) attributed to the account holders and accounts above-noted.

AMOUNT DUE.                      PAYEE enter the amount due below

$ ☐☐☐☐☐☐☐☐☐ . ☐☐☐

MATURITY. Upon demand, the Secretary shall release the obligation dollar-for-dollar to the extent so paid, with the balance of the bond remaining in full force and effect. Upon satisfaction of this obligation in full, the Secretary shall mark this bond cancelled and return it bearing the marks of cancellation to the Principal or the Principal's heirs by registered mail. All profits and proceeds accruing since presentment to remain with the Secretary for the benefit and use of the United States Department of the Treasury.

*IN WITNESS WHEREOF, the Signatory to this bond does hereby affix his respective hand and seal on this -First day of the Eleventh month in the year of our Lord Two Thousand and Twelve.*

By:  _____ (seal)
     David Lynwood Toppin, Surety/Underwriter
     Exemption ID # 029628161
     Non-domestic mail
     in care of: 465 Salisbury Street
     Holden, Massachusetts Republic



To:     **Pamela LaRue, Chief Financial Officer**
        c/o Internal Revenue Service
        1111 Constitution Avenue NW
        Washington, D.C. 20244-0002
        **(Registered Mail # RE 261 088 576 US)**

From:   DAVID L. TOPPIN
        c/o 465 Salisbury Street
        Holden, Massachusetts
        United States, 01520.

Re:     **REQUEST REGARDING A STATEMENT OF ACCOUNT for DAVID L. TOPPIN TIN. 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.**

**REQUEST REGARDING A STATEMENT OF ACCOUNT**
This is a record authenticated by the debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request. Recipient has Twenty (20) days to comply with this request and provide an authenticated record.

## STATEMENT OF ACCOUNT

Date:           1 November 2012

Creditor:       INTERNAL REVENUE SERVICE

Debtors:        DAVID L. TOPPIN

Account No.:    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

Collateral:     DAVID L. TOPPIN [SSN. 0129-62-8161] at address 465 Salisbury Street, Holden, Massachusetts, United States, 01520.

Balance Due:    $0.00

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DAVID L. TOPPIN

*/s/ David L. Toppin*

**TO:**  Pamela LaRue, Chief Financial Officer
c/o Internal Revenue Service
1111 Constitution Avenue NW
Washington, D.C. 20244-0002
**(Registered Mail # RE 261 088 576 US)**

**FROM:**  DAVID L. TOPPIN
c/o 465 Salisbury Street
Holden, Massachusetts
United States, 01520.

**RE:**  **INTERNAL REVENUE SERVICE ACCOUNT NUMBER 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 for TAXPAYER DAVID L. TOPPIN (1040 Tax Years 1997, 1998 and 1999)**

**DATE:**  1 November 2012

# ACCOUNT AUTHORIZATION

I, DAVID L. TOPPIN, hereby authorize and direct that all further communications and correspondences regarding the account(s) referenced above, and the release of any and all information regarding said account(s), be directed through either of the following parties:

**DAVID L. TOPPIN**
c/o Benton Tyler Thomas Hall
1635 North Greenfield Road, Suite 126
Mesa, Arizona Republic

**Benton Tyler Thomas Hall**
c/o International Court of Adjudicators
1635 North Greenfield Road, Suite 126
Mesa, Arizona Republic

DAVID L. TOPPIN
X _____

## ACKNOWLEDGMENT

State of Massachusetts )
County of WORCESTER ) ss:

On 11/1/12 before me, Karen Mattus, Notary Public, personally appeared DAVID L. TOPPIN, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Massachusetts that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

X Karen F. Mattus
Signature



KAREN F. MATTUS
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 2, 2017

**ACCOUNT AUTHORIZATION**  Page 1 of 1



# AFFIDAVIT OF SERVICE

Maricopa county            )
Arizona Republic           )  affirmed and subscribed
united States of America   )

It is hereby certified, that on the date noted below, the undersigned mailed to:

**Pamela LaRue, Chief Financial Officer**
c/o Internal Revenue Service
1111 Constitution Avenue NW
Washington, D.C. 20244-0002
**(Registered Mail # RE 261 088 576 US)**

**CHIEF FINANCIAL OFFICER**
c/o UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
595 Main Street
Worcester, MA 01608
**(USPS Form 3877)**

**Eric H. Holder, Jr, "Attorney General"**
c/o U.S. DEPARTMENT of JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
**(USPS Form 3877)**

**Christine J. Wichers**
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3278
Email: christine.wichers@usdoj.gov
**(USPS Form 3877)**

**Sandra S. Bower**
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3184
Fax: (617) 748-3965
Email: sandra.bower@usdoj.gov
**(USPS Form 3877)**

here-in-after "Recipient(s)", the documents and sundry papers pertaining to a certain Form 1040 for Tax Periods ending 1997, 1998 and 1999 regarding TAXPAYER: DAVID L. TOPPIN SSN NO. 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 as follows:

1. **NOTICE OF CLAIM,** dated November 1, 2012 (4 leaves);

2. **CERTIFIED PAYMENT BOND (BOND Number 20121101-DT-016),** dated 1 November 2012 (Original sent to Pamela LaRue, Chief Financial Officer, named above) (1 leaf);

3. **REQUEST REGARDING A STATEMENT OF ACCOUNT,** dated 1 November 2012 (1 leaf);

4. **ACCOUNT AUTHORIZATION,** dated 1 November 2012 (1 leaf);

5. Reference copy of this **AFFIDAVIT OF SERVICE** (2 leaves); (Signed original on file).

These mailings contained a total of nine (9) leaves.

Said service was by United States Postal Service by placing the same in a postpaid envelope properly addressed to the Recipients at the said address' and depositing the same at an official depository under the exclusive face and custody of the United States Postal Service within the State of Arizona.
)
)
)
)
)
)
)
)

I certify under penalty of perjury under the laws of the united States of America that the foregoing is true and correct.

Executed on  1 November 2012

_____(seal)
AFFIANT

**Shannon Taylor Hall
c/o 3546 East Presidio Circle
Mesa, Arizona Republic**

### JURAT

State of Arizona         )
                         ) affirmed and subscribed
Maricopa County          )

ON THIS 1st  Day of November 2012, before me, the undersigned Notary, personally appeared Shannon Taylor Hall and provided satisfactory evidence that she was that individual. In my presence she executed the foregoing instrument for the purposes stated therein and acknowledged that said execution was by her free act and deed.

Witness my hand and official seal.

_____
Notary Public

**AFFIDAVIT OF SERVICE**                                                                                              Page 2 of 2