

INTERNATIONAL CASE NO. PR-20121102-AJ-018

**THIS IS A PRIVATE ADMINISTRATIVE PROCEEDING**
NOTICE TO AGENT IS NOTICE TO PRINCIPAL — NOTICE TO PRINCIPAL IS NOTICE TO AGENT

# NOTICE OF CLAIM

2 November 2012

| | |
|---|---|
| Claimant: | David Lynwood Toppin<br>c/o Shannon Taylor Hall<br>3546 East Presidio Circle<br>Mesa, Arizona Republic |
| Respondent(s): | Christine J. Wichers<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Phone: (617) 748-3278<br>Email: Christine.wichers@usdoj.gov<br>(Registered Mail # RE 261 088 620 US) |

U.S. DISTRICT COURT
DISTRICT OF MASS.
2012 NOV -5  P 1: 06
FILED IN CLERK'S OFFICE

RE:   UNITED STATES OF AMERICA v. DAVID L. TOPPIN in the District Court of the United States for the District of Massachusetts (Worcester), referred to as Public Case Number 4:11-cr-40023-1.

Notice is hereby given to the following parties: Christine J. Wichers d/b/a the Prosecutor on behalf of the United States of America and all agents, principals, assigns or successors thereof (collectively, the "RESPONDENTS"), of the rights, titles, and interests of David Lynwood Toppin (the "CLAIMANT") in the real property commonly known as: DAVID L. TOPPIN [SSN. \*\*\*-\*\*-8161] at address 465, Salisbury Street, Holden, Massachusetts, United States, 01520 (the "COLLATERAL"), and the land upon which the COLLATERAL infringes. This Notice of Claim (this "NOTICE"), dated as of 01 November 2012 (the "EFFECTIVE DATE"), with the instruments enclosed herewith and referenced herein (collectively, this "PRESENTMENT"), is being presented for the purposes of: 1. informing the RESPONDENTS of the claims in the COLLATERAL by the CLAIMANT; 2. discharging all rights, titles, and interests of the RESPONDENTS in the COLLATERAL; and 3. charging the RESPONDENTS with the duties, obligations, liabilities, and restraints accrued by the receipt of this PRESENTMENT. **WARNING: Any actions taken by the RESPONDENTS, regarding the above referenced matters, without honoring the terms of this PRESENTMENT, may unlawfully prejudice the CLAIMANT's rights, titles, and interests, and subject the RESPONDENTS to liabilities for trespass.**

I.   NOTICE TO SETOFF ACCOUNTS

Enclosed herewith is a Draft Money Order, Draft Money Order Number 20121102-DT-018 (the "TENDER"), tendered for the setoff of all charges, levies, liens detainers, or distraints, on behalf of the COLLATERAL in the Public Case Number 4:11-cr-40023-1 (UNITED STATES OF AMERICA v. DAVID L. TOPPIN) in the District Court of the United States for the District of Massachusetts (Worcester), (the "ACCOUNT").

The CLAIMANT hereby charges the RESPONDENTS with the fiduciary duty of adjusting the balance of the ACCOUNT to Zero dollars ($0.00) to reflect the ledgering of the TENDER. The RESPONDENTS shall NOT refuse, return, or challenge the TENDER unless: 1. a Notice of Dishonor from the drawee of the TENDER accompanies said refusal, return, or challenge; or 2. unless a defect in the TENDER is identified and verified by the RESPONDENTS. The CLAIMANT and the RESPONDENTS (collectively, the "PARTIES") stipulate that the RESPONDENTS failure to perform pursuant to the aforementioned terms is a breach of the RESPONDENTS fiduciary duty.

Enclosed herewith, and incorporated herein by this reference, is an Account Authorization letter (the "ACCOUNT AUTHORIZATION"), executed by DAVID L. TOPPIN (the "DEBTOR"), authorizing the RESPONDENTS to release any and all information regarding the ACCOUNT to the CLAIMANT. Pursuant to the ACCOUNT AUTHORIZATION the RESPONDENTS are hereby directed to convey any and all correspondences and communications regarding the ACCOUNT to the CLAIMANT, through the third-party adjudicator, Benton Tyler Thomas Hall (the "ADJUDICATOR") of the International Court of Adjudicators, at the address given below in *Section V* of this NOTICE.

