**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
UNITED STATES OF AMERICA,       )     Criminal No.
                                )     11-cr-40023-TSH
        Plaintiff               )
                                )
v.                              )
                                )
DAVID TOPPIN,                   )
            Defendant           )
```

DENFENDANT'S RENEWED OBJECTION TO GOVERNMENT REFERRING TO
DEFENDNAT'S DEFENSE IN ITS OPENING

Now comes Defendant, David L. Toppin, by and through his attorney and requests that this Honorable Court not allow the Government to reference Defendant's defense in its opening and as reasons states the following:

1. The Defendant has an absolute right not to present a defense in this matter, notwithstanding that the Defense has noticed its intent to offer a mental defect defense.

2. It is "inexcusable" for Defense counsel suggest to the jury that a witness will testify and then not call that witness.  See <u>Anderson v. Butler</u>, 858 F.2d 16, 18 (1988)(Ineffective assistance of counsel for promising to call psychiatrist in opening and then not calling the witness).

3. A similar analogy applies here, for the Government to comment on a potential defense of the Defendant is improper, not matter how probable that the defense may put forth the defense.  The Government has all the burden of proof and to comment about Defendant's potential defense prior to Defendant asserting it, should be inexcusable.  There is no telling what will happen during the course of trial. The government may fail to put in an essential element of the crime or other circumstances may occur that may warrant the Defendant from presenting no evidence in his defense. Allowing the Government to comment on the defense, forces the Defendant to waive his right not to put on a defense.

4. Also, allowing the Government to comment on the defense prior to Counsel raising it, diminishes the

defense for the defendant and takes away his prerogative to raise the defense first.  The only benefit to the Government is that it gets to comment on the defense first, diffuse it, and not leave it as an unaddressed issue after Defense counsel's opening.

5. Furthermore, another right that the Defendant has is that he does not have to give an opening until after the Government rests.  A defendant, as a matter of right, is able to rely on the presumption of innocence force the Government to maintain the burden of proof in this matter.

6. If the Government is allowed to comment on Defendant's defense in its opening it will materially change the opening of defense counsel and force Defense counsel to make a promise to the jury that if he does not keep would render him ineffective.

Wherefore, Defendant requests that this Honorable Court preclude the Government from commenting on his defense prior to either him or his counsel raising the defense.

> Respectfully submitted,
> David Toppin,
> By his Attorney,
>
> /s/John M. Goggins
> John M. Goggins, Esq.
> 46 Wachusett Street
> Worcester, MA  01609
> 508-798-2288
> BBO # 631254

Dated: January 27, 2013

**CERTIFICATE OF SERVICE**

I, John M. Goggins, hereby certify that on January 27, 2013, a true copy of the above-captioned Motion to Dismiss Indictment and attached memorandum, was served upon the CM/ECF participants.

/s/John M. Goggins