UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 4:11-CR-40023-TSH

UNITED STATES OF AMERICA   )
                           )
                           )
V.                         )
                           )
                           )
DAVID L. TOPPIN,           )

MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. R. CRIM. P. 29(a)
and (c)(1) WITHIN 14 DAYS AFTER VERDICT OF GUILTY

Now comes David L. Toppin, by his attorney, John M. Goggins, who respectfully requests this Honorable Court, pursuant to Federal Rules of Criminal Procedure Rule 29 to allow the Defendant's Motion for Judgment of Acquittal Within 14 Days of Verdict of Guilty or in the alternative allow Defendant's earlier motions for judgment of acquittal at the end of the Government's case and the close of all the evidence, which this Honorable Court reserved. Pursuant to Rule 29, the Court may set aside the verdict and enter an acquittal and in support of this motion, the Defendant states the following.

## II.  STANDARD OF REVIEW

The standard of review for a post-verdict motion for judgment of acquittal is "whether the evidence, 'taken in light

most amicable to the prosecution, together with all reasonable inferences favorable to it, would allow a rational fact-finder to conclude beyond a reasonable doubt that the defendant was guilty as charged.'" *U.S. v. Font-Gonzalez*, 570 F.Supp.2d 232, 236 (2008) citing *U.S. v. Maraj*, 947 F.2d 520, 523 (1st Cir. 1991). In determining the sufficiency of the evidence, the Court does not have to "whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Font-Gonzalez*, 570 F.Supp 2d at 236, citing *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979). It has been determined that the standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Font-Gonzalez*, 570 F.Supp 2d at 236, citing *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979). When a judge reserves a ruling on a Motion for Judgment of Acquittal the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." F. R. Crim. P. 29(b).

## **TAX EVASION**

There has been no evidence presented of the defendant's participation in the crime charged to satisfy the operable standard. Jackson v. Virginia, 440 U.S. 307, 317 (1979); United States v. Cruzado-Laureano, 404 F. 3d 470, 480 (1st Cir. 2005).

Additionally, the Government is required to prove that defendant committed a willful violation of the tax law and that the jury must find that "the defendant was aware of the specific provision of the tax code that he was charged with violating." Bryan v. United States, 524 U.S. 184, 194 (1998), citing, Cheek v. United States, 498 U.S. 192, 201 (1991). According to this Court's instructions the Government had to prove that "the defendant acted "willfully" if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty.  The Defendant further requested that the Court, also instruct the jury that if he had "taxable income" as defined in the code then he would be required to file a tax return, but this Court state merely "income."  The instruction prejudiced Mr. Toppin in that the prosecution was relieved of its burden of proof and had the effect of deny Mr. Toppin his due process rights.

Additionally the felony of tax evasion under section 7201 is distinguishable from the misdemeanor of failing to file a tax return under section 7203 in that it requires an affirmative "attempt to evade or defeat taxes." Sansone, 380 U.S. at 351. See also United States v. Waldeck, 909 F.2d 555, 559 (1st Cir. 1990). "A mere willful failure to pay a tax" is not sufficient. Sansone, 380 U.S. at 351. "Section 7201 encompasses two kinds of affirmative behavior: the evasion of assessment and the evasion of payment." United States v. McGill, 964 F.2d 222, 230 (3d Cir. 1992).

1. Close of the Government's Case

At the close of the Government's case, Defendant moved pursuant F. Crim. R. P. 29 for a judgment of acquittal. This court reserved a decision on the motion. Defendant contends that the Government did not prove its case. Specifically, Defendant maintains that there was no evidence that he was informed of which tax was imposed on him by title 26 and therefore he was not guilty.

Furthermore, the Government offered no facts or evidence or witnesses who testified that the code was applicable to Mr. Toppin, showing that he had a known legal duty. Indeed, one of the Government's witness testified that the term "income" was not defined in the code. Also, the Government offered no facts or evidence or witnesses who testified that the code created a liability or legal obligation upon Mr. Toppin or that Mr. Toppin believed he had a legitimate liability or obligation to pay any tax upon his private sector earnings.

Also, the Government offered no witness with person knowledge that Mr. Toppin believed that he had a duty to pay a tax on his earnings, nor that the code created a liability or obligation upon Mr. Toppin, nor that Mr. Toppin knew of a specific and legitimate obligation to pay and that he willfully and freely chose not to fulfill the obligation.

Moreover, the Government failed to carry its burden of proof in regards to the element of "willfulness" – an intentional violation of a known legal duty. In fact, the Government provided a witness in Patricia Hall Strong, Mr.

