## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 11-CR-40023-TSH |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. TOPPIN, | ) | |
|     Defendant | ) | |

### DEFENDANT'S MOTION FOR A NEW TRIAL

Now comes David L. Toppin, by his attorney, John M. Goggins, who respectfully requests this Honorable Court, pursuant to Federal Rules of Criminal Procedure Rule 33 to allow the Defendant's Motion for a New Trial in the interests of justice.  In support of this motion, the Defendant states the following.

The jury instructions given in this matter, particularly concerning good faith, essentially allowed the jury to conclude that if Mr. Toppin had what appeared to be an incredible belief, that the jury should find Mr. Toppin did not act in good faith. This instruction removed the subjectivity from the good faith belief and essentially instructed the jury to find Mr. Toppin guilty.  Moreover, Defendant specifically requested the Cheek instruction concerning a subjective intent of the defendant and the fact that the Government had to prove the Defendant knew of a known legal duty to pay a tax on the money he made and that he subjectively intend to violate a known legal duty.  This

1

instruction was not given over Defendant's objections. The Defendant specifically requested that the following instruction concerning good faith, willfulness and intent be given:

> Third, that Mr. Toppin committed an affirmative act in furtherance of this willful attempt.
> The government need not prove that the Internal Revenue Service relied on Mr. Toppin's conduct.
>
> A person may not be convicted of attempting to evade or defeat the federal income tax Payment on the basis of a willful omission alone, such as mere failure to file a Form 1040 or mere failure to pay the tax due; he or she must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a frivolous tax return that substantially understates taxable income, by the filing of a false Form W-4, or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or alterations or false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs so as to avoid keeping customary records, and/or other conduct whose likely effect would be to mislead the Internal Revenue Service or conceal income. If a motive to evade or defeat the tax assessment or payment plays any part in an affirmative act, you may consider it even if the affirmative act serves other purposes as well, such as concealment.
>
> To prove that Mr. Toppin acted "willfully," the government must prove that the law imposed a duty on him, that he knew of the duty, and that he voluntarily and intentionally violated that duty. Federal law imposes the following duties: [Insert relevant duties] If Mr. Toppin acted in good faith, He did not act willfully. The burden to prove Mr. Toppin's state of mind, as with all other elements of the crime, rests with the government. This is a subjective standard: what did Mr. Toppin actually believe, not what a reasonable person should have believed.
>
> However, you may consider the reasonableness of the belief in deciding whether Mr. Toppin actually held the belief. Innocent mistakes caused by the complexity of

the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement. But philosophical disagreement with the law or a belief that the tax laws are invalid or unconstitutional does not satisfy good faith and does not prevent a finding of willfulness. You must, therefore, disregard views such as those no matter how sincerely they are held. It is the duty of every person to obey the law.

A state of mind may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Toppin knew or intended, you may consider any statements he made or things he did and all other facts and circumstances in evidence that may aid in your determination of his state of mind. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you, however, to decide what facts are proven by the evidence. In deciding whether Mr. Toppin knew of a duty, you may infer that he had knowledge of it if you find that he deliberately closed his eyes to something that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that Mr. Toppin was aware of a high probability that the duty existed. Second, that Mr. Toppin consciously and deliberately avoided learning of the duty; that is to say, that Mr. Toppin willfully made himself blind to the existence of the duty. It is entirely up to you to determine whether he deliberately closed his eyes to the duty and, if so, what inference, if any, should be drawn. Mere recklessness, negligence or mistake in failing to learn of the duty is not sufficient. There must be a deliberate effort to remain ignorant of the duty. But you may not find that Mr. Toppin acted willfully if you find that he actually believed that he had no duty and that his belief was not based on philosophical disagreement with the tax laws or a belief that the tax laws are invalid or unconstitutional.[i]

Additionally, the Defendant, specifically requested a jury instruction based on <u>Bryan v. United States</u>, 524 U.S. 184, 194

(1998), that "[i]n certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating."  Citing, Cheek v. United States, 498 U.S. 192, 201, 112 L. Ed. 2d 617, 111 S. Ct. 604 (1991). Here, the instructions provided to the jury appeared were defective in that they vitiated the willfulness, good faith, and subjective intent defense of the Defendant.  Without proper instruction these points, the jury was able to disregard his Defense.

Additionally, the prosecution misstated and mischaracterized evidence before the jury. This evidence consisted of the testimony of Patricia Hall Strong, Mr. Toppin's accountant during the late 1990's.  In its opening the Government contended that there was no evidence that Mr. Toppin held his beliefs prior to being indicted.  During the cross-examination of Ms. Hall, she recalled, after reading a memorandum of interview with Government agents, that she told the Government many things, including that Mr. Toppin believed that he did not have to pay income taxes, and Mr. Toppin believed he had a "Constitutional right not to pay taxes.[ii]" Additionally, Ms. Hall Strong, after her memory was refreshed adopted that Mr. Toppin held his belief that he did not have to pay income taxes back in the 1990's.  During its close the

Government re-averred that no evidence existed that Mr. Toppin previously held these beliefs. As a result the jury was confused as to whether Mr. Toppin held the beliefs or not. The Government had the Memorandum of Interview in their possession and mischaracterized the evidence before the jury. As a result of the defective jury instructions coupled with the mischaracterization of evidence the jury the interests of justice were not served and Mr. Toppin should be given a new trial in this matter.