Enclosed herewith, and incorporated herein by this reference, is a Request Regarding a Statement of Account (the "ACCOUNT STATEMENT"), as a record authenticated by the DEBTOR, charging the RESPONDENTS with the responsibility of approving or correcting the statement. The RESPONDENTS have Twenty (20) days to honor the terms of the ACCOUNT STATEMENT and provide an authenticated record.

If the ACCOUNT STATEMENT is not corrected by the RESPONDENTS within Twenty (20) days, then it shall be deemed accepted and approved as an accurate and correct statement of the ACCOUNT. The RESPONDENTS' failure to respond within Twenty (20) days of the postmark of the presentment of this NOTICE shall cause the CLAIMANT to have executed a Certificate of Claim, by the ADJUDICATOR, of this administrative proceeding.

The Certificate of Claim executed by the ADJUDICATOR, along with this PRESENTMENT, shall comprise a record of the PARTIES stipulation with the validity of the merits of the claims, rights, titles, and interests asserted by the CLAIMANT with this PRESENTMENT.

## II. NOTICE TO DISCHARGE COLLATERAL

The RESPONDENTS' acceptance of the ACCOUNT STATEMENT hereby charges the RESPONDENTS with the duty of rescinding any and all Notice(s) of Indictment, and DAVID L. TOPPIN (collectively, the "ENCUMBRANCES") by executing, or causing to be executed a Notice of rescission necessary for the discharging of the ENCUMBRANCES, regarding the COLLATERAL, and with the filing of said rescission in the District Court of the United States for the District of Massachusetts (Worcester).

The RESPONDENTS' acceptance of the ACCOUNT STATEMENT hereby charges the RESPONDENTS with the duty of discharging any and all encumbrances, liens, claims, or security interests on or in the COLLATERAL, including but not limited to the conveyance of the COLLATERAL to the CLAIMANT and a Notice of rescission of any and all interest of the UNITED STATES OF AMERICA in the COLLATERAL in the District Court of the United States for the District of Massachusetts (Worcester) and all derivates or proceeds thereof.

The RESPONDENTS are hereby charged with giving notice, of the discharge of the COLLATERAL, to the CLAIMANT, by providing certified copies of the rescission of the COLLATERAL by mailing said certified copies to the CLAIMANT through the ADJUDICATOR at the location set forth in *Section V* of this NOTICE.

## III. NOTICE OF INTEREST

Pursuant with the discharging of all rights, titles and interests of the RESPONDENTS, in the COLLATERAL, by the CLAIMANT with this PRESENTMENT, and the Commercial Security Number 4:11-cr-40023-1, dated 2 November 2012 (the "SECURITY AGREEMENT"), this is actual and constructive notice of the CLAIMANT's paramount security interest and exclusive right to possession in the following collateral:

1. The real property commonly known as: DAVID L. TOPPIN [SSN. ***-**-8161] address 465, Salisbury Street, Holden, Massachusetts, United States, 01520.
2. All personal and real property, registered and unregistered, belonging to the DEBTOR (the "UNNAMED COLLATERAL").

The value of the CLAIMANT's claim in the collateral is: One-million and 00/100 Dollars ($1,000,000.00).

## IV. NOTICE TO CEASE AND DESIST

Pursuant to the CLAIMANT's paramount security interest and exclusive right to possession of the COLLATERAL, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any further action in regards to the possession of the COLLATERAL.

Pursuant to the discharge of the RESPONDENTS' interests in the COLLATERAL, and the CLAIMANT's paramount security interest and exclusive right to possession of the COLLATERAL, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any and all actions, litigations, and enforcements of any and all writs and/or orders, regarding the title and/or possession of the COLLATERAL, and regarding the settlement of the ACCOUNT.

Pursuant to the discharge of the RESPONDENTS' interests in the COLLATERAL, and the ACCOUNT AUTHORIZATION, the RESPONDENTS are hereby given notice to **CEASE AND DESIST** from any further correspondences and communications with the DEBTOR.