Toppin's accountant from 1996 to 1998 or so, who testified, on cross-examination, that Mr. Toppin stated he didn't believe he had to pay taxes, and that Mr. Toppin learned of his "Constitutional right not to pay taxes" from Amway associates, in direct opposition to what the Government told the jury in opening and closing arguments. In short, the Government failed to meet its burden of proof. Therefore, Defendant requests that a judgment of acquittal should have entered at the close of the Government's Case.

Finally, the Government failed to present evidence of an affirmative act occurring prior to the statute of limitations date. The present charge against Mr. Toppin fell outside the six year statute of limitations for tax evasion, therefore a judgment of acquittal should have entered. The statute of limitations in criminal tax cases is found in 26 U.S.C. § 6531. It provides generally that criminal tax proceedings must be initiated within 3 years of the offense, unless the offense falls into one of eight exceptions providing for 6 year period. United States of America v. Brennick, 908 F. Supp. 1004, 1017 (1995). See, 26 U.S.C. §§ 7206(1), 7202. Additionally, the statute of limitations begins to run when every element of the crime charged has been completed. United States v. Walsh, 928 F. 2d 7, 11 (1st Cir. 1991). Here, Mr. Toppin's prosecution was initiated outside of the six year time line and the evidence demonstrated that no affirmative acts to conceal or evade occurred to extend the statute of limitations. United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995)(affirming dismissal).

Moreover, the statute of limitations may be enlarged where a Defendant provides false statements to the IRS for the "purposes of concealing unreported income." United States v. Ferris, 807 F.2d. 269, 271, cert denied, 480 U.S. 950 (1987).

Here, there was no evidence that Mr. Toppin filed a false tax return with the IRS and no evidence that he willfully committed an affirmative act of evasion. The only alleged affirmative act occurred on December 20, 2004, when it was alleged that Mr. Toppin signed a form 433A and falsely made statements therein. However, the evidence demonstrated that there were no false statements on his 433A form. Indeed even the Government in its closing suggested only that it "might" have been misleading; this act did not rise to the level of creating an affirmative act that was for the purpose of concealing unreported income, which warranted the extension of the applicable statute of limitations.

Additionally, there was no willfulness and no affirmative act by Mr. Toppin to evade the payment of a tax. In order to prove a defendant guilty of tax evasion, the government must show (1) a substantial tax liability, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion. United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000). While the affirmative act most often is the filing of a false tax return, it may also be any conduct the likely effect of which would be to mislead or conceal. Spies v. United States,

317 U.S. 492, 499 (1943). Here, the evidence showed that Mr. Toppin did not willfully attempt to conceal information or mislead the IRS within the six year statute of limitations. See U.S. v. Jones, 164 F.2d 398, 400-410 (1947) (Citing Spies, supra, for the proposition that merely not filing a tax return and not paying a tax on income, without more, does not constitute willfulness). Therefore, a judgment of acquittal should have entered at the close of the Government's case.

2. Close of All of the Evidence

Defendant renewed his Rule 29 motion after the close of all the evidence and this court reserved its decision.  Defendant maintains that the Government's case did not improve after he put on a case.  The defense called Dr. Kriegman, who essentially testified that Defendant was delusional and, as argued, did not form the intent to commit the crime.  Therefore, a judgment of acquittal should have entered after the close of all of the evidence.

3. After the Verdict.

Defendant now moves pursuant to Rule 29, for a judgment of acquittal within 14 days after the verdict and relies upon the reasons stated above.

**CONCLUSION**

In the case at hand, Defendant contends that the Government's evidence of the defendant's guilt of 26 U.S.C. 7201, did not meet the required amount of sufficiency to warrant a finding of guilty by the jury. United States v. Kilcullen, 546 F.2d 435, 441 (1st Cir. 1976)(Sufficiency of evidence challenges should be put in the first instance to the trial judge, who is in the best position to rule on the motion).

          Respectfully submitted,

          David L. Toppin


          By: /s/John M. Goggins
          JOHN M. GOGGINS, His Attorney
          BBO No. 631254
          46 Wachusett Street
          Worcester, Massachusetts 01609
          (508) 798-2288

Dated: February 13, 2013


**CERTIFICATE OF SERVICE**

I, John M. Goggins, hereby certify that on February 13, 2013, a true copy of the above-captioned Rule 29 Motion, was served upon the CM/ECF participants for the United States.

/s/John M. Goggins