WHEREFORE, the Defendant, David L. Toppin, prays that the within motion for a new trial be granted.

Respectfully submitted,
Christopher M. Uhl,
By his Attorney,

/s/John M. Goggins
John M. Goggins, Esq.
46 Wachusett Street
Worcester, MA  01609
508-798-2288
BBO # 631254

Dated: February 13, 2012

## CERTIFICATE OF SERVICE

I, John M. Goggins, hereby certify that on February 13, 2013, a true copy of the above-captioned Rule 33 Motion, was served upon the CM/ECF participants for the United States.

/s/John M. Goggins
_____

---

[i] This section is based on Hornsby Instructions

(1) This instruction covers two distinct felony crimes under section 7201. A defendant may be

charged with a "willful attempt to evade or defeat" either "the 'assessment' of a tax" or "the 'payment' of a tax." United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988) (citing Sansone v United States, 380 U.S. 343, 354 (1965)). "The elements of both crimes are the same." Id. It is sufficient on that point to instruct the jury that to convict, "it must find 'that the defendant had a substantial tax due and owing.'" United States v. Stierhoff, 549 F.3d 19, 25 (1st Cir. 2008). It is incorrect to charge the jury "that being a person subject to the tax code is an element of the offense." Id.

(2) The definition of "assessment" given in this instruction was crafted by reference to 26 U.S.C. § 6203 and 7 C.F.R. § 301.6203-1, which together describe the "Method of Assessment." The definition is also supported by case law. See In re Western Trading Co., 340 F. Supp. 1130, 1133 (D. Nev. 1972) ("An assessment is an administrative determination of tax liability."); United States v. Toyota of Visalia, 772 F. Supp. 481, 488 (E.D. Cal. 1991) ("Assessment, under the Code, is essentially a bookkeeping notation made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls.").

(6) The government must prove the existence of a tax deficiency. Sansone, 380 US at 351 ("[T]he elements of § 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." (internal citations omitted)); Lawn, 355 U.S. at 361; United States v. George, 448 F.3d 96, 98 n.2 (1st Cir. 2006). In place of the term "tax deficiency," the First Circuit sometimes uses the phrase "an additional tax due and owing." United States v. Sorrentino, 726 F.2d 876, 879 (1st Cir. 1984) (citing Sansone, 380 U.S. at 351) ("The elements of attempted tax evasion under § 7201 are (1) an additional tax due and owing, (2) an attempt to evade or defeat that tax, and (3) willfulness."). In a case in which the defendant disputed whether a deficiency existed, the Supreme Court held that a recipient of a corporate distribution who is "accused of criminal tax evasion may claim return-of-capital treatment [for the distribution] without producing evidence that either he or

the corporation intended a capital return when the distribution occurred." Boulware v. United States, No. 06-1509, 552 U.S. 421 (slip op. at 1) (2008).

(8) "Willfulness" is an element of any crime under 26 U.S.C. §§ 7201-07. That term has been defined in the context of criminal tax cases as "requir[ing] the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. 192, 201 (1991). See also United States v. Lavoie, 433 F.3d 95, 98 (1st Cir. 2005); United States v. Boulerice, 325 F.3d 75, 80 (1st Cir. 2003) ("The government need not present direct evidence of willfulness; rather, circumstantial evidence of willfulness can be sufficient to sustain a conviction."); United States v. Zanghi, 189 F.3d 71, 78 (1st Cir. 1999) ("Sole or exclusive intent to evade taxes is not required under § 7201."); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995). Mistake, negligence and gross negligence are not sufficient to meet the willfulness requirement of these tax crimes. Hogan, 861 F.2d at 316; United States v. Aitken, 755 F.2d 188, 191-93 (1st Cir. 1985). The government has the burden of "negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." Cheek, 498 U.S. at 202. The court need not include lack of good faith as a separate element of the offense. Id. at 201 (quoting United States v. Pomponio, 429 U.S. 10, 13 (1976) (per curiam)) ("We conclude[ ] that after instructing the jury on willfulness, '[a]n additional instruction on good faith was unnecessary.'"). A defendant has a valid good-faith defense "whether or not the claimed belief or misunderstanding is objectively reasonable." Id. at 202. See also Aitken, 755 F.2d at 190-92. However, philosophical objections to tax laws and beliefs that the tax statutes are unconstitutional are irrelevant to the issue of willfulness. United States v. Bonneau, 970 F.2d 929, 931-32 (1st Cir.1992) (citing Cheek, 498 U.S. at 206).

[ii] Without the benefit of a trial transcript, it is defendant's memory as to Ms. Hall's testimony.