## V. NOTICE OF ADMINISTRATIVE REVIEW

All correspondences, responses, notices, claims, and records regarding: the ACCOUNT, the COLLATERAL, the PARTIES, and the DEBTOR, including but not limited to, this PRESENTMENT (collectively, the "ADMINISTRATIVE PROCEEDING") must reference the ADMINISTRATIVE PROCEEDING by the following Case Number: **PR-20121102-A]-018** and shall be presented through, or filed with, the ADJUDICATOR, an independent third-party. The purpose for the ADMINISTRATIVE PROCEEDING is:

1. To acquire an accurate and unbiased record, by a third-party whose business it is to keep such records, of the course of dealings, the course of performance, the usage of trade, and the exercise of ordinary care by and between the PARTIES; and
2. To determine the rights, titles, and interests of the PARTIES with regards to the COLLATERAL; and
3. To determine the duties, obligations, and liabilities accrued by the PARTIES; and
4. To determine the authorities, powers, rights, titles, and interests conveyed, granted, and acquired by and between the PARTIES; and
5. To determine any violations of the law of the ADMINISTRATIVE PROCEEDING and private international law; and
6. To acquire any certifications, judgments, decrees, orders, and verdicts warranted by the merits of the ADMINISTRATIVE PROCEEDING.

The PARTIES hereby stipulate that the determinations, certifications, judgments, decrees, orders, and verdicts issued as a result of the ADMINISTRATIVE PROCEEDING shall be binding upon the PARTIES.

The ADMINISTRATIVE PROCEEDING is hereby being executed and governed under private international law.

All service of process, regarding the ADMINISTRATIVE PROCEEDING, must be made through, or recorded with, the ADJUDICATOR, by Registered Mail or Certified Mail for appropriate certification, at the following location:

> **Benton Tyler Thomas Hall**
> **c/o International Court of Adjudicators**
> **1635 North Greenfield Road, Suite 126**
> **Mesa, Arizona Republic**

Service in any other manner will be deemed defective on its face.

## VI. DISHONOR

After Twenty (20) days of the postmark of the presentment of this NOTICE the ADJUDICATOR shall execute a Certificate of Claim, certifying the RESPONDENTS' dishonor, upon the following conditions:

1. The RESPONDENTS' failure to provide a Notice of Dishonor from the drawee of the TENDER or to identify and verify, under penalty of perjury, a defect in the TENDER, thereby constituting the RESPONDENTS' agreement to the efficacy and sufficiency of the TENDER to setoff the ACCOUNT and discharge the COLLATERAL; or
2. The RESPONDENTS' failure to correct the ACCOUNT STATEMENT and provide an authenticated record of said correction constituting RESPONDENTS' approval and acceptance of the aggregate amount of unpaid obligations for the ACCOUNT is Zero dollars ($0.00); or
3. The RESPONDENTS' failure to execute, cause to be executed, and give notice of the execution of DAVID L. TOPPIN.

The RESPONDENTS' dishonor shall constitute:

1. The RESPONDENTS' agreement with the CLAIMANT's claim of a paramount security interest in the COLLATERAL; and
2. The RESPONDENTS' agreement with the CLAIMANT's claim of the exclusive right to possession of the COLLATERAL; and
3. The RESPONDENTS' inability and failure to state a claim upon which relief may be granted; and
4. The RESPONDENTS' agreement that any attempts by the RESPONDENTS, their agents, officers, assigns, and successors to prejudice, hinder, obstruct, or impede the CLAIMANT's claims are a violation of the law; and
5. The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT, or any agents thereof, for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's paramount security interest in the COLLATERAL; and

6. The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's exclusive right to possession of the COLLATERAL; and

7. The RESPONDENTS' admission to committing the following tortious acts and crimes: Theft of Funds, Slander and Libel of the DEBTOR, Dishonor in Commerce, Fraud, Collusion, Racketeering, and Conspiracy; and

8. The RESPONDENTS' admission of a liability to the CLAIMANT with a value of One-Million and 00/100 Dollars (the "LIABILITY"); and

9. The RESPONDENTS' acceptance of having any and all property, real and/or personal, registered and/or unregistered, secured as collateral for the LIABILITY; and

10. The RESPONDENTS' agreement to being personally liable for any and all damages incurred by the DEBTOR or the CLAIMANT pursuant to any actions in breach of the terms of this PRESENTMENT; and

11. The RESPONDENTS' granting of *in personam* jurisdiction to the International Court of Adjudicators, and any adjudicator and/or tribunal of the International Court of Adjudicators, including but not limited to the ADJUDICATOR; and

12. The RESPONDENTS' waiver of any and all limited liability protections and immunities.

Executed in Worcester county, Massachusetts, without the incorporated United States, this Second day of the Eleventh month in the year Two Thousand Twelve. Witness my hand and seal.

By: _____
David Lynwood Toppin, Priority Security Interest Holder in the COLLATERAL as CLAIMANT in Case Number PR-20121102-AJ-018

# DRAFT MONEY ORDER

20121102-DT-018

DATE: NOVEMBER 2, 2012

Drawer:  DAVID L. TOPPIN
         465, SALISBURY STREET
         HOLDEN, MASSACHUSETTS
         UNITED STATES, 01520

PAY TO THE ORDER OF:
CHRISTINE J. WICHERS in behalf of the UNITED STATES OF AMERICA of the District Court of the United States for the District of Massachusetts, or to any Heirs, Assigns, Executors, Administrators, Servicers, or Beneficiaries thereof for tender of payment for the setoff of the Charging Instrument or any entry of Guilty in Case No. 4:11-cr-40023-1 in the above Court.

$  1,000,000.00

One Million and 00/100 Dollars.

FOR:
Termination of any levies, liens, detainers or distraints on any property or collateral of the Defendant DAVID L. TOPPIN including DAVID L. TOPPIN in Case No. 4:11-cr-40023-1 and terminate and cease and desist any further activity in Case No. 4:11-cr-40023-1 on behalf of the Defendant DAVID L. TOPPIN to hold the Defendant DAVID L. TOPPIN non liable for public performance.

_____
Authorized Representative

Drawee Account: David Lynwood Toppin
Account Number: 029628161

AGENT FOR DRAWEE'S ACCOUNT:

SECRETARY OF THE TREASURY
c/o DEPARTMENT OF THE TREASURY
1500 PENNSYLVANIA AVENUE
WASHINGTON, D.C. 20220

| | |
|---|---|
| To: | Christine J. Wichers |
| | United States Attorney's Office |
| | 1 Courthouse Way, Suite 9200 |
| | Boston, MA 02210 |
| | Phone: (617) 748-3278 |
| | Email: |
| | (Registered Mail # RE 261 088 620 US) |
| From: | DAVID L. TOPPIN |
| | c/o 465, Salisbury Street |
| | Holden, Massachusetts |
| | United States, 01520. |
| Re: | REQUEST REGARDING A STATEMENT OF ACCOUNT for UNITED STATES OF AMERICA v. DAVID L. TOPPIN in the District Court of the United States for the District of Massachusetts (Worcester), referred to as Public Case Number 4:11-cr-40023-1. |

**REQUEST REGARDING A STATEMENT OF ACCOUNT**
This is a record authenticated by the debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request. Recipient has Twenty (20) days to comply with this request and provide an authenticated record.

## STATEMENT OF ACCOUNT

| | |
|---|---|
| Date: | 2 November 2012 |
| Creditor: | UNITED STATES OF AMERICA |
| Debtor: | DAVID L. TOPPIN |
| Account: | **UNITED STATES OF AMERICA v. DAVID L. TOPPIN in the District Court of the United States for the District of Massachusetts (Worcester), referred to as Public Case Number 4:11-cr-40023-1.** |
| Collateral: | DAVID L. TOPPIN [SSN. \*\*\*-\*\*-8161] address 465, Salisbury Street, Holden, Massachusetts, United States, 01520. |
| Balance Due: | $0.00 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DAVID L. TOPPIN

*[signature]*

| | |
|---|---|
| TO: | Christine J. Wichers<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Phone: (617) 748-3278<br>Email:<br>(Registered Mail # RE 261 088 620 US) |
| FROM: | DAVID L. TOPPIN<br>c/o 465, Salisbury Street<br>Holden, Massachusetts<br>United States, 01520. |
| RE: | UNITED STATES OF AMERICA v. DAVID L. TOPPIN in the District Court of the United States for the District of Massachusetts (Worcester), referred to as Public Case Number 4:11-cr-40023-1. |
| DATE: | 2 November 2012 |

# ACCOUNT AUTHORIZATION

I, DAVID L. TOPPIN, hereby authorize and direct that all further communications and correspondences regarding the account(s) referenced above, and the release of any and all information regarding said account(s), be directed through either of the following parties:

DAVID L. TOPPIN
c/o Benton Tyler Thomas Hall
1635 North Greenfield Road, Suite 126
Mesa, Arizona Republic

Benton Tyler Thomas Hall
c/o International Court of Adjudicators
1635 North Greenfield Road, Suite 126
Mesa, Arizona Republic

DAVID L. TOPPIN

X _____

## ACKNOWLEDGMENT

State of Massachusetts )
County of WORCESTER ) ss:
)

On 11/2/12 before me, Ashley Henris, Notary Public, personally appeared DAVID L. TOPPIN, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Massachusetts that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

X _____
Signature



INTERNATIONAL CASE NO. PR-20121102-AJ-018

# AFFIDAVIT OF SERVICE

Maricopa county              )
Arizona Republic             ) affirmed and subscribed
united States of America     )

It is hereby certified, that on the date noted below, the undersigned mailed to:

**Christine J. Wichers**
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3278
Email: Christine.wichers@usdoj.gov
**(Registered Mail # RE 261 088 620 US)**

**Eric H. Holder, Jr, "Attorney General"**
c/o U.S. DEPARTMENT of JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
**(USPS Form 3877)**

**Pamela LaRue, Chief Financial Officer**
c/o Internal Revenue Service
1111 Constitution Avenue NW
Washington, D.C. 20244-0002
**(USPS Form 3877)**

**Chief Financial Officer**
c/o UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
595 Main Street
Worcester, MA 01608
**(USPS Form 3877)**

**Sandra S. Bower**
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3184
Fax: (617) 748-3965
Email: Sandra.bower@usdoj.gov
**(USPS Form 3877)**

**SECRETARY OF THE TREASURY**
c/o Department of the Treasury
1500 Pennsylvania Avenue
Washington, D.C. 20220
**(USPS Form 3877)**

here-in-after "Recipient(s)", the documents and sundry papers pertaining to a certain UNITED STATES OF AMERICA v. DAVID L. TOPPIN in the United States District Court District of Massachusetts (Worcester), referred to as Public Case Number 4:11-cr-40023-1 as follows:

1. **NOTICE OF CLAIM,** dated 2 November 2012 (4 leaves); and
2. **DRAFT MONEY ORDER (DRAFT MONEY ORDER Number 20121102-DT-018),** dated 2 November 2012 (Original sent to Christine J. Wichers, USA named above) (1 leaf);
3. **REQUEST REGARDING A STATEMENT OF ACCOUNT,** dated 2 November 2012 (1 leaf);
4. **ACCOUNT AUTHORIZATION,** dated 2 November 2012 (1 leaf);
5. Reference copy of this **AFFIDAVIT OF SERVICE** (2 leaves); (Signed original on file).

These mailings contained a total of nine (9) leaves.

Said service was by United States Postal Service by placing the same in a postpaid envelope properly addressed to the Recipients at the said address' and depositing the same at an official depository under the exclusive face and custody of the United States Postal Service within the State of Arizona.

---

**AFFIDAVIT OF SERVICE**                                                              Page 1 of 2

I certify under penalty of perjury under the laws of the united States of America that the foregoing is true and correct.

Executed on <u>2 November 2012</u>

_____
AFFIANT

**Shannon Taylor Hall**
**c/o 3546 East Presidio Circle**
**Mesa, Arizona Republic**

### JURAT

State of Arizona            }
                            } affirmed and subscribed
Maricopa County             }

ON THIS  2nd  Day of November 2012, before me, the undersigned Notary, personally appeared Shannon Taylor Hall and provided satisfactory evidence that she was that individual. In my presence she executed the foregoing instrument for the purposes stated therein and acknowledged that said execution was by her free act and deed.

Witness my hand and official seal.

_____
Notary